A CERTIFIED TRUE COPY
ATTEST

By Denise Morgan-Stone on Dec 02, 2008

FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**Dec 02, 2008**

FILED
CLERK'S OFFICE

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: PROCESSED EGG PRODUCTS ANTITRUST
LITIGATION

MDL No. 2002

## TRANSFER ORDER

**Before the entire Panel**[*]: Plaintiff in the District of Minnesota action and plaintiff in one Eastern District of Pennsylvania action have moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation as follows: (1) plaintiff in the District of Minnesota action moves for centralization in the District of Minnesota; and (2) plaintiff in one Eastern District of Pennsylvania action moves for centralization in the Eastern District of Pennsylvania. Plaintiffs in two other actions pending in the Eastern District of Pennsylvania support centralization in the Eastern District of Pennsylvania. Responding defendants support centralization in the District of Minnesota or, alternatively, the Southern District of Indiana. Plaintiff in a potentially related action pending in the District of New Jersey supports centralization of only those actions relating to processed egg products in the District of Minnesota, and the moving District of Minnesota plaintiff now agrees that only actions relating to processed egg products, and not shell eggs, should be included in centralized proceedings.

This litigation currently consists of three actions listed on Schedule A and pending in two districts, two actions in the Eastern District of Pennsylvania, and one action in the District of Minnesota.[1]

On the basis of the papers filed and hearing session held, we find that all of the actions involve common questions of fact, and that centralization of all actions under Section 1407 in the Eastern District of Pennsylvania will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share factual questions relating to allegations that defendants conspired to fix, raise, maintain, and stabilize the price of eggs and/or processed egg products sold in the United States in violation of the Sherman Antitrust Act. Centralization under Section 1407 will eliminate duplicative discovery; prevent inconsistent pretrial rulings, especially with respect to class certification; and conserve the resources of the parties, their

---

[*] Judge Vratil did not participate in the disposition of this matter.

[1] The Panel has been notified that sixteen additional related actions have been filed: twelve actions in the Eastern District of Pennsylvania, three actions in the District of Minnesota, and one action in the District of New Jersey. These actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

-2-

counsel and the judiciary.

Plaintiffs opposed to the centralization of all actions in this docket argue, *inter alia*, that (1) the actions relating to shell eggs involve a separate product and a separate conspiracy involving supply reduction, rather than market allocation; (2) the actions relating to shell eggs focus on a variety of alleged acts by a trade association that are unrelated to the processed egg products actions; and (3) among the defendants in the shell eggs actions are companies that only produce shell eggs. Based upon the Panel's precedents and for the following reasons, we respectfully disagree with these arguments. A complete identity of the parties is not required for centralization under Section 1407, and the alleged conspiratorial conduct includes many vertically integrated egg producers and processors. Moreover, it has been stated that the Eastern District of Pennsylvania plaintiffs plan on incorporating many of the allegations made in the processed egg products actions within their forthcoming consolidated amended complaint.

Either the District of Minnesota or the Eastern District of Pennsylvania could have been appropriate transferee courts. We are persuaded, however, that the Eastern District of Pennsylvania is the better forum for this litigation. Fourteen actions are now pending in this district, including the broadest actions. Judge Gene Pratter is willing to handle the matter and her docket conditions will allow her to devote the necessary attention to the case.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the action listed on Schedule A and pending outside the Eastern District of Pennsylvania is transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Gene E. K. Pratter for coordinated or consolidated pretrial proceedings with the actions pending there.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

J. Frederick Motz            Robert L. Miller, Jr.
Kathryn H. Vratil[*]         David R. Hansen
W. Royal Furgeson, Jr.

**IN RE: PROCESSED EGG PRODUCTS ANTITRUST LITIGATION**   MDL No. 2002

## SCHEDULE A

<u>District of Minnesota</u>

ZaZa, Inc. v. Golden Oval Eggs, LLC, et al., C.A. No. 0:08-5262

<u>Eastern District of Pennsylvania</u>

T.K. Ribbing's Family Restaurant v. United Egg Producers, Inc., et al., C.A. No. 2:08-4653
Somerset Industries, Inc. v. Cal-Maine Foods, Inc., et al., C.A. No. 5:08-4676