**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: PROCESSED EGG PRODUCTS | : |
| ANTITRUST LITIGATION | : |
| | : MDL No. 2002 |
| | : 08-md-02002 |
| _____ | : |
| | : |
| THIS DOCUMENT APPLIES TO: | : |
| ALL ACTIONS | : |

**CASE MANAGEMENT ORDER NO. 1**

**AND NOW,** this 12th day of December 2008, following issuance of the Order of the

Judicial Panel on Multidistrict Litigation (Docket No. 1)**,** it is hereby **ORDERED** as follows:

1.      **APPLICABILITY OF ORDER**.

This Order, which in some (but not all) respects reaffirms material contained in prior orders

entered in Civil Action No. 08-4653 and related actions, shall govern the practice and procedure in

the actions transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant to its

order of December 2, 2008, all related actions originally filed in this Court or transferred or

removed to this Court, and any "tag-along" actions transferred to this Court by the Judicial Panel on

Multidistrict Litigation pursuant to Rule 12 of the Rules of Procedure of the Panel, subsequent to the

filing of the final transfer order by the Clerk of this Court or otherwise transferred or removed to

this Court ("this Litigation").  The current list of such cases is attached to this Order as "Schedule

A."  It is the obligation of Liaison Counsel to provide a copy of this Order to counsel in any

action(s) made part of this Litigation subsequent to the date of this Order.

A.      **NATURE OF THE LITIGATION**

This Litigation involves factual and legal claims that may implicate materially distinct

issues, and such distinctions may lead to modifications in this Case Management Order in the

future.  The Court also recognizes that this Litigation will present geographic, personnel, expense

and other operational challenges and concerns for the litigants and counsel.  Therefore, to the extent

practical and proper, the Court will encourage and entertain proposals from counsel throughout this

Litigation that will advance the causes of courtesy, efficiency and economy, as is appropriately in

keeping with concepts of fairness to all parties and a prompt resolution of all disputes.

B.      **INFORMATION TO BE SUBMITTED AND ORDERS TO BE**

        **INCORPORATED**

i.      Any party currently named in this Litigation who has not yet filed a

statement of affiliates as of the date of this Order shall do so on or before January 31, 2009.  Any

party who becomes a party to this Litigation thereafter shall file a statement of affiliates promptly

after joining this Litigation.  Submission of such a statement will not waive any contention

concerning service, jurisdiction or venue.

ii.     Pre-trial Order Nos. 1–8 in Civil Action No. 08-4653 (Docket Nos. 12, 23, 27, 33,

38, 39, 43, 44 on Civil Action No. 08-4653) and related actions are incorporated in this Litigation as

if entered herein directly, unless modified by this Order or any subsequent Order.

**2.      CONSOLIDATION**

The actions referenced in Paragraph 1 of this Order are CONSOLIDATED for certain

pretrial purposes only as set forth in this and any subsequent Order.

A.      **FUTURE ACTIONS**

Any "tag-along" action later filed in, removed to or transferred to this Court, or related cases

directly filed in the Eastern District of Pennsylvania, shall automatically be assigned to the

undersigned and be consolidated with this Litigation.

B.      **LIMITATIONS**

This consolidation does not constitute a determination that the actions referenced in

Paragraph 1 of this Order should or will be consolidated for trial, nor does it have the effect of

making any entity a party to any action in which he, she or it has not been named, served or added in

accordance with the Federal Rules of Civil Procedure.  This consolidation shall not preclude any

party from applying, by motion, to the Court for an amendment, adjustment or other curtailment of

this pre-trial consolidation in order to separate cases, claims, parties, or phases of the proceedings

for good cause shown.

**3.      GENERAL RESPONSIBILITIES OF COUNSEL**

Counsel are expected to familiarize themselves with the Manual for Complex Litigation,

Fourth ("MCL 4th"), so that they may suggest procedures that will facilitate the expeditious,

economical, and just resolution of this Litigation.  These procedures include, but are not limited to,

structure and timing of discovery plans, amendments of pleadings, pre-trial consideration of

substantive issues, communications, and the like.

