IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: PROCESSED EGG PRODUCTS
ANTITRUST LITIGATION

MDL No. 2002
08-md-02002

THIS DOCUMENT APPLIES TO:
ALL ACTIONS

## CASE MANAGEMENT ORDER NO. 6
## GOVERNING ELECTRONIC DISCOVERY

AND NOW, this 28th day of January, 2009, following review and consideration of submissions by the parties, it is **ORDERED** that the following standards shall apply until such time, if ever, the parties conduct e-discovery on a wholly consensual basis:

1. To the greatest extent feasible, this Order shall be interpreted and applied in a manner consistent and compatible with the Case Management Orders, any document preservation order(s), any protective order(s) or other discovery-related pre-trial orders entered in this litigation. Actual or perceived inconsistencies or incompatibilities between or among the operation of such orders shall be brought promptly to the Court's attention for resolution by the Court or by a Special Master who may be appointed by the Court pursuant to F.R.C.P. 53 for certain purposes in this litigation.

2. Except as specifically provided herein or hereafter, this Order shall apply equally and identically to all parties in all actions in 08-md-02002.

3. **Exchange of e-discovery materials.** Within 30 days from the date of this Order,

except that the Indirect Purchaser Plaintiffs and the Defendants sued by[1] Indirect Purchaser Plaintiffs shall have 21 days from the date(s) of filing of Consolidated Amended Complaint(s) by or on behalf of Indirect Purchaser Plaintiffs, the parties shall exchange the following information:

    a.     a list of the producing party's most likely custodians of relevant electronic materials, including each person's title and a brief description of such person's responsibilities (including dates of employment by the applicable producing party);

    b.     a list of each relevant electronic communication and/or ESI storage system(s) that has been in place for the producing party at any time from January 1, 2000 to December 31, 2008 and a general description of each system, including the dates of service, nature, scope, character, organization, and formats employed in each system;

    c.     other pertinent information about their electronically created and/or stored documents and whether those documents are subject to limited accessibility, that is, those created or used by electronic media no longer in use, maintained in redundant electronic storage media, or for which retrieval involves substantial cost and/or lengthy time periods or substantial dedication of labor;

    d.     whether a responding party contends that that party has or may have any potentially responsive ESI that is inaccessible or only of limited accessibility and, hence, not producible by that party. If a responding party does so contend, as to such ESI the responding

---

[1] This alternative date for the exchange of materials is available and applicable to Defendants only as to actions commenced by Indirect Purchaser Plaintiffs. Therefore, for example, a defendant who has been named in a Direct Purchaser suit shall comply as to such action(s) within the 30-day exchange period, but if that defendant is also named in an Indirect Purchaser suit, the defendant's exchange obligations as to such Indirect Purchaser suit(s) may - - but are not mandated to - - await operation of the 21-day period commencing with the filing of the applicable Indirect Purchaser Consolidated Amended Complaint(s).

party shall set forth:

    i.    the general nature of such information (e.g., correspondence, financial planning, budget, meeting minutes, etc.);

    ii.    the reason(s) why the information is considered inaccessible or of only limited accessibility;

    iii.    information sufficient to identify the type of back-up and disaster recovery media used and the number of backup tapes involved or, if applicable, the identity and version of applicable legacy software or systems, and when such software or systems achieved "legacy" status by the party;

    iv.    proposed capture and retrieval protocol necessary for identification and recovery of the information deemed inaccessible.

If the requesting party intends to seek discovery of such wholly or partially inaccessible ESI, the parties shall promptly either (1) reach an agreement as to how they will proceed with retrieval and production, or (2) notify the Court that the parties have a dispute regarding arguably or allegedly wholly or partially inaccessible electronic data and the Court will determine whether the issue(s) shall be referred to a Special Master for recommended resolution.

    e.    a general description, or at the responding party's option, a copy of a written rendition of the party's electronic document retention policies;

    f.    the name and contact information of the individual who shall serve as the party's "E-discovery Liaison," whose function is described in Paragraph 4 below.

    g.    a description of any problems reasonably anticipated to arise in connection with e-discovery.

4. **E-discovery Liaison.** The E-discovery Liaison is expected to promote communication and cooperation between the parties regardless of whether the E-discovery Liaison is an attorney (in-house or outside counsel), a third-party consultant, or an employee of the party. The E-discovery Liaison for a party must be:

   a. familiar with the party's electronic systems and capabilities in order to explain these systems and answer relevant questions about the system(s);

   b. knowledgeable about the technical aspects of e-discovery, including electronic document storage, organization, and format issues;

   c. prepared to participate in e-discovery dispute resolutions; and,

   d. responsible for organizing the party's e-discovery efforts to insure consistency and thoroughness and, generally, to facilitate the e-discovery process.

