IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: PROCESSED EGG PRODUCTS ANTITRUST LITIGATION | )<br>)<br>)<br>) MDL No. 2002 |
| THIS DOCUMENT RELATES TO:<br>All Actions | ) 08-md-02002<br>) |

## CASE MANAGEMENT ORDER NO. 10 (PROTECTIVE ORDER)

This Order applies to all actions transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant to its order of December 2, 2008, all related actions originally filed in this Court or transferred or removed to this Court, and any "tag-along" actions transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant to Rule 12 of the Rules of Procedure of the Panel, subsequent to the filing of the final transfer order by the Clerk of this Court or otherwise transferred or removed to this Court ("this Litigation").

To expedite the exchange of Discovery Material in this Litigation, to facilitate the prompt resolution of disputes over confidentiality, and to protect certain Discovery Material pursuant to the terms set forth below, it is, pursuant to this Court's authority under Fed. R. Civ. P. 26(c) and with the consent of the parties, it is hereby

**ORDERED:**

1. Definitions.

    (a) Party: a plaintiff or defendant in this Litigation, including the officers, directors and principals acting on behalf of a corporate Party. "Parties" shall mean any combination of plaintiffs or defendants in this Litigation, including the officers, directors and principals acting on behalf of corporate Parties.

(b) Discovery Material: all documents, items, or other information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this Litigation. This includes any material produced, filed, or served by any Party or person during discovery in this Litigation or any information included in any such material. Discovery Material may include, but is not limited to, deposition testimony and transcripts, answers to interrogatories, documents and tangible things produced by a Party or person (whether produced pursuant to Fed. R. Civ. P. 34, subpoena, or otherwise), and responses to requests for admission.

(c) "Confidential" Material: information (regardless of how generated, stored, or maintained), testimony, or tangible things obtained during discovery in this Litigation that the Designating Party or person believes in good faith contains confidential research, development, or commercial information, within the meaning of Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure, or personal information not generally disclosed to the public by such Party or person.

(d) "Highly Confidential" Material: information (regardless of how generated, stored, or maintained), testimony, or tangible things containing competitive or highly sensitive information such as, <u>inter alia</u>, (i) an individual's family, financial, medical or personnel records; (ii) current or currently prospective business plans, market analysis or internal strategy or proprietary planning processes; (iii) information regarding actual historical or projected sales volumes, actual or proposed customer contracts, pricing or similar competitively sensitive materials; (iv) material or information constituting a trade secret, within the meaning of

Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure, in the possession of such Party or person, including trade secrets of others; or (v) material or information in possession of a Party or person concerning which said Party or person has a written independent obligation of confidentiality to a third party or person.

(e) Receiving Party: a Party that receives Discovery Material from a Producing Party in this Litigation.

(f) Producing Party: a Party or non-party that produces Discovery Material in this Litigation.

(g) Designating Party: a Party or non-party that designates Discovery Material as "Confidential" or "Highly Confidential."

2. <u>Designating Documentary Discovery Material.</u> Any Party may designate Discovery Material as Confidential or Highly Confidential, and such material shall be treated in accordance with the provisions of this Protective Order, provided that materials are prepared in such a manner that they are marked prominently "Confidential" or "Highly Confidential" on each page of the document. If Discovery Material entitled to protection pursuant to this Order is included in written answers to discovery requests of any kind, the portions of such answers or responses that contain the Confidential or Highly Confidential Discovery Material shall be marked Confidential and/or Highly Confidential. To the extent a Party wishes or is required to file Confidential or Highly Confidential Discovery Material with the Court, the Party shall electronically file a redacted copy omitting the Confidential or Highly Confidential information and shall also serve an unredacted copy of the document on counsel of record. The filing Party

shall provide two unredacted courtesy copies to Judge Pratter per her Policies and Procedures. Local Rule 5.1.5 shall govern the filing of documents under seal in this Litigation.

3.  The designation of information as "Confidential" or "Highly Confidential" constitutes a representation by the Designating Party and such Party's counsel that such document, material or information has been reviewed and that the Designating Party and its counsel has a good faith basis for the designation.

