UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE:  PROCESSED EGG PRODUCTS | : | |
| ANTITRUST LITIGATION | : | MDL No. 2002 |
| _____ | : | 08-md-02002 |
| | : | |
| THIS DOCUMENT APPLIES TO: | : | |
| All Direct Purchaser Actions | : | |

**PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT
BETWEEN PLAINTIFFS AND SPARBOE FARMS, INC.
AND
PRELIMINARY CERTIFICATION OF CLASS ACTION
FOR PURPOSES OF SETTLEMENT**

Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, Plaintiffs move the Court to: (1) preliminarily approve the settlement between Plaintiff Class Representatives ("Plaintiffs") and defendant Sparboe Farms, Inc. ("Sparboe") on the terms and conditions set forth in the Settlement Agreement Between Plaintiffs and Sparboe Farms, Inc. ("Settlement" or "Settlement Agreement"), submitted concurrently herewith; and (2) preliminarily certify a class for purposes of the Settlement.

This motion is based on the Memorandum of Law in Support and Declaration of Michael D. Hausfeld, submitted herewith, and made on the following grounds:

1. The Settlement falls within the range of possible approval and is "sufficiently fair, reasonable and adequate to justify notice to those affected and an opportunity to be heard," the legal standard for preliminary approval of a class action settlement. *See In re Auto. Refinishing Paint Antitrust Litig.,* 2004 WL 1068807, at *1 (E.D.Pa. May 11, 2004) [citation omitted].

2. The Settlement is the result of over four months of extensive arm's-length negotiations by experienced antitrust and class action lawyers. *See In re Auto. Refinishing Paint Antitrust Litig.*, 2004 WL 1068807 at *1 [citations omitted]; *Thomas v. NCO Financial Sys.*, 2002 WL 1773035 at *5 (E.D. Pa. July 31, 2002).

3. The expense and uncertainty of continued litigation against Sparboe and the likelihood of appeal militates strongly in favor of approval. *See In re Linerboard Antitrust Litig.*, 292 F.Supp.2d 631, 638 (E.D. Pa. 2003); *See In re Reneron End-Payor Antitrust Litig.*, 2005 WL 2230314 at *17 (D.N.J. Sept. 13, 2005).

4. Plaintiffs' Counsel believe that Sparboe's agreement to cooperate, as described in the Settlement Agreement, will greatly assist in pursuing the claims against

the other Defendants.  *See In re Ikon Office Supplies Inc. Securities Litig.*, 194 F.R.D. 166 (E.D. Pa. 2000).

5. The Settlement Class, as defined in the Settlement Agreement, meets the requirements of Rule 23(a) and Rule 23(b)(3).  Fed. R. Civ. P. 23(a) and Fed. R. Civ. P. 23(b)(3).

WHEREFORE, Plaintiffs respectfully request that the Court grant the motion and enter the Proposed Order Preliminarily Approving Class Action Settlement and Related Matters, attached as Exhibit B.

Dated: June 22, 2009                                  Respectfully submitted,

/s/ Steven A. Asher
Steven A. Asher
**WEINSTEIN KITCHENOFF & ASHER LLC**
1845 Walnut Street, Suite 1100
Philadelphia, PA 19103
(215) 545-7200
(215) 545-6536 (fax)
asher@wka-law.com

*Interim Co-Lead Counsel and Liaison Counsel for Direct Purchaser Plaintiffs*

Michael D. Hausfeld
**HAUSFELD LLP**
1700 K Street NW
Suite 650
Washington, DC 20006
(202) 540-7200
(202) 540-7201 (fax)
mhausfeld@hausfeldllp.com

*Interim Co-Lead Counsel for Direct Purchaser Plaintiffs*

Stanley D. Bernstein
**BERNSTEIN LIEBHARD LLP**
10 East 40th Street, 22nd Floor
New York, New York 10016
(212) 779-1414
(212) 779-3218 (fax)
bernstein@bernlieb.com

*Interim Co-Lead Counsel for Direct Purchaser Plaintiffs*

Stephen D. Susman
**SUSMAN GODFREY LLP**
654 Madison Avenue, 5th Floor
New York, NY 10065-8404
212-336-8330
212- 336-8340 (fax)
SSusman@SusmanGodfrey.com

*Interim Co-Lead Counsel for Direct Purchaser Plaintiffs*