appellate review is sought, and on such review, such final judgment is not affirmed, then Sparboe Farms and Plaintiffs shall each, in their sole discretion, have the option to rescind this Agreement in its entirety.

21. In the event of rescission, if final approval of this Agreement is not obtained, or if the Court does not enter the final judgment provided for in Paragraph 15 of this Agreement, Class Counsel agrees that this Settlement Agreement, including its exhibits, and any and all negotiations, documents, information and discussions associated with it shall be without prejudice to the rights of Sparboe Farms, shall not be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing, or of the truth of any of the claims or allegations made in this Action in any pleading, and shall not be used directly or indirectly, in any way, whether in this Action or in any other proceeding except as otherwise subsequently and independently obtained by Class Counsel pursuant to the Federal Rules of Civil Procedure.

22. Class Counsel further agrees that, in the event of rescission, the originals and all copies of documents provided by or on behalf of Sparboe Farms pursuant to this Agreement, together with all documents and electronically stored information containing information provided by Sparboe Farms, including but not limited to, notes, memos, records, interviews, shall be returned or produced to Sparboe Farms, provided that attorney notes or memoranda may be destroyed rather than produced if an affidavit of such destruction is promptly provided to Sparboe Farms through its counsel.

**Cooperation Agreement**

23. Following the Execution Date of this Agreement, and continuing through the conclusion of this litigation, Sparboe Farms will provide Plaintiffs with such cooperation as may

11

be reasonably requested by Class Counsel for the prosecution of the pending action or any other released claims pursuant to Paragraphs 17 and 18 related to Shell Eggs or Processed Egg Products. Prior to preliminary approval of the Settlement Agreement, such cooperation shall include, but shall not be limited to: making documents related to the claims asserted in this action available for review and making witnesses with knowledge related to the claims asserted in this action available for informal interviews and, as necessary, consultation with Plaintiffs' Counsel as Class Counsel might reasonably request. In addition, within five (5) business days of the Court's grant of preliminary approval of this Settlement Agreement, or as soon as practicable thereafter, Sparboe Farms shall continue to cooperate with Class Counsel, including but not limited to producing documents related to the claims asserted in this action and by making witnesses available at an appropriate time to testify at depositions and at trial, subject to the limitations agreed upon below. Sparboe Farms agrees to provide discovery to Plaintiffs in the pending Action as if Sparboe Farms were a party subject to all rules for discovery. Sparboe Farms has no obligation to cooperate with respect to any Excepted Claims.

Further:

>   (a) With respect to witnesses, if requested in good faith by Class Counsel, Sparboe Farms agrees to use its best efforts to produce interviewees, at a location to be chosen by Sparboe Farms, who are current or former directors, officers, or employees of Sparboe Farms for deposition at the time discovery in this Action commences subject to the limitations imposed by the Federal Rules of Civil Procedure or by any additional limitations imposed by any order or stipulation in this Action governing the depositions of any Non-Settling Defendant, and make those persons available for trial testimony, if requested in good faith by Plaintiffs'

Counsel. Should it be reasonably necessary, and if requested in good faith by Class Counsel, Sparboe Farms shall also make witnesses, including corporate designees, available to testify at deposition and trial, for the prosecution of the pending Action or any other action related to Shell Eggs and Processed Egg Products (except for the Excepted Claims) to which this Settlement Agreement applies to release the claims asserted therein, which testimony may pertain to knowledge of and/or participation by Sparboe Farms, including but not limited to its officers, directors and employees, regarding present and future claims asserted in the pending Action or any other actions related to Shell Eggs or Processed Egg Products, except for the Excepted Claims to which this Settlement Agreement applies to release the claims asserted therein. Notwithstanding anything in this Paragraph, the cooperation of individuals shall be subject to their individual rights and obligations.

(b)     With regard to documents and electronic data, Sparboe Farms will produce, at a location of its choosing, pursuant to and subject to the limitations imposed by Rule 30(b)(6) and the other Federal Rules of Civil Procedure as well as any additional limitation imposed by order or stipulation in this Action governing the authentication of documents or corporate representative testimony related to any Non-Settling Defendant, a corporate representative sufficiently qualified to authenticate and make admissible under the applicable rules of evidence, as well as under the rules of any state, all Sparboe Farms documents and electronic data as may in good faith be requested by Plaintiffs' Counsel in the

pending Action related to Shell Eggs or Processed Egg Products, except for the Excepted Claims.

24. Plaintiffs, Class Counsel and Plaintiffs' Counsel agree not to assert that Sparboe Farms waived its attorney-client privilege, work product immunity or any other privilege or protection with respect to information or documents provided or identified to Class Counsel or Plaintiffs' Counsel pursuant to this Agreement. Nor should anything in this Agreement be construed as a waiver of any such privilege, immunity or protection.

## Confidentiality and Non-Use of Information and Documents

25. Should the Settling Parties be required to submit any information or documentation to the Court to obtain preliminary approval, such submission shall be, to the full extent permitted, for review by the court in camera only. All information and documents provided by Sparboe Farms to Class Counsel shall be subject to the protective order entered in this action, and any documents or electronically stored information designated as "Confidential" or "Attorneys Eyes Only" by Sparboe Farms shall have the same equivalent protection under the protective order.

