# Exhibit 1

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: PROCESSED EGG PRODUCTS<br>ANTITRUST LITIGATION<br><br>THIS DOCUMENT APPLIES TO:<br>All Direct Purchaser Actions | :<br>:  MDL No. 2002<br>:  08-md-02002<br>:<br>:<br>: |

SETTLEMENT AGREEMENT BETWEEN PLAINTIFFS
AND SPARBOE FARMS, INC.

This Settlement Agreement ("Agreement") is made and entered into this 8th day of June, 2009 (the "Execution Date"), by and between Sparboe Farms, Inc. ("Sparboe Farms"), together with its past and present parents, subsidiaries and affiliates, and plaintiff class representatives ("Plaintiffs"), as defined herein at Paragraph 7, both individually and on behalf of a class of direct purchasers of Shell Eggs and Processed Egg Products (as described herein at Paragraph 11) in the United States during the period January 1, 2000 through the present.

WHEREAS, Plaintiffs are prosecuting the above-captioned action currently pending and consolidated in the Eastern District of Pennsylvania, and including all actions transferred for coordination, and all direct purchaser actions pending such transfer (including, but not limited to, "tag-along" actions) (the "Action") on their own behalf and on behalf of the class against Sparboe Farms and other Defendants;

WHEREAS, Plaintiffs allege that Sparboe Farms participated in an unlawful conspiracy to raise, fix, maintain, and/or stabilize the price of Shell Eggs and Processed Egg Products in the United States at artificially high levels in violation of Section 1 of the Sherman Act;

1

WHEREAS, Plaintiffs have conducted an investigation into the facts and the law regarding the Action and have concluded that a settlement with Sparboe Farms according to the terms set forth below is fair, reasonable, and adequate, and beneficial to and in the best interests of the Plaintiffs and the class;

WHEREAS, Sparboe Farms, despite its belief that it is not liable for and has good defenses to the claims alleged in the Action, desires to settle the Action, and thus avoid the risk, exposure, inconvenience, and distraction of continued litigation of the Action, or any action or proceeding relating to the matters being fully settled and finally put to rest in this Agreement;

WHEREAS, Sparboe Farms agrees to further cooperate with Plaintiffs' Counsel and the class by providing information related to possible violations of the Sherman Act that have or may have been committed by other Defendants to this Action, or other parties not named as Defendants, with regard to the sale of Shell Eggs and Processed Egg Products;

WHEREAS, arm's-length settlement negotiations have taken place between Class Counsel (as defined below) and counsel for Sparboe Farms, and this Agreement has been reached as a result of those negotiations;

NOW, THEREFORE, in consideration of the covenants, agreements, and releases set forth herein and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is agreed by and among the undersigned that the Action be settled, compromised and dismissed on the merits with prejudice as to Sparboe Farms only, without costs as to Plaintiffs or the class, subject to the approval of the Court, on the following terms and conditions:

**Definitions.**

The following terms, as used in this Agreement, have the following meanings:

2

1. "Class Counsel" shall refer to the law firms of Weinstein, Kitchenoff & Asher LLC, 1845 Walnut Street, Suite 1100, Philadelphia, PA 19103; Hausfeld LLP, 1700 K Street NW, Suite 650, Washington, DC 20006; Bernstein Liebhard LLP, 10 East 40th Street, 22nd Floor, New York, NY 10016; and Susman Godfrey, 654 Madison Avenue, 5th Floor, New York, NY 10065-8404. "Plaintiffs' Counsel" shall refer to the law firms identified on pages 133-138 of the Consolidated Amended Class Action Complaint filed in the Action on January 30, 2009.

2. "Sparboe Farms' Counsel" shall refer to the law firm of Stoel Rives LLP, 33 South Sixth Street, Suite 4200, Minneapolis, MN 55402.

3. "Counsel" means both Plaintiffs' Counsel and Sparboe Farms' Counsel, as defined in Paragraphs 1 and 2 above.

4. "Class Member" means each member of the class, as defined in Paragraph 11 of this Agreement, who does not timely elect to be excluded from the class, and includes, but is not limited to, Plaintiffs.

