Class Members and without costs has been entered, and (b) the time for appeal or to seek permission to appeal from the Court's approval of this Agreement and entry of a final judgment as described in clause (a) above has expired or, if appealed, approval of this Agreement and the final judgment have been affirmed in their entirety by the Court of last resort to which such appeal has been taken and such affirmance has become no longer subject to further appeal or review ("Finally Approved"). It is agreed that neither the provisions of Rule 60 of the Federal Rules of Civil Procedure nor the All Writs Act, 28 U.S.C. §1651, shall be taken into account in determining the above-stated times. On the Execution Date, Plaintiffs and Sparboe Farms shall be bound by the terms of this Agreement, and the Agreement shall not be rescinded except in accordance with Paragraph 20 of this Agreement.

**Release and Discharge**

17. In addition to the effect of any final judgment entered in accordance with this Agreement, upon this Agreement becoming Finally Approved, and for other valuable consideration as described herein, the Releasees shall be completely released, acquitted, and forever discharged from any and all claims, demands, actions, suits and causes of action, whether class, individual or otherwise in nature, that Releasors, or each of them, ever had, now has, or hereafter can, shall, or may have on account of or arising out of, any and all known and unknown, foreseen and unforeseen, suspected or unsuspected injuries or damages, and the consequences thereof, arising out of or resulting from conduct concerning any agreement among Defendants, the reduction or restraint of supply, the reduction of or restrictions on production capacity, or the pricing, selling, discounting, marketing, or distributing of Shell Eggs and Processed Egg Products in the United States or elsewhere, including but not limited to any conduct alleged, and causes of action asserted, or that could have been alleged or asserted,

8

whether or not concealed or hidden, in the Complaints filed in the Action (the "Complaints"), which arise from or are predicated on the facts and/or actions described in the Complaints under any federal, state or foreign antitrust, unfair competition, unfair practices, price discrimination, unitary pricing, trade practice, consumer protection, fraud, RICO, civil conspiracy law, or similar laws, including, without limitation, the Sherman Antitrust Act, 15 U.S.C. § 1 *et seq.*, from the beginning of time to the date of this Agreement (the "Released Claims"). The Releasors shall not, after the date of this Agreement, seek to recover against any of the Releasees for any of the Released Claims. Notwithstanding anything in this Paragraph, Released Claims shall not include, and this Agreement shall not and does not release, acquit or discharge, claims based solely on purchases of Shell Eggs and Processed Egg Products outside of the United States on behalf of persons or entities located outside of the United States at the time of such purchases. This Release is made without regard to the possibility of subsequent discovery or existence of different or additional facts.

    a.    Each Releasor waives California Civil Code Section 1542 and similar provisions in other states. Plaintiffs hereby certify that they are aware of and have read and reviewed the following provision of California Civil Code Section 1542 ("Section 1542"): "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor." The provisions of the release set forth above shall apply according to their terms, regardless of the provisions of Section 1542 or any equivalent, similar, or comparable present or future law or principle of law of any jurisdiction. Each Releasor may hereafter discover facts other than or different from those which he, she, or it knows or believes to be true with respect to the claims that

9

are the subject matter of this Settlement Agreement, but each Releasor hereby expressly and fully, finally and forever waives and relinquishes, and forever settles and releases any known or unknown, suspected or unsuspected, contingent or non-contingent, claim whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts, as well as any and all rights and benefits existing under (i) Section 1542 or any equivalent, similar or comparable present or future law or principle of law of any jurisdiction and (ii) any law or principle of law of any jurisdiction that would limit or restrict the effect or scope of the provisions of the release set forth above, without regard to the subsequent discovery or existence of such other or different facts.

18.  In addition to the provisions of Paragraph 17, each Releasor hereby expressly and irrevocably waives and releases, upon this Agreement becoming Finally Approved, any and all defenses, rights, and benefits that each Releasor may have or that may be derived from the provisions of applicable law which, absent such waiver, may limit the extent or effect of the release contained in Paragraph 17. Each Releasor also expressly and irrevocably waives any and all defenses, rights, and benefits that the Releasor may have under any similar statute in effect in any other jurisdiction that, absent such waiver, might limit the extent or effect of the Release.

19.  The release and discharge set forth in Paragraphs 17 and 18 herein do not include claims relating to payment disputes, physical harm, defective product or bodily injury (the "Excepted Claims") and do not include any Non-Settling Defendant.

**Rescission if the Agreement is Not Approved**

20.  If the Court refuses to approve this Agreement or any part hereof, or if such approval is modified or set aside on appeal, or if the Court does not enter the final judgment provided for in Paragraph 15 of this Agreement, or if the Court enters the final judgment and

10

appellate review is sought, and on such review, such final judgment is not affirmed, then Sparboe Farms and Plaintiffs shall each, in their sole discretion, have the option to rescind this Agreement in its entirety.

21. In the event of rescission, if final approval of this Agreement is not obtained, or if the Court does not enter the final judgment provided for in Paragraph 15 of this Agreement, Class Counsel agrees that this Settlement Agreement, including its exhibits, and any and all negotiations, documents, information and discussions associated with it shall be without prejudice to the rights of Sparboe Farms, shall not be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing, or of the truth of any of the claims or allegations made in this Action in any pleading, and shall not be used directly or indirectly, in any way, whether in this Action or in any other proceeding except as otherwise subsequently and independently obtained by Class Counsel pursuant to the Federal Rules of Civil Procedure.