**4.      STATUS REPORTS**

On the first Monday of every month (or the first business day thereafter in the event that the

first Monday is a national designated holiday), the parties, through Liaison Counsel, shall submit a

letter status report to the Court.  Such reports shall not be filed on the docket.  This report shall list,

inter alia, all pending motions, along with their current status, any discovery taken to date

subsequent to the immediate prior status report, to the extent known, upcoming scheduled

discovery, scheduling disputes requiring the Court's input or resolution, and other scheduled

activities related to this Litigation.  Except for good cause shown or with the Court's express authorization to do otherwise, a single status report shall be submitted on behalf of all plaintiffs and all defendants.  If counsel deem it more useful, the Court will consider receiving instead one status report submission for all plaintiffs and one status report submission for all defendants in this Litigation.

## 5.     LIAISON COUNSEL

Mr. Steven Asher, of Weinstein Kitchenoff & Asher, shall serve as Plaintiffs' Liaison Counsel, and Ms. Robin Sumner and Ms. Jan Levine, of Pepper Hamilton LLP, shall serve as Defense Liaison Counsel.

Liaison Counsel are to perform largely administrative functions.  For example, Liaison Counsel are authorized to receive orders and notices from the Court on behalf of all parties within their liaison group and shall be responsible for the preparation and transmittal of copies of such orders and notices to the parties in their liaison group and the performance of other tasks determined by the Court.  Liaison Counsel shall maintain complete files with copies of all documents served upon them in hard copy or electronic form. Liaison Counsel shall make such files available to parties within their liaison group upon request. Liaison Counsel are also authorized to receive orders and notices from the Judicial Panel on Multidistrict Litigation pursuant to Rule 5.2(e) of the Panel's Rules of Procedure or from the Court on behalf of all parties within their liaison group and shall be responsible for the preparation and transmittal of copies of such orders and notices to the parties in their liaison group.  The expenses incurred by Liaison Counsel in performing the liaison services shall be shared equally by all members of the liaison group in a manner agreeable to the parties or, in the event the parties cannot agree, shall be established by the Court.

**6.      PLAINTIFFS' INTERIM CO-LEAD COUNSEL**

**A.      DIRECT PURCHASERS' INTERIM CO-LEAD COUNSEL**

The following counsel have been appointed as Plaintiffs' Direct Purchasers Interim Co-Lead Counsel for the proposed class of direct purchaser plaintiffs ("Direct Purchasers Co-Lead Counsel"): Michael Hausfeld of Hausfeld LLP; Stanley D. Bernstein of Bernstein Liebhard & Lifshitz, LLP; Stephen Susman of Susman Godfrey LLP; and Steven Asher of Weinstein Kitchenoff & Asher, LLC.

This Interim Co-Lead Counsel appointment may be modified or reconsidered by the Court as this Litigation progresses, and all parties' counsel are instructed to notify the Court in writing if any issues arise that warrant such modification or reconsideration.  Interim Co-Lead Counsel shall perform their respective functions in accordance with their representations to the Court as set forth in Interim Co-Lead Counsel's Submission in Support of Permanent Appointment of Interim Leadership Structure  in Civil Action No. 08-4653 (Docket No. 26 in Civil Action No. 08-4653) and as discussed during hearings held on November 3 and November 17, 2008.  The Court also expects Interim Co-Lead Counsel to confer conscientiously with all other counsel representing any plaintiff in this Litigation.  Counsel shall pay particular attention to identifying issues that may distinguish varying interests between or among the various plaintiffs, and counsel shall articulate such distinguishing issues to the Court promptly.