5. **Search Methodology.** If the parties intend to employ an electronic search to locate discoverable electronic documents, each party shall disclose to each other and to the Court, within 14 days of the expiration of the deadline(s) set in Paragraph 3 of this Order, any anticipated restrictions as to the scope and the method or other technological deficiencies or difficulties which might affect their ability to conduct a complete electronic search of the party's electronic documents. The parties shall reach agreement as to the method of searching, and the words, terms, and phrases to be searched with the assistance of the respective E-discovery Liaisons. The parties also shall reach agreement as to the timing and conditions of any additional searches which may become necessary in the normal course of discovery. To minimize the expense, the parties are obliged to endeavor to limit the scope of electronic searches (e.g., time frames, fields, document types) to such extent possible in keeping with reasonable discovery

4

demands and reasonable discovery efforts. The Court will resolve, or will refer to a Special Master for a recommendation of resolution, disagreements regarding search methods and terms upon a motion of the party requesting discovery, which motion(s) shall be filed no later than 42 days from the date the requesting party serves the applicable request for production on the responding party that prompts the dispute.

6. **Timing of e-discovery.** Discovery of electronic documents shall proceed in the following sequenced fashion:

    a. after receiving requests for document production, the receiving parties shall search their documents, other than those identified as limited accessibility or inaccessible electronic documents, and produce responsive electronic documents in accordance with Fed. R. Civ. P. 26(b)(2);

    b. electronic searches of documents identified as of limited accessibility shall not be conducted unless and until the initial electronic document search has been completed, unless the requesting party, for good cause shown, has demonstrated to the Court that searches of limited accessibility or inaccessible materials should not be delayed, and the Court may refer the matter to the Special Master contemplated by this Order;

    c. requests for information expected to be found in limited accessibility documents must be narrowly focused with an explanation for the request and, if the parties are unable to agree on a search of limited accessibility documents, the requesting party may file a motion with the Court to resolve the dispute (which dispute may be referred to the Special Master for a recommendation to the Court) and, while the party claiming the inaccessibility or limited accessibility shall have the burden to demonstrate inaccessibility and/or limited

accessibility, the requesting party bears the burden of demonstrating that the inaccessible or limited accessibility documents are reasonably likely to contain relevant information that is not reasonably obtainable elsewhere;

    d.    the Court may, in its discretion, order the requesting party to advance or to later pay all or part of the costs of restoring and searching limited accessibility or inaccessible documents where it appears that the likelihood of discovering relevant evidence from such documents is outweighed by the cost and burden of restoring and searching such documents or is otherwise in the interests of justice called for under the circumstances;

    e.    on-site inspections of electronic media under Fed. R. Civ. P. 34(b) shall not be permitted, absent exceptional circumstances where good cause and specific need have been demonstrated, unless such inspection(s) are requested or desired by the Special Master.

7.    **Format.**  If within 21 days of the date a discovery request is propounded, the parties cannot agree to the format and media for electronic document production, electronic documents shall be produced to the requesting party as image files (e.g., pdf or tif). The parties' obligations to preserve electronic information associated with imaged documents (e.g., metadata) are to preserve the integrity of the document's contents as in its original format and, where applicable, its revision history, provided that these obligations may be modified on a "going forward" basis as may be set forth in any subsequent order for preservation of documents and electronically stored information. After initial production in image file format is complete, a requesting party must demonstrate particularized need for production of electronic documents in their native format.

8.    **Retention.**  The parties shall preserve the integrity of all relevant electronic

information as required under the Federal Rules of Civil Procedure unless or until such other obligation is permitted or mandated in an order for preservation of documents and electronically stored information.

9.  **Privilege.**

(a)  If, in connection with the pending litigation, information subject to a claim of attorney-client privilege or attorney work product protection is disclosed ("Disclosed Protected Information"), the disclosure of the Disclosed Protected Information shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection that a party would otherwise be entitled to assert with respect to the Disclosed Protected Information and its subject matter;

(b)  A party may assert, in writing, the attorney-client privilege or work product protection with respect to Disclosed Protected Information. The receiving party shall, within five business days of receipt of that written assertion, return, sequester, or destroy all copies of the Disclosed Protected Information and provide a certification of counsel that all such Disclosed Protected Information has been returned, sequestered or destroyed;

(c)  Within five business days of the notification that such Disclosed Protected Information has been returned, sequestered or destroyed, the party claiming privilege shall produce a privilege log with respect to the Disclosed Protected Information;

(d)  The receiving party may move the Court for an order compelling production of the Disclosed Protected Information (a "Privilege Motion"). The Privilege Motion shall be filed under seal and shall not assert waiver as a ground for entering such an order based solely on the fact or circumstances of the production;

7

(e) The party claiming privilege retains the burden of establishing the privileged or protected nature of any Disclosed Protected Information. Nothing in this Paragraph shall limit the right of any party to petition the Court for an *in camera* review of the Disclosed Protected Information. Documents that are produced that contain privileged information or attorney work product (and all copies of such documents) shall be immediately returned if the documents appear privileged or appear to be attorney work produce on their face.

8. **Costs.** Generally, the costs of discovery shall be borne by each party. However, as set forth above, the Court may apportion the costs of electronic discovery upon a showing of good cause. In the event a Special Master is appointed to assist with electronic document discovery issues, the costs and fees associated with such Special Master will be apportioned among the parties by the Court.

BY THE COURT:

Gene E.K. Pratter
United States District Judge