4.  <u>Designating Confidential and Highly Confidential Discovery Material in Depositions</u>. Parties and deponents may, within thirty (30) days after receiving a transcript of a deposition, designate pages of the transcript (and exhibits thereto) as Confidential or Highly Confidential to the extent the Party or deponent believes the pages contain material or information entitled to protection (as defined in Paragraph 1 above). Such arguably Confidential or Highly Confidential information within the deposition transcript may be designated only by sending a letter indicating the page and line numbers of the deposition transcription that the Party or deponent designates as "Confidential" and/or "Highly Confidential" to counsel for the party taking the deposition and to the court reporter. Until the expiration of the 30-day period during which such designations may be made, the entire deposition will be treated as subject to protection as Highly Confidential under this Protective Order. If a designation is made, the Confidential and Highly Confidential portions and exhibits, if filed with the Court, shall be subject to the filing requirements set forth in Paragraph 2 above. If any depositions are videotaped or digitally recorded, those portions of the videotape or recording corresponding to portions of the deposition transcript designated as Confidential or Highly Confidential shall be afforded the same status.

5. <u>Use and Disclosure of Confidential or Highly Confidential Discovery Material.</u>

(a) Unless otherwise ordered by a court, administrative agency, or similar governmental or regulatory body of competent jurisdiction, Discovery Material designated as Confidential or Highly Confidential may be used only in connection with the prosecution or defense of claims in, or the settlement of, this Litigation.

(b) Limitations on Disclosure of Confidential Material: Confidential Discovery Material may be disclosed only:

(1) to Parties in this Litigation;

(2) to Parties' internal counsel, and their legal, investigative, technical, administrative and other support staff, engaged in the conduct of this Litigation;

(3) to Parties' external counsel and other plaintiffs' counsel who have entered an appearance in this Litigation, and their respective legal, investigative, technical, administrative and other support staff, engaged in the conduct of this Litigation on behalf of named Parties;

(4) to this Court, or any other court exercising jurisdiction with respect to the Litigation, any appellate court(s), court personnel, jurors, alternate jurors, and qualified persons (including necessary clerical personnel) recording, taking or transcribing testimony or argument at any deposition, hearing, trial or appeal in this Litigation;

(5) to any person designated by the Court upon such terms as the Court may deem proper;

(6) to any special master, mediator or arbitrator engaged by the parties or authorized by the Court for purposes of mediation, arbitration or other dispute resolution regarding issues arising in this Litigation;

(7) to agents, employees, or other representatives of the Parties or their counsel in connection with this Litigation;

(8) to outside consultants, investigators or experts utilized for the purpose of assisting counsel or testifying in this Litigation;

(9) to third-party contractors engaged in one or more aspects of copying, organizing, filing, coding, converting, storing, or retrieving data or designing programs for handling data connected with this Litigation, including the performance of such duties in relation to a computerized litigation support system, but only to the extent reasonably necessary to render such services, and provided that counsel shall expressly caution such contractors that the disclosure and use of Confidential Discovery Material except as provided in this Protective Order is prohibited and shall take reasonable precautions to prevent the unauthorized disclosure or use of Confidential Discovery Material by such contractors;

(10) to: (a) the person or entity that produced or originally created the Discovery Material; (b) any author, addressee or recipient of the material indicated on its face; or (c) any person or entity expressly mentioned, discussed or referred to by actual name in the material as indicated on its face, provided that such person or entity execute, in advance, a written undertaking in a form substantially in keeping with the terms of Exhibit A, attached hereto, acknowledging the obligation to be bound by this Confidentiality Order and agreeing to

refrain from dissemination or discussion of the confidential information outside the confines of the formalities of this Litigation, as more particularly set forth in Paragraph 5(b)(11) below;

(11) to a witness in the Litigation not otherwise authorized to view the Confidential Information in question, during that witness's testimony at a deposition, hearing, or trial in the Litigation, provided that: (a) the examiner of the witness has a good faith belief that the witness is likely to have knowledge of the subject matter of the Confidential Discovery Material; and (b) the witness executes, in advance, a written undertaking substantially in the form of Exhibit A, attached hereto, acknowledging that this Protective Order forbids him or her to disclose the Confidential Information except as permitted under this Protective Order, that he or she is subject to the Court's jurisdiction for the purposes of enforcing this Protective Order and the witness is not permitted to possess or retain copies of such Confidential Discovery Material.

(12) to any other person agreed to in writing by the Designating Party, which agreement shall not be unreasonably withheld.

(c) Limitations on Disclosure of Highly Confidential Discovery Material: Except as provided in this Protective Order, Highly Confidential Discovery Material may be disclosed only to those persons described in subparagraphs (3), (4), (5), (6), (8), (9), (10), (11) and (12) of subparagraph 5(b) and any natural person who is a current or former employee of the Producing or Designating Party and who: (i) was an author, addressee or recipient of the Highly Confidential Information sought to be disclosed to that person or (ii) is expressly by name mentioned, discussed or referred to in the material sought to be disclosed to that person, provided

that such current or former employee executes a written undertaking as described in Paragraph 5(b)(11).