26. Class Counsel agree to use any and all of the information obtained from Sparboe farms only for the purpose of this litigation, and agrees to be bound by the terms of the protective order described above in Paragraph 25. Any Plaintiffs' Counsel who receives information or documents produced in accordance with this Agreement agrees to be bound by all of the terms of this Agreement. Notwithstanding the foregoing, or the terms of the protective order, Class Counsel agree, unless ordered by a court and consistent with due process, that under no circumstances will information or documents be shared with any person, counsel, Class Counsel or Plaintiffs' Counsel who is also (i) counsel for any plaintiff in any other foreign, state or

federal action against one or more of the Releasees or Non-Settling Defendants, (ii) counsel for any plaintiff or Class Member who elects to opt out of the proposed litigation class upon Plaintiffs' motion for class certification or who elects to opt out of the proposed class for settlement purposes under this Agreement, (iii) any counsel representing or advising indirect purchasers of Shell Eggs or Processed Eggs, or (iv) any counsel representing or advising direct or indirect purchasers of "specialty" shell egg or egg products (such as "organic," "free range," or "cage free") and purchasers of hatching eggs (used by poultry breeders or produce breeder stock or growing stock for laying hens or meat).

**Notice of Settlement to Class Members**

27. Class Counsel shall take all necessary and appropriate steps to ensure that notice of this Settlement Agreement and the date of the hearing scheduled by the Court to consider the fairness, adequacy and reasonableness of this Settlement Agreement is provided in accordance with the Federal Rules of Civil Procedure and Court order. Class Counsel will undertake all reasonable efforts to obtain from the Non-Settling Defendants the names and addresses of those persons who purchased shell eggs or egg products directly from any Non-Settling Defendant during the Class Period. Notice of this Settlement will be issued no earlier than 180 days following Preliminary Approval of this Settlement Agreement by the Court, but as soon as practicable thereafter, unless otherwise ordered by the Court.

28. Within three months from the date of Final Approval, Sparboe Farms agrees to reimburse Plaintiffs up to a maximum of $350,000.00 towards the costs of notice of the Settlement under this Agreement, provided the occurrences described below in Paragraph 29 do not occur.

29. In the event Plaintiffs enter into a cash settlement with any Non-Settling Defendant and receive preliminary approval of that settlement prior to the issuance of notice under this Agreement (such that the settlement notices can be combined), Plaintiffs shall apply those settlement funds towards the cost of notice, thus reducing or eliminating Sparboe Farms' obligation to reimburse Plaintiffs for the notice costs of this Agreement. In the event Plaintiffs obtain certification of a litigation class prior to the issuance of notice under this Agreement (such that the notice of this Settlement Agreement and the notice of class certification can be combined), then Plaintiffs agree to be fully responsible for costs of the combined notice without any cash contribution by Sparboe Farms.

30. In the event Plaintiffs enter into a cash settlement with any Non-Settling Defendants <u>after</u> notice of this settlement has been issued and paid for, in whole or in part, once that cash settlement has been Finally Approved, Plaintiffs shall release Sparboe Farms from any obligation to reimburse Plaintiffs for the notice costs of this Agreement. Forgiveness of Sparboe Farms's obligation to reimburse Plaintiffs for costs of notice of this Agreement will not exceed the value of such cash settlements, as Finally Approved. Under no circumstances shall Sparboe Farms be responsible for any costs or expenses in excess of $350,000.00.

**<u>Subsequent Modification of Class Definition or Class Period</u>**

31. In the event that Plaintiffs either enter into a settlement agreement with any Non-Settling Defendant, or obtain certification of a litigation class, and the definition of the class in any subsequent settlement agreement or certification order differs from the definition contained in this Agreement in Paragraph 11 (including an expansion of the Class Period), Plaintiffs agree to use their best efforts to modify the class definition and Class Period of this Agreement to conform to any and all subsequent expansion of the class definition or Class Period, including

16

moving for approval of an amendment to this Agreement and the dissemination of notice of the amendment in conjunction either with notice of any subsequent settlement class or notice of the certification of a litigation class, or both in the event that there are more than one subsequent modification to the class definition or Class Period. In no event shall Sparboe Farms be responsible for any additional notice costs or expenses.

**Miscellaneous**

32. This Agreement does not settle or compromise any claim by Plaintiffs or any Class Member asserted in the Action against any Non-Settling Defendant or any unnamed co-conspirator other than the Releasees. All rights of any Class Member against Non-Settling Defendants or unnamed co-conspirators or any other person or entity other than the Releasees are specifically reserved by Plaintiffs and the Class Members. The sales of Shell Eggs and Processed Egg Products by Sparboe Farms to Class Members shall remain in the case against the Non-Settling Defendants in the Action as a basis for damage claims and shall be part of any joint and several liability claims against Non-Settling Defendants in the Action or other persons or entities other than the Releasees.