5. "Class Period" means the period from and including January 1, 2000 up to and including the date when Notice of the Court's entry of an order preliminarily approving this settlement and certifying a class for settlement purposes is first published.

6. "Defendant(s)" refers to the persons or entities who are now or are prior to the time of notice added as Defendants in this Action, including, but not limited to, United Egg Producers, Inc.; United Egg Association; United States Egg Marketers, Inc.; Michael Foods, Inc.; Land O'Lakes Inc.; Moark LLC; Norco Ranch, Inc.; Rose Acre Farms, Inc.; National Food Corporation; Cal-Maine Foods, Inc.; Hillandale Farms of Pa., Inc.; Hillandale-Gettysburg, L.P.; Hillandale Farms East, Inc.; Hillandale Farms, Inc.; Ohio Fresh Eggs, LLC; Daybreak Foods, Inc.; Midwest Poultry Services, L.P.; NuCal Foods, Inc.; R.W. Sauder, Inc., Sparboe Farms, Inc.,

and each of their corporate parents, subsidiaries, and affiliated companies, as well as all individuals, partnerships, corporations and associations not named as Defendants but which participated as co-conspirators in the alleged violations.

7. "Plaintiffs" means each of the following named class representatives: T.K. Ribbing's Family Restaurant, LLC; Eby-Brown Company LLC; Goldberg and Solovy Foods, Inc.; Karetas Foods, Inc.; Nussbaum-SF, Inc.; Somerset Industries, Inc.; Wixon, Inc.; and SensoryEffects Flavor Co. d/b/a SensoryEffects Flavor Systems.

8. "Releasees" shall refer, jointly and severally, and individually and collectively to Sparboe Farms, its parents, subsidiaries, and affiliated companies, and their past and present officers, directors, employees, agents, insurers, attorneys, shareholders, joint venturers that are not Non-Settling Defendants, partners and representatives, as well as the predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing.

9. "Releasors" shall refer jointly and severally and individually to the Plaintiffs, the Class Members and to each of their respective past and present officers, directors, parents, subsidiaries, affiliates, partners, and insurers, and to the predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing.

10. "Non-Settling Defendants" refers to the persons or entities, other than Sparboe Farms, who are now or are prior to the time of notice added as Defendants in this Action, including, but not limited to, United Egg Producers, Inc.; United Egg Association; United States Egg Marketers, Inc.; Michael Foods, Inc.; Land O'Lakes Inc.; Moark LLC; Norco Ranch, Inc.; Rose Acre Farms, Inc.; National Food Corporation; Cal-Maine Foods, Inc.; Hillandale Farms of Pa., Inc.; Hillandale-Gettysburg, L.P.; Hillandale Farms East, Inc.; Hillandale Farms, Inc.; Ohio Fresh Eggs, LLC; Daybreak Foods, Inc.; Midwest Poultry Services, L.P.; NuCal Foods, Inc.;

4

R.W. Sauder, Inc., and each of their corporate parents, subsidiaries, and affiliated companies, as well as all individuals, partnerships, corporations and associations not named as Defendants but which participated as co-conspirators in the alleged violations.

**Settlement Class Certification**

11. Subject to Court approval, the following class shall be certified for settlement purposes only as to Sparboe Farms:

> All persons and entities that purchased eggs, including shell eggs and egg products, produced from caged birds in the United States directly from any producer during the Class Period from January 1, 2000 through the present.
>
>> a.) Shell Egg Subclass
>> All individuals and entities that purchased shell eggs produced from caged birds in the United States directly from any producer during the Class Period from January 1, 2000 through the present.
>>
>> b.) Egg Products Subclass
>> All individuals and entities that purchased egg products produced from shell eggs that came from caged birds in the United States directly from any producer during the Class Period from January 1, 2000 through the present.
>
> Excluded from the class and subclasses are the Defendants, their co-conspirators, and their respective parents, subsidiaries and affiliates, all government entities, as well as the Court and staff to whom this case is assigned, and any member of the Court's or staff's immediate family. Also excluded from the Class and Subclasses are purchases of "specialty" shell egg or egg products (such as "organic," "free-range" or "cage-free") and purchases of hatching eggs (used by poultry breeders to produce breeder stock or growing stock for laying hens or meat).