22. Class Counsel further agrees that, in the event of rescission, the originals and all copies of documents provided by or on behalf of Sparboe Farms pursuant to this Agreement, together with all documents and electronically stored information containing information provided by Sparboe Farms, including but not limited to, notes, memos, records, interviews, shall be returned or produced to Sparboe Farms, provided that attorney notes or memoranda may be destroyed rather than produced if an affidavit of such destruction is promptly provided to Sparboe Farms through its counsel.

**Cooperation Agreement**

23. Following the Execution Date of this Agreement, and continuing through the conclusion of this litigation, Sparboe Farms will provide Plaintiffs with such cooperation as may

11

be reasonably requested by Class Counsel for the prosecution of the pending action or any other released claims pursuant to Paragraphs 17 and 18 related to Shell Eggs or Processed Egg Products. Prior to preliminary approval of the Settlement Agreement, such cooperation shall include, but shall not be limited to: making documents related to the claims asserted in this action available for review and making witnesses with knowledge related to the claims asserted in this action available for informal interviews and, as necessary, consultation with Plaintiffs' Counsel as Class Counsel might reasonably request. In addition, within five (5) business days of the Court's grant of preliminary approval of this Settlement Agreement, or as soon as practicable thereafter, Sparboe Farms shall continue to cooperate with Class Counsel, including but not limited to producing documents related to the claims asserted in this action and by making witnesses available at an appropriate time to testify at depositions and at trial, subject to the limitations agreed upon below. Sparboe Farms agrees to provide discovery to Plaintiffs in the pending Action as if Sparboe Farms were a party subject to all rules for discovery. Sparboe Farms has no obligation to cooperate with respect to any Excepted Claims.

Further:

>  (a) With respect to witnesses, if requested in good faith by Class Counsel, Sparboe Farms agrees to use its best efforts to produce interviewees, at a location to be chosen by Sparboe Farms, who are current or former directors, officers, or employees of Sparboe Farms for deposition at the time discovery in this Action commences subject to the limitations imposed by the Federal Rules of Civil Procedure or by any additional limitations imposed by any order or stipulation in this Action governing the depositions of any Non-Settling Defendant, and make those persons available for trial testimony, if requested in good faith by Plaintiffs'

Counsel. Should it be reasonably necessary, and if requested in good faith by Class Counsel, Sparboe Farms shall also make witnesses, including corporate designees, available to testify at deposition and trial, for the prosecution of the pending Action or any other action related to Shell Eggs and Processed Egg Products (except for the Excepted Claims) to which this Settlement Agreement applies to release the claims asserted therein, which testimony may pertain to knowledge of and/or participation by Sparboe Farms, including but not limited to its officers, directors and employees, regarding present and future claims asserted in the pending Action or any other actions related to Shell Eggs or Processed Egg Products, except for the Excepted Claims to which this Settlement Agreement applies to release the claims asserted therein. Notwithstanding anything in this Paragraph, the cooperation of individuals shall be subject to their individual rights and obligations.

(b)     With regard to documents and electronic data, Sparboe Farms will produce, at a location of its choosing, pursuant to and subject to the limitations imposed by Rule 30(b)(6) and the other Federal Rules of Civil Procedure as well as any additional limitation imposed by order or stipulation in this Action governing the authentication of documents or corporate representative testimony related to any Non-Settling Defendant, a corporate representative sufficiently qualified to authenticate and make admissible under the applicable rules of evidence, as well as under the rules of any state, all Sparboe Farms documents and electronic data as may in good faith be requested by Plaintiffs' Counsel in the

pending Action related to Shell Eggs or Processed Egg Products, except for the Excepted Claims.

24. Plaintiffs, Class Counsel and Plaintiffs' Counsel agree not to assert that Sparboe Farms waived its attorney-client privilege, work product immunity or any other privilege or protection with respect to information or documents provided or identified to Class Counsel or Plaintiffs' Counsel pursuant to this Agreement. Nor should anything in this Agreement be construed as a waiver of any such privilege, immunity or protection.

**Confidentiality and Non-Use of Information and Documents**

25. Should the Settling Parties be required to submit any information or documentation to the Court to obtain preliminary approval, such submission shall be, to the full extent permitted, for review by the court in camera only. All information and documents provided by Sparboe Farms to Class Counsel shall be subject to the protective order entered in this action, and any documents or electronically stored information designated as "Confidential" or "Attorneys Eyes Only" by Sparboe Farms shall have the same equivalent protection under the protective order.

26. Class Counsel agree to use any and all of the information obtained from Sparboe farms only for the purpose of this litigation, and agrees to be bound by the terms of the protective order described above in Paragraph 25. Any Plaintiffs' Counsel who receives information or documents produced in accordance with this Agreement agrees to be bound by all of the terms of this Agreement. Notwithstanding the foregoing, or the terms of the protective order, Class Counsel agree, unless ordered by a court and consistent with due process, that under no circumstances will information or documents be shared with any person, counsel, Class Counsel or Plaintiffs' Counsel who is also (i) counsel for any plaintiff in any other foreign, state or