The Direct Purchasers Co-Lead Counsel shall, at a minimum, have the following responsibilities:

i.     **DISCOVERY.**

The Direct Purchasers Co-Lead Counsel shall:

• Develop and propose to the Court schedules for the commencement, execution, and completion of all discovery on behalf of all plaintiffs;

• Initiate, coordinate, and conduct all pretrial discovery on behalf of plaintiffs in all actions which are consolidated with this Litigation;

• Cause to be issued in the name of all plaintiffs the necessary discovery requests, motions, and subpoenas pertaining to any witnesses and documents needed to properly prepare for the trial of relevant issues; and

• Conduct all discovery in a coordinated and consolidated manner on behalf of and for the benefit of all plaintiffs, in a fashion in keeping with practice guidelines to be established in subsequent discovery plans or orders of this Court.

ii.     **HEARINGS AND MEETINGS.**

The Direct Purchasers Co-Lead Counsel shall:

• Call meetings of plaintiffs' counsel for any appropriate purpose, including coordinating responses to questions of other parties or of the Court;

• Initiate proposals, suggestions, schedules, or joint briefs, and any other appropriate matter(s) pertaining to pretrial proceedings;

• Examine witnesses and introduce evidence at hearings on behalf of plaintiffs; and

• Communicate on behalf of all plaintiffs at pretrial proceedings and in response to any inquiries by the Court, subject to the right of any plaintiff's counsel to present nonrepetitive individual or different positions.

### iii.   **MISCELLANEOUS**

In addition, the Direct Purchasers Co-Lead Counsel  shall:

- File and argue any verbal or written motions presented to the Court on behalf of the Direct Purchasers and oppose when necessary any motions filed by any defendant or other parties which involve matters within the sphere of the responsibilities of Direct Purchasers Co-Lead Counsel;

- Negotiate and enter into stipulations with defendant(s) regarding this Litigation.  (All such stipulations must be submitted to the Court for approval, except for purely administrative details. Any attorney not in agreement with a non-administrative stipulation may file with the Court a written objection thereto within ten (10) days after he or she knows or reasonably should have become aware of the stipulation. Failure to timely object shall be deemed a waiver, and the stipulation shall be binding on that party);

- Explore, develop and pursue all settlement options pertaining to any claim, party or issue in any case filed in this Litigation;

- Maintain adequate files of all pretrial matters and have them available, under reasonable terms and conditions, for examination by plaintiffs or their attorneys;

- Prepare periodic status reports summarizing the Direct Purchasers Co-Lead Counsel's work and progress. These reports shall be submitted to the plaintiffs' liaison counsel, who will promptly distribute copies to the other plaintiffs' attorneys;

- Perform any task necessary and proper for the Direct Purchasers Co-Lead Counsel to accomplish their respective responsibilities as defined or authorized by the Court's orders; and

- Reimbursement for costs and/or fees for services will be set at a time and in a manner established by the Court after due notice to all counsel and after a hearing.

The Court's appointment of the Direct Purchasers Co-Lead Counsel in no way prevents or limits other attorneys from applying for long-term Lead Counsel status.  In the event that additional counsel seek appointment as Lead Counsel, they may address the issue in a motion to the Court.  The main criteria for such leadership will be willingness and availability to commit to a time-consuming project, ability to work cooperatively with others, and professional experience in this type of litigation.  Applications should succinctly address each of the above criteria and any other relevant matters, and should include a *curriculum vitae* and a statement of qualifications, as well as information concerning billing practices, expectation of extraordinary expense items such as computer installations, charges for routine overhead and the like.  Counsel shall include in their motions an explanation as to the functions to be performed by proposed co-lead counsel.  Only attorneys of record in this litigation may apply.

Objections may be made to the motion of any applicant. Objections must be in writing, must be succinct, and must be supported by necessary documentation. Any objection also must be served on the Court and all counsel appearing on Panel Attorney Service List (as defined in Section 8.A of this Order) on the day of filing.  Applicants may reply to any such objection lodged against them.