(d) Undertaking: Before disclosure of any Confidential or Highly Confidential Discovery Material is made to any Party or person described in:

(i) subparagraphs (6), (8), (10) and (11) of subparagraph 5(b); or

(ii) subparagraph 5(b)(7), if such Party or person is not employed by the Producing or Designating Party or is not otherwise authorized to view Confidential or Highly Confidential Discovery Material under the other provisions of subparagraphs 5(b) or 5(c); or

(iii) subparagraph (1) (to the extent the person is not a current employee of the producing party) and (2) of subparagraph 5(c),

such Party or person shall sign an undertaking substantially in the form of Exhibit A, attached hereto, certifying:

(1) that the signatory has read, understands, and will abide by the terms of this Protective Order,

(2) that the signatory will not disclose the Confidential or Highly Confidential Discovery Material, or the Confidential or Highly Confidential information contained therein, to any person not authorized by this Protective Order to receive disclosure, or use such document or material for any purpose other than the conduct of this Litigation; and

(3) that the signatory consents to the jurisdiction of the United States District Court for the Eastern District of Pennsylvania for any action to enforce the provisions of such undertaking.

The undertakings so obtained shall be deemed work product, and counsel for the Party who obtains them shall retain them during the course of this Litigation. In the event that any Party or person listed in subparagraph 5(d) refuses to sign such undertaking, counsel seeking to disclose the Confidential or Highly Confidential Discovery Material may seek advance written permission from the Designating Party, or from the Court, to disclose such material to such person upon good cause shown for such disclosure.

6. <u>Challenging Designations of Confidential or Highly Confidential Discovery Material.</u>

(a) Application to strike designation: Any Party (the "Challenging Party") challenging another Party's or person's designation of Discovery Material as Confidential or Highly Confidential may make, in the manner prescribed by the Federal Rules of Civil Procedure and the Local Rules, a motion or other appropriate application to the Court to strike the designation at any time up to the commencement of the trial of the Litigation. The Challenging Party shall provide written notice to the Designating Party, identifying the Confidential or Highly Confidential Discovery Material whose designation it challenges and setting forth the basis for the challenge. Within 14 days of its receipt of written notice of the challenge to its designation, the Designating Party shall meet and confer with the Challenging Party and these parties shall make a good faith effort to resolve any dispute concerning the designation by agreement or stipulation. Failing such agreement or stipulation, the Challenging Party's motion or application regarding the challenged material shall identify with specificity the Confidential or Highly Confidential Discovery Material that is the subject of the motion, but shall not disclose or reveal the contents of that material except in the manner prescribed by Paragraph 2 of this Protective

Order. If such a motion or application is made, all Discovery Material so designated shall maintain Confidential or Highly Confidential status pending a determination by the court as to its appropriate status.

(b) The Designating Party retains the burden of establishing its designation of Confidential or Highly Confidential Discovery Material. Nothing in this paragraph shall limit the right of any Party to petition the Court for an *in camera* review of the Discovery Material at issue.

(c) A person not a Party in this Litigation may challenge a designation at any time by way of the same procedure set forth in paragraph 6(a) above, but such person will have the burden of persuading the Court to remove such designation or to permit disclosure to such person.

7. <u>Inadvertent Failure to Designate.</u>

(a) Except as provided in this paragraph, following a Party's production or dissemination of Discovery Material, the inadvertent failure to designate particular Discovery Material as "Confidential" or "Highly Confidential" at the time of production shall not operate to waive a Party's or person's right to later designate such Discovery Material as Confidential or Highly Confidential, provided that, at the time of making the later designation, the Designating Party provides to the Receiving Party a replacement copy of the Discovery Material which is properly marked "Confidential" or "Highly Confidential" in accordance with Paragraph 2 of this Protective Order. No Party shall be deemed to have violated this Protective Order if, prior to notification of any later designation, such Discovery Material has been disclosed or used in a manner inconsistent with the later designation. Once such a designation has been made, the

relevant documents or materials shall be treated as Confidential or Highly Confidential in accordance with this Protective Order; provided, however, that if the Discovery Material that was inadvertently not designated is, at the time of the later designation, filed with a court on the public record, the Party or person that failed to make the designation shall move for appropriate relief. If an inadvertently omitted Confidential or Highly Confidential designation is first claimed during the course of a deposition, hearing, or other court proceeding, the subject Discovery Material may be used throughout the deposition, hearing, or proceeding as though no designation had been made, but shall be treated as though such designation had been made immediately thereafter.