33. The United States District Court for the Eastern District of Pennsylvania shall retain jurisdiction over the implementation, enforcement, and performance of this Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding, or dispute arising out of or relating to this Agreement or the applicability of this Agreement that cannot be resolved by negotiation and agreement by Plaintiffs and Sparboe Farms. This Agreement shall be governed by and interpreted according to the substantive laws of the State of Pennsylvania without regard to its choice of law or conflict of laws principles. Sparboe Farms only submits to the jurisdiction in the Eastern District of Pennsylvania for the purposes of this Settlement Agreement and the

implementation, enforcement and performance thereof. Sparboe Farms otherwise retains all defenses to the Court's exercise of personal jurisdiction over Sparboe Farms.

34. This Agreement constitutes the entire agreement among Plaintiffs (and the other Releasors) and Sparboe Farms (and the other Releasees) pertaining to the settlement of the Action against Sparboe Farms only and supersedes any and all prior and contemporaneous undertakings of Plaintiffs and Sparboe Farms in connection therewith. This Agreement may be modified or amended only by a writing executed by Plaintiffs and Sparboe Farms, and approved by the Court.

35. This Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of Releasors and Releasees. Without limiting the generality of the foregoing: (a) each and every covenant and agreement made herein by Plaintiffs, Class Counsel or Plaintiffs' Counsel shall be binding upon all Class Members and Releasors; and (b) each and every covenant and agreement made herein by Releasees shall be binding upon all Releasees.

36. This Agreement may be executed in counterparts by Plaintiffs and Sparboe Farms, and a facsimile signature will be considered as an original signature for purposes of execution of this Agreement.

37. The headings in this Agreement are included for convenience only and shall not be deemed to constitute part of this Agreement or to affect its construction.

38. In the event this Agreement is not approved or is terminated, or in the event that the Order and Final Judgment approving the settlement is entered but is substantially reversed, modified, or vacated, the pre-settlement status of the litigation shall be restored and the Agreement shall have no effect on the rights of the Settling Parties to prosecute or defend the pending Action in any respect, including the right to litigate fully the issues related to class

certification, raise personal jurisdictional defenses, or any other defenses, which rights are specifically and expressly retained by Sparboe Farms.

39. Neither Sparboe Farms nor Plaintiffs, nor any of them, shall be considered to be the drafter of this Agreement or any of its provisions for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter of this Agreement.

40. Nothing expressed or implied in this Agreement is intended to or shall be construed to confer upon or give any person or entity other than Class Members, Releasors, Sparboe Farms, and Releasees any right or remedy under or by reason of this Agreement.

41. Where this Agreement requires any party to provide notice or any other communication or document to any other party, such notice, communication, or document shall be provided by facsimile or letter by overnight delivery to:

| For the class: | For Sparboe Farms: |
|---|---|
| Steven A. Asher<br>WEINSTEIN KITCHENOFF & ASHER LLC<br>1845 Walnut Street, Suite 1100<br>Philadelphia, PA 19103<br>(215) 545-7200<br>(215) 545-6536 (fax)<br>asher@wka-law.com | Troy J. Hutchinson<br>STOEL RIVES, LLP<br>33 South Sixth Street, Suite 4200<br>Minneapolis, MN 55402<br>(612) 373-8800<br>(812) 373-8881 (fax)<br>tjhutchinson@stoel.com |

42. Each of the undersigned attorneys represents that he or she is fully authorized to enter into the terms and conditions of, and to execute, this Agreement, subject to Court approval.

19

Originally Signed: June 5, 2009
Resigned: June 22, 2009 (to account for edits to Paragraph 11)

_/s/ Steven A. Asher_
Steven A. Asher
WEINSTEIN KITCHENOFF & ASHER LLC
1845 Walnut Street, Suite 1100
Philadelphia, PA 19103
(215) 545-7200
(215) 545-6536 (fax)
asher@wka-law.com

_/s/ Michael D. Hausfeld /SAA_
Michael D. Hausfeld
HAUSFELD LLP
1700 K Street, Suite 650
Washington, DC 20006
(202) 540-7200
(202) 540-7201 (fax)
mhausfeld@hausfeldllp.com

_/s/ Stanley D. Bernstein /SAA_
Stanley D. Bernstein
BERNSTEIN LIEBHARD LLP
10 East 40th Street, 22nd Floor
New York, NY 10016
(212) 779-1414
(212) 779-3218 (fax)
bernstein@bernlieb.com

_/s/ Stephen D. Susman /SAA_
Stephen D. Susman
SUSMAN GODFREY LLP
654 Madison Avenue, 5th Floor
New York, NY 10065-8404
(212) 336-8330
(212) 336-8340 (fax)
SSusman@SusmanGodfrey.com

(On Behalf of the class, Plaintiffs, Class Counsel and Plaintiffs' Counsel)

Originally Signed: June 8, 2009
Resigned: June 22, 2009 (to account for edits to Paragraph 11)

_____
Eric A. Bartsch
Troy J. Hutchinson
STOEL RIVES, LLP
33 South Sixth Street, Suite 4200
Minneapolis, MN 55402
(612) 373-8800
(612) 373-8881 (fax)
eabartsch@stoel.com
tjhutchinson@stoel.com

(On Behalf of Sparboe Farms, Inc.)

21