**Approval of this Agreement and Dismissal of Claims**

12. Plaintiffs and Sparboe Farms shall use their best efforts to effectuate this Agreement, including cooperating in promptly seeking Court approval of the Settlement and

5

securing both the Court's certification of the Class and the Court's approval of procedures (including the giving of class notice under Federal Rules of Civil Procedure 23(c) and (e)) to secure the prompt, complete, and final dismissal with prejudice of the Action as to Sparboe Farms.

13.     Within (2) two business days after the execution of this Agreement by Sparboe Farms, Counsel shall jointly file with the Court a stipulation for suspension of all proceedings against Sparboe Farms pending approval of this Agreement. As soon as practicable after execution of the Agreement by Sparboe Farms, Plaintiffs shall submit to the Court a motion: (a) for certification of a class for settlement purposes; and (b) for preliminary approval of the settlement, and authorization to disseminate notice of class certification, the settlement, and the final judgment contemplated by this Agreement to all potential Class Members. The Motion shall include: (a) the definition of the class for settlement purposes as set forth in Paragraph 11 of this Agreement; (b) a proposed form of, method for, and date of dissemination of notice; and (c) a proposed form of final judgment order. The text of the items referred to in clauses (a) -- (c) above shall be agreed upon by Plaintiffs and Sparboe Farms before submission of the Motion. If possible, Plaintiffs shall combine dissemination of notice of the proposed certification of the class for settlement purposes and the Agreement with notice of other settlement agreements. Individual notice of the Agreement shall be mailed to persons and entities identified by Sparboe Farms, and, as ordered by the Court, those identified by Plaintiffs and Plaintiffs' Counsel or other Non-Settling Defendants in the Action, who are located in the United States and who purchased Shell Eggs and Processed Egg Products directly from Sparboe Farms or any Non-Settling Defendant(s) in the Action during the Class Period, and Notice of the Settlement shall be published once in the <u>Wall Street Journal</u> and in such other publications, if any, as Sparboe

Farms and Class Counsel agree to or as ordered by the Court. Within twenty (20) business days after the Execution Date, Sparboe Farms shall supply to Class Counsel at Sparboe Farms' expense and in such form as kept in the regular course of business (electronic format if available) such names and addresses of potential Class Members as it has.

14. Within twenty (20) business days after the end of the opt-out period established by the Court and set forth in the notice, Plaintiffs shall provide Sparboe Farms, through its counsel, Stoel Rives LLP, a written list of all potential Class Members who have exercised their right to request exclusion from the class.

15. If the Court approves this Agreement, Plaintiffs and Sparboe Farms shall jointly seek entry of an order and final judgment, the text of which Plaintiffs and Sparboe Farms shall agree upon as provided for in Paragraphs 12 and 13 of this Agreement:

>   (a) as to the Action, approving finally this Agreement and its terms as being a fair, reasonable, and adequate settlement as to the Class Members within the meaning of Rule 23 of the Federal Rules of Civil Procedure and directing its consummation according to its terms;
>
>   (b) directing that, as to Sparboe Farms, the Action be dismissed with prejudice and, except as explicitly provided for in this Agreement, without costs;
>
>   (c) reserving exclusive jurisdiction over the settlement and this Agreement, including the administration and consummation of this settlement;
>
>   (d) determining under Federal Rule of Civil Procedure 54(b) that there is no just reason for delay and directing that the final judgment of dismissal as to Sparboe Farms shall be entered; and
>
>   (e) requiring Class Counsel to file with the Clerk of the Court a record of potential Class Members who timely excluded themselves from the class, and to provide a copy of the record to counsel for Sparboe Farms.

16. This Agreement shall become final only when (a) the Court has entered an order approving this Agreement under Rule 23(e) of the Federal Rules of Civil Procedure and a final judgment dismissing the Action against Sparboe Farms on the merits with prejudice as to all