## B.    INDIRECT PURCHASER'S INTERIM LEAD COUNSEL

The Court may appoint separate interim lead counsel for indirect purchaser plaintiffs ("Indirect Purchasers Lead Counsel").  Such Indirect Purchasers Lead Counsel would undertake responsibilities similar to those outlined in Paragraph 6.A of this Order for the Direct Purchasers

Co-Lead Counsel. Any counsel seeking appointment as Lead Counsel may address the issue in a motion to the Court. Any pending motions to appoint separate interim lead counsel for indirect purchaser plaintiffs must be re-filed in the master docket, in accordance with Paragraph 8.B of this Order.

The main criteria for such leadership will be willingness and availability to commit to a time-consuming project, ability to work cooperatively with others, and professional experience in this type of litigation. Applications should succinctly address each of the above criteria and any other relevant matters, and should include a *curriculum vitae* and a statement of qualifications, as well as information concerning billing practices, expectation of extraordinary expense items such as computer installations, charges for routine overhead and the like. Counsel shall include in their motions an explanation as to the functions to be performed by proposed lead counsel. Only attorneys of record in this litigation may apply.

Objections may be made to the motion of any applicant. Objections must be in writing, must be succinct, and must be supported by necessary documentation. Any objection also must be served on the Court and all counsel appearing on Panel Attorney Service List (as defined in Paragraph 8.A of this Order) on the day of filing. Applicants may reply to any such objection lodged against them. The Court will hold a hearing pursuant to notice to rule upon any motion for appointment of Lead or Co-Lead Counsel for Indirect Purchasers.

7.      **DEFENSE INTERIM LEAD COUNSEL**

In the event that defendants determine that they would benefit from the appointment of lead counsel, one or more defendants may address the issue in a motion to the Court. The main criteria for such leadership will be willingness and availability to commit to a time-consuming project,

ability to work cooperatively with others, and professional experience in this type of litigation.

Applications should succinctly address each of the above criteria and any other relevant matters, and

should include a *curriculum vitae* and a statement of qualifications, as well as information

concerning billing practices, expectation of extraordinary expense items such as computer

installations, charges for routine overhead and the like.  Counsel shall include in their motions an

explanation as to the functions to be performed by proposed lead counsel.  Only attorneys of record

in this litigation may apply.

Objections may be made to the motion of any applicant. Objections must be in

writing, must be succinct, and must be supported by necessary documentation. Any objection also

must be served on the Court and all counsel appearing on  Panel Attorney Service List (as defined in

Paragraph 8.A of this Order) on the day of filing.  Applicants may reply to any such objection

lodged against them.

**8.      PROCEDURAL MATTERS**

Until abrogated or amended by subsequent order of this Court, the following procedures

shall govern in this matter:

A.      **SERVICE**

The parties shall present to the Court by January 12, 2009 a list of attorneys for purposes of

service ("Panel Attorney Service List").  The list shall include only one attorney for each party

separately represented.  An office address, email address, fax number and telephone number should

be included for each attorney on the list.  Any attorney who wishes to have his or her name added to

or deleted from the Panel Attorney Service List may do so by sending a letter to the Clerk of Court,

with notice to all other persons on the service list. Service shall be deemed sufficient if made upon

all attorneys on the Panel Attorney Service List.

B.      **EXTENSION AND STAY**

As discussed in Paragraph 9 of this Order, the Direct Purchasers Co-Lead Counsel will file a

Consolidated Complaint on behalf of the direct purchaser plaintiffs by January 30, 2009.  A

Consolidated Complaint on behalf of the indirect purchaser plaintiffs will be filed by a date to be

determined by the Court, after consultation with the parties.  The defendants are granted extensions

of time for responding by motion or answer to all complaints until April 2, 2009.  Pending further

orders of this Court, all outstanding discovery proceedings are stayed, and no further discovery shall

be initiated until authorized by the Court. Moreover, all pending motions must be re-filed in the

master docket case file and re-noticed for resolution.