8. <u>Privileged Material.</u>

(a) If, in connection with the pending litigation, information subject to a claim of attorney-client privilege or attorney work product protection is disclosed ("Disclosed Protected Information"), the disclosure of the Disclosed Protected Information shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection that a Party would otherwise be entitled to assert with respect to the Disclosed Protected Information and its subject matter.

(b) A Party may assert, in writing, the attorney-client privilege or work product protection with respect to Disclosed Protected Information. The Receiving Party shall, within 5 business days of receipt of that writing, return, sequester or destroy all copies of the Disclosed Protected Information and provide a certification of counsel that all such Disclosed Protected Information has been returned, sequestered or destroyed.

(c)     Within five business days of the notification that such Disclosed Protected Information has been returned, sequestered or destroyed, the Party claiming privilege shall produce a privilege log with respect to the Disclosed Protected Information setting forth all of the information required under Rule 26(b)(5)(A)(ii) of the Federal Rules of Civil Procedure.

(d)     The Receiving Party may move the Court for an order compelling production of the Disclosed Protected Information (a "Privilege Motion"). The Privilege Motion shall be filed under seal and shall not assert as a ground for entering such an order the fact or circumstances of the production.

(e)     The Party claiming privilege retains the burden of establishing the privileged or protected nature of any Disclosed Protected Information. Nothing in this paragraph shall limit the right of any Party to petition the Court for an *in camera* review of the Disclosed Protected Information. Documents that are produced that contain privileged information or attorney work product shall be immediately returned if the documents appear privileged on their face. All copies shall be returned or destroyed by the Receiving Party.

9.      <u>Confidential or Highly Confidential Documents and Materials at Hearing or Trial</u>. Disputes arising as to the use of Confidential or Highly Confidential Discovery Material or information at trial or hearings will be resolved by the Court prior to the disclosure of such materials. In addition, no fewer than thirty (30) days before the date upon which the parties are directed to submit a Joint Pretrial Order in this Litigation, the parties shall meet and confer to negotiate a proposal for Court approval addressing the treatment of material previously designated Confidential or Highly Confidential at trial. To the extent the parties fail to agree on

a proposal addressing the use of such material at trial, they may submit alternative proposals to the Court for resolution.

10. <u>Further Requests for Production</u>. If, at any time, any Confidential or Highly Confidential Discovery Material in the possession, custody or control of any person or Party other than the Designating Party that designated such Confidential or Highly Confidential documents or materials is subpoenaed or requested by any court, administrative agency, legislative body or other person or entity, the person or Party to whom the subpoena or request is directed shall provide prompt written notice to the original Designating Party. The person or Party to whom the subpoena or request is directed shall not take any position concerning the propriety of such request or subpoena or the discoverability of the information sought that is adverse to the Designating Party should the Designating Party oppose the request for production of such documents or materials. Other than the obligation to comply with these requirements, this Protective Order is not intended to affect a Party's obligation to respond to such a subpoena or request.

11. <u>Miscellaneous</u>.

(a) By this Protective Order, no Party hereto shall be deemed to have waived its right to assert that any particular document should or should not be accorded Confidential or Highly Confidential treatment. The parties intend that this Protective Order shall be consistent with the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and any applicable Local Rules. For purposes of computing any period of time under this Protective Order, the provisions of Fed. R. Civ. P. 6 and the Local Rules of the Court shall apply. This Protective Order may be executed in counterparts.

-13-

(b) This Protective Order does not address, limit, or determine the relevance, discoverability or admission into evidence of any document. The Parties do not waive any objections as to the production, discoverability, or confidentiality of documents.