C.      **MASTER DOCKET FILE**

The Clerk of Court will maintain a master docket case file styled "In re: Processed Egg

Products Antitrust Litigation" and the identification "MDL No. 2002." When a pleading is intended

to be applicable to all actions in this Litigation, this shall be indicated by the words: "This

Document Applies to All Actions." When a pleading is intended to apply to less than all cases, this

Court's docket number for each individual case to which the document relates shall appear

immediately after the words "This Document Relates To."

D.      **FILING**

Subsequent to the initial complaint, documents shall be filed with the Clerk of this Court and

not with the transferor court. All such pleadings shall be filed electronically through ECF. Counsel

shall take steps to be registered as electronic filers in the Eastern District of Pennsylvania and to

familiarize themselves with the Court's administrative procedures for filing as soon as practicable.

Unless otherwise provided by the Court, all entries are to be made on the master docket

sheet (2:08-md-02002-GP) with a notation listing the specific case(s) to which the document

applies.

If a pleading is intended to apply to less than all cases, an entry is to be made on the master

docket sheet (2:08-md-02002-GP) as well as on the docket for the individual case to which the

document applies.

There is one exception to the general provision that all entries are to be made on the master

docket: Answers and stipulations of one or more defendants, if applying to less than all cases,

should be entered only on the docket number for the individual case to which the document applies.

They need not be entered on the master docket.

All papers previously filed and served to date in any of the related litigation pending before

this Court are deemed part of the master docket, subject to the requirements of Paragraph 8.B of this

Order.

E.     **DOCKETING**

When an action that properly belongs as a part of this MDL is hereinafter filed in the Eastern

District of Pennsylvania or transferred here from another court, the Clerk of this Court shall:

i. File a copy of this Order in the separate file for such action;

ii. Make an appropriate entry on the master docket sheet;

iii. Mail the attorneys for the plaintiff in the newly filed or transferred case

a copy of this Order;

iv. Upon the first appearance of any new defendant, mail to the attorneys for

such defendant a copy of this Order.

F.     **APPEARANCES AND PRO HAC VICE ADMISSION**

Upon consideration of correspondence received from counsel, the following counsel are

admitted pro hac vice for this Litigation, as follows:

- Mr. Michael D. Hausfeld, Mr. Michael P. Lehman, and Mr. James J. Pizzirusso, all of Hausfeld LLP, are admitted pro hac vice for plaintiff T.K. Ribbings Family Restaurant

- Mr. Stanley Bernstein, Mr. Ronald Aranoff, Ms. Ann Lipton, and Ms. Dana Statsky Smith, all of Bernstein Liebhard & Lifshitz, LLP, are admitted pro hac vice for plaintiff Somerset Industries, Inc.

- Mr. Stephen D. Susman, Mr. Terrell W. Oxford, and Ms. Donna McNamara, all of Susman Godfrey, LLP, are admitted pro hac vice for plaintiff The Egg Store, Inc.

- Mr. Stephen Neuwirth and Mr. Sami Rashid, both of Quinn Emanuel Urquhart Oliver and Hedges LLP, are admitted pro hac vice for plaintiff Somerset Industries, Inc.

- Mr. Vincent J. Esades and Mr. Scott W. Carlson, both of Heins Mills & Olson, PLC, are admitted pro hac vice for plaintiff Country Foods

- Mr. John R. Malkinson, of Malkinson & Halpern, PC, is admitted pro hac vice for plaintiff Bemus Point Inn, Inc.

- Mr. Brian P. Brosnahan, of Kasowitz, Benson, Torres & Friedman LLP, is admitted pro hac vice for defendant NuCal Foods, Inc.

- Mr. Donald M. Barnes, Mr. Salvatore A. Romano, and Ms. Helen Kim, all of Porter Wright Morris & Arthur LLP, and Mr. Joseoph A. Miller, of Rose Acre Farms, Inc., are admitted pro hac vice for defendant Rose Acre Farms, Inc.

These counsel shall familiarize and comport themselves in accordance with the Pennsylvania Rules of Professional Conduct and the rules of this Court.