12. Termination. The provisions of this Protective Order shall continue to be binding after final termination of this Litigation. Within one hundred and twenty (120) days after final conclusion of all aspects of this Litigation, including any appeals, any Party and all persons who received (or tendered to any other person) documents or materials designated for Confidential or Highly Confidential treatment (or any copy thereof) must, at the option of the Producing Party, (i) return such documents and materials to the Producing Party or (ii) certify in writing to counsel to the Producing Party that the Receiving Party or such person(s) has destroyed those documents and materials and the portions of all other material containing such Confidential or Highly Confidential information. The costs of return of the documents and materials to the Producing Party shall be borne by the Producing Party. The costs of destruction of the documents and materials shall be borne by the Receiving Party. The costs associated with providing the aforementioned certification shall be borne by the certifying person(s), but it shall be the obligation of counsel for the Receiving Party to admonish any such person making such certification with respect to the seriousness of the obligation. Notwithstanding these provisions, counsel shall be permitted to retain copies of court filings, papers served in connection with this Litigation, transcripts (including deposition transcripts), exhibits and work product containing or reflecting Confidential or Highly Confidential documents or materials.

13. Modification Permitted. Nothing herein shall prejudice the right of the Parties to stipulate (subject to Court approval) or to move to amend or modify this Protective Order in the

interest of justice. The Court retains the right to allow disclosure of any subject covered by this Protective Order or to modify this Protective Order at any time in the interests of justice.

14. <u>Additional Parties</u>. The terms of this Protective Order shall be binding upon all current and future Parties to this Litigation and their counsel. Following entry of this Protective Order:

(a) within ten (10) days of (i) the entry of an appearance by a new plaintiff or absent class member that elects to appear or to intervene in this Litigation, or (ii) the transfer of a complaint that arises out of the same operative facts alleged in the Consolidated Amended Complaint, plaintiffs' Liaison Counsel shall serve a copy of this Protective Order on counsel for any new plaintiff or absent class member;

(b) within ten (10) days of (i) the entry of an appearance by a new defendant or third-party defendant in the Litigation, or (ii) the transfer of a complaint that arises out of the same operative facts alleged in the Consolidated Amended Complaint, defendants' Liaison Counsel shall serve a copy of this Protective Order on counsel for any new defendant or third-party defendant.

15. A party may challenge, pursuant to Paragraph 6 of this Protective Order any designation of documents that (a) were, are or become public knowledge not in violation of this Order; or (b) were or are discovered independently by the Receiving Party.

16. <u>Application to Non-Parties and Absent Class Members.</u>

(a) Protection for Confidential Discovery Material Produced By Non-Parties And Absent Class Members: Any non-party or absent class member producing Discovery Material or giving deposition testimony in this Litigation may avail herself, himself or itself of

the Confidential and Highly Confidential treatment provided for in this Protective Order for her, his or its testimony and Discovery Material by following the procedures provided herein. All counsel in this Litigation shall have the obligation to inform any non-party who expresses concern or makes inquiry that pertains to issues addressed by this Protective Order of this Protective Order and, if requested, to provide a copy of this Order to such person. This Protective Order shall be binding upon such non-parties or absent class members unless they object, in writing to counsel for a Party and/or to the Court, to its terms within ten (10) days of service upon them of this Protective Order.

(b) Disclosure of Confidential or Highly Confidential Discovery Material to Absent Class Members: Confidential or Highly Confidential Discovery Material may not be disclosed to absent class members who have not intervened or otherwise appeared in this Litigation, except under the circumstances described in Paragraph 5 of this Protective Order. If, however, Confidential or Highly Confidential Discovery Material is contained in a filing with the Court pursuant to Paragraph 2 of this Protective Order, such filing may be disclosed to counsel for the absent class member (or the absent class member if not represented), provided that such counsel, if any, and the absent class member execute the undertaking provided for in subparagraph 5(d) of this Protective Order.

Dated: 2/12/, 2009

BY THE COURT:

_____
Gene E.K. Pratter
*United States District Judge*

-16-

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: PROCESSED EGG PRODUCTS ANTITRUST LITIGATION | ) ) ) |
| THIS DOCUMENT RELATES TO: All Actions | ) MDL No. 2002 ) 08-md-02002 ) ) |

**ACKNOWLEDGEMENT AND CONSENT**

I hereby certify that: (i) I have read the Protective Order Governing Confidential Discovery Material (the "Protective Order") that has been entered by the Court in this Litigation, and I understand its terms; (ii) I understand that Discovery Material designated as Confidential or Highly Confidential under the Protective Order is being provided to me pursuant to the terms of the Protective Order; (iii) I agree to be fully bound by the provisions of the Protective Order, including its provisions restricting disclosure of material designated as Confidential or Highly Confidential under the Protective Order and limiting the use of such material to the conduct of this Action; (iv) I hereby submit to the jurisdiction of the United States District Court for the Eastern District of Pennsylvania for purposes of enforcement of the Protective Order.

Dated: _____

Signature: _____

Printed Name: _____