All counsel previously admitted pro hac vice in Civil Action No. 08-4653 are also admitted pro hac vice for this Litigation.

For the duration of this Litigation, all counsel who appeared in a transferor court prior to

transfer need not enter an additional appearance before this Court. Moreover, attorneys admitted to

practice and in good standing in any United States district court will be admitted pro hac vice in this

litigation, provided that they submit a letter to the Clerk of Court, with a copy submitted to the

Court via hand delivery, first class mail, or facsimile at (267) 299-5070, requesting pro hac vice

admission, stating that they are admitted to practice and in good standing in a United States district

court, and naming the particular district court(s) where they are in good standing.  The Clerk of

Court shall then admit the attorney(s) pro hac vice in this Litigation.  Attorneys must also state in

the letters that they will abide by the Pennsylvania Rules of Professional Conduct and the Rules of

this Court.  The requirements of Local Rules 83.2.6 and 83.2.7 are waived.  Association of local

counsel is welcomed but not required.

G.      **REMAND STIPULATIONS**

In the event a case is remanded, the parties shall furnish to the Clerk of Court a stipulation or

designation of the contents of the record and furnish all necessary copies of any pleadings filed, so

as to enable the transferee clerk to comply with the order of remand.

H.      **PRESERVATION OF MATERIALS**

The Court orders that the parties shall preserve evidence, and all parties and their counsel are

reminded of their duty under the Federal Rules of Civil Procedure to take reasonable measures to

preserve evidence that is potentially relevant to this Litigation, including all documents,

electronically stored information and things.  The parties shall submit a joint proposed preservation

order by January 9, 2009.  If unable to reach agreement by January 9, 2009, the parties shall present

their respective positions in motions to be filed by Liaison Counsel by January 16, 2009.

I.     **PROTECTIVE ORDER**

The parties shall file a joint proposed protective order governing the production of

confidential information and documents by January 16, 2009.  If unable to reach agreement by

January 16, 2009, the parties shall present their positions in motions, filed by Liaison Counsel by

January 20, 2009.  Any proposed order shall include the following language: "The Court retains the

right to allow disclosure of any subject covered by this protective order or to modify this order at

any time in the interests of justice."

J.     **POLICIES AND PROCEDURES**

Counsel are advised to review and follow Judge Pratter's General Pretrial and Trial

Procedures, unless modified by this or any other Order of the Court in this litigation.  These General

Pretrial and Trial Procedures are posted on http://www.paed.uscourts.gov.  Counsel may call

Chambers (267-299-7350) to request a hard copy of the Procedures Memorandum.

**9.     FILING OF ONE OR MORE CONSOLIDATED COMPLAINTS, ANSWERS
 AND/OR RESPONSES**

A.     Plaintiffs shall file any consolidated amended complaint(s) by January 30, 2009.

If any new parties are to be joined by plaintiffs in this Litigation, such joinder will be accomplished

in the consolidated amended complaint(s).

B.     Issues relating to the service of amended complaint(s) and/or consolidated

 amended complaint(s) will be addressed after the complaint(s) are filed.  As stated in Paragraph 8.B

of this Order, all prior deadlines for responding to Plaintiffs' complaints are hereby vacated, and

Defendants shall answer, plead or otherwise respond to Plaintiffs' consolidated amended

complaint(s) by April 2, 2009.

10.   **DISCOVERY**

A.   Self-executing discovery shall be stayed until further consideration in January

2009, although the parties should be currently considering such discovery to be supplied to them.

B.   Discovery issues will be addressed at a later date, but counsel should begin to

confer with each other as to potential relief from the limitations of Federal Rules of Civil Procedure

20 or 33, and, if so, to what extent.

C.   Counsel indicated during the conference held on November 3, 2008 that

Defendants may seek bifurcation of merits discovery and class discovery.  Defendants shall inquire

as to the Plaintiffs' position with respect to this issue, and the Court will consider this issue

promptly after a relevant motion is filed.  Counsel are advised to ask for the requested relief

concerning bifurcation, if at all, no later than June 1, 2009.

D.   The Court invites counsel's review of the sample e-discovery order

distributed to counsel at the conference held on November 3, 2008, and will issue an e-discovery

order as early as practicable.  Counsel's suggestions as to the sample order or other provisions shall

be addressed in one or more motions, to be filed by Liaison Counsel by January 4, 2009.

E.   In accordance with Federal Rule of Civil Procedure 5(d), discovery requests and

responses are not filed with the Clerk nor sent to the Court's Chambers, except when specifically

ordered by the Court or to the extent needed in connection with a motion.

F.   A discovery schedule and substantive discovery plan will be established by the

Court at a later date.

11.   **COMMUNICATION WITH THE COURT**

Unless otherwise ordered by this Court, all substantive communications with the Court shall

be submitted in writing to the Court, via hand delivery, first class mail, or facsimile at (267) 299-

5070, with copies to opposing counsel.

**12.   COMMUNICATION BETWEEN COUNSEL**

The Court recognizes that cooperation by and among plaintiffs' counsel and by and among

defense counsel is essential for the orderly and expeditious resolution of this Litigation. The

communication of information among and between plaintiffs' counsel and among and between

defense counsel shall not be deemed a waiver of the attorney-client privilege or the protection

afforded attorney work product, and cooperative efforts contemplated above shall not be used

against any plaintiff by any defendant or against any defendant by any plaintiff. Nothing contained

in this provision shall be construed to limit the rights of any party or counsel to assert the attorney-

client privilege or the attorney work product doctrine.

**13.   ADDITIONAL DEADLINES**

**A.   NOTICE REGARDING DIRECT PURCHASER RELATIONSHIPS**

Plaintiffs, through Liaison Counsel, will file a Notice Regarding Direct Purchaser

Relationships with Defendants by January 30, 2009, in which Plaintiffs will indicate whether any

named Plaintiff has or has had a direct purchase customer relationship with any Defendant(s), and if

so, with which Defendant(s).

**B.   NOTICE REGARDING ALLEGED APPLICABILITY OF ARBITRATION**
**CLAUSES AND INTENT TO FILE MOTION(S) RELATED THERETO**

Defendants indicated during the conference held on November 3, 2008 that they are aware of

certain contractual arbitration clauses which may affect this Litigation, but Defendants were not then

aware of whether such clauses apply to the named Plaintiffs.  On or before February 16, 2009, the

Defendants, through Liaison Counsel, shall file a Notice Regarding Alleged Applicability of

Arbitration Clauses and Intent to File Motion(s) Related Thereto, in which they will inform the

Court whether any arbitration clauses are applicable to any Plaintiff and whether any Defendant

intends to file a motion with respect to such clause.  Such motion will be required to be filed by

February 26, 2009.

C.   **NOTICE OF INTENT TO FILE COUNTERCLAIMS AND RAISE**

**JURISDICTIONAL ISSUES OR CHALLENGES**

Defendants, through Liaison Counsel, will file a Notice of Intent to File Counterclaims and

Raise Jurisdictional Issues or Challenges by March 19, 2009.  Counsel shall promptly inform the

Court in writing of any request for discovery as to a jurisdictional issue.  Motions under F.R.C.P.

12(b)(1) shall be presented separately from motions pursuant to F.R.C.P. 12(b)(6).

D.   **RESPONSE TO ANY DEFENSE PRELIMINARY MOTIONS**

Plaintiffs will file Responses to Defendants' preliminary motions by April 24, 2009.

E.   **REPLY TO RESPONSE TO DEFENSE PRELIMINARY MOTIONS**

Defendants will file Replies to Plaintiffs' Responses to Defendants' preliminary motions

 by May 8, 2009.

14.   **CLASS CERTIFICATION CONSIDERATION**

This issue will be addressed subsequently, with prior notice to counsel.

15.   **STATUS CONFERENCE**

The Court anticipates scheduling monthly status conferences with counsel.  Any counsel

who cannot be present in person will be able to participate in the conference via telephone.  Liaison

Counsel shall submit a joint written status report to the Court two business days prior to any

conference.  This submission of pre-status conference status reports does not modify the

requirements of Paragraph 4 of this Order.

The next Status Conference will be held on Tuesday, January 20, 2009 at 2:00 p.m. in

Chambers (Room 7614) before the Hon. Gene E.K. Pratter in the United States Courthouse, 601

Market Street, Philadelphia, PA 19106.  Counsel for any party in this Litigation may attend the

conference to raise any issue deemed by such counsel as appropriate to raise, but counsel shall make

a good faith effort to inform Liaison Counsel prior to the conference of the issue(s) proposed to be

raised at the conference.

It is so **ORDERED.**


BY THE COURT:



  /s/ Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

IN RE: PROCESSED EGG PRODUCTS       :
ANTITRUST LITIGATION                :
                                    :      MDL No. 2002
                                    :      08-md-02002
_____ :
                                    :
THIS DOCUMENT APPLIES TO:           :
ALL ACTIONS                         :

## SCHEDULE A

T.K. Ribbing's Family Restaurant v. United Egg Producers, Inc., et al., E.D.Pa. Civil Action No. 08-4653

Somerset Industries, Inc. v. Cal-Maine Foods, Inc., et al., E.D.Pa. Civil Action No. 08-4676

Bemus Point Inn, Inc. v. United Egg Producers, Inc., et al., E.D.Pa. Civil Action No. 08-4750

Nussbaum-SF, Inc. v. United Egg Producers, Inc., et al., E.D.Pa. Civil Action No. 08-4819

The Egg Store, Inc. v. United Egg Producers, Inc., et al., E.D.Pa. Civil Action No. 08-4880

Karetas Foods, Inc. v. Cal-Maine Foods, Inc., et al., E.D.Pa. Civil Action No. 08-4950

Brigiota's Farmland Produce and Garden Center, Inc. v. United Egg Producers, Inc., et al., E.D.Pa. Civil Action No. 08-4967

Country Foods v. Hilldale Farms of PA, Inc., et al., E.D.Pa. Civil Action No. 08-5078

Goldberg and Solovy Foods, Inc. v. United Egg Producers, Inc., et al., E.D.Pa. Civil Action No. 08-5166

Eby-Brown Company LLC v. United Egg Producers, Inc, et al., E.D.Pa. Civil Action No. 08-5167

Eggology, Inc. v. United Egg Producers, Inc., et al., E.D.Pa. Civil Action No. 08-5168

Julius Silvert, Inc. v. Golden Oval Eggs LLC, et al., E.D.Pa. Civil Action No. 08-5174

John A. Lisciandro v. United Egg Producers, Inc., et al., E.D.Pa. Civil Action No. 08-5202

Wixon, Inc. v. United Egg Producers, Inc., et al., E.D.Pa. Civil Action No. 08-5368

Thomas Williams, et al. v. United Egg Producers, Inc., et al., E.D.Pa. Civil Action No. 08-5431

ZaZa, Inc. v. Golden Oval Eggs LLC, et al., D.Minn. Civil Action No. 08-5262

Sensoryeffects Flavor Co. v. United Egg Producers, Inc., et al., D.Minn. Civil Action No. 08-5970

Adam Properties, Inc. v. Michael Foods, Inc., et al., D.Minn. Civil Action No. 08-6030

Sicilian Chefs, Inc. v. Michael Foods, Inc., et al., D.Minn. Civil Action No. 08-6036

Zeqiri Corp., d/b/a Marketplace Cafe v. Golden Oval Eggs LLC, et al., D.Minn. Civil Action No. 08-6239

Oasis Foods Co. v. Michael Foods, Inc., et al., D.N.J. Civil Action No. 08-5104