IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: PROCESSED EGG PRODUCTS ANTITRUST LITIGATION : : : MDL No. 2002 : 08-md-02002 : : THIS DOCUMENT APPLIES TO: : ALL DIRECT PURCHASER : PLAINTIFF ACTIONS : | |

**ORDER GRANTING FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT BETWEEN DIRECT PURCHASER PLAINTIFFS AND DEFENDANT SPARBOE FARMS, INC.**

**AND NOW**, this 16th day of July, 2012, upon consideration of the Motion for Final Approval of Settlement Agreement with Sparboe Farms, Inc. (Doc. No. 443), and following a final fairness hearing, in accordance with Federal Rule of Civil Procedure 23, it is hereby **ORDERED** that the Motion (Doc. No. 443) is **GRANTED** as outlined in this Order and the accompanying Memorandum.

Based on the Court's review of the proposed Settlement Agreement Between Direct Purchaser Plaintiffs and Sparboe Farms, Inc. ("Settlement Agreement"), and the entire record of this case, and having conducted a final fairness hearing on the matter, the Court determines as follows:

1.	The Court has jurisdiction over the subject matter of this action.

2.	Terms used in this Order that are defined in the Settlement Agreement, unless otherwise defined herein, have the same meanings in this Order as in the Settlement Agreement.

3.      The following Settlement Class, as defined in the Settlement Agreement, which was conditionally certified in the Court's Order granting preliminary approval of this settlement, is certified for settlement purposes only as follows[1]:

> All persons and entities that purchased eggs, including shell eggs and egg products, produced from caged birds in the United States directly from any producer during the Class Period from January 1, 2000 through the present.
>
>> a.) Shell Egg SubClass
>>
>> All individuals and entities that purchased shell eggs produced from caged birds in the United States directly from any producer during the Class Period from January 1, 2000 through the present.
>>
>> b.) Egg Products SubClass
>>
>> All individuals and entities that purchased egg products produced from shell eggs that came from caged birds in the United States directly from any producer during the Class Period from January 1, 2000 through the present.
>
> Excluded from the class and subclasses are the Defendants, their co-conspirators, and their respective parents, subsidiaries and affiliates, all government entities, as well as the Court and staff to whom this case is assigned, and any member of the Court's or staff's immediate family. Also excluded from the Class and Subclasses are purchases of "specialty" shell egg or egg products (such as "organic," "freerange"or "cage-free") and purchases of hatching eggs (used by poultry breeders to produce breeder stock or growing stock for laying hens or meat).

4.      The Court finds, as discussed more thoroughly in the accompanying Memorandum, that the Settlement Class satisfies the applicable prerequisites for class action treatment under Federal Rule of Civil Procedure 23(a) and (b).  The Settlement Class is so numerous that joinder of all members is not practicable, there are questions of law and fact

---

[1] "Class Period" is defined as "the period from and including January 1, 2000 up to and including the date when Notice of the Court's entry of an order preliminarily approving this settlement and certifying a class for settlement purposes is first published." Thus, the Class Period for the Settlement Agreement is from January 1, 2000 through October 23, 2009.

common to the Settlement Class, the claims of the Class Representatives are typical of the claims of the Settlement Class, and the Class Representatives will fairly and adequately protect the interests of the Settlement Class.  For purposes of this settlement, questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

     5.    Notice of the Settlement Agreement to the Settlement Class required by Rule 23(e) of the Federal Rules of Civil Procedure has been provided in accordance with the Court's Orders granting preliminary approval of this settlement and notice of this settlement, and such Notice has been given in an adequate and sufficient manner; constitutes the best notice practicable under the circumstances; and satisfies Federal Rules of Civil Procedure 23(c)(2)(B) and 23(e) and due process.

     6.    Defendants have filed notification of this settlement with the appropriate federal and state officials pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715.

     7.    As discussed more thoroughly in the accompanying Memorandum, the Court finds that the Settlement Agreement is sufficiently fair, reasonable and adequate to the Settlement Class pursuant to Federal Rule of Civil Procedure 23(e).  Specifically, the Court finds that the settlement meets the standard for an initial presumption of fairness.  Additionally, the Court's analysis of the factors set forth in *Girsh v. Jepson*, 521 F.2d 153 (3d Cir. 1975), and factors set forth in *In re Prudential Insurance Co. American Sales Practice Litigation Agent Actions*, 148 F.3d 283 (3d Cir. 1998), as appropriate, leads to the conclusion that the relevant

considerations weigh in favor of finding the settlement is fair, reasonable and adequate under Federal Rule of Civil Procedure 23(e).

8. The Settlement Agreement is finally approved pursuant to Federal Rule of Civil Procedure 23(e) of the Federal Rules of Civil Procedure as fair, reasonable, and adequate, and the parties are directed to consummate the Settlement Agreement in accordance with its terms.

9. The United States District Court for the Eastern District of Pennsylvania shall retain jurisdiction over the implementation, enforcement, and performance of this Settlement Agreement, and shall have exclusive jurisdiction over any suit, action, motion, proceeding, or dispute arising out of or relating to this Settlement Agreement or the applicability of this Agreement that cannot be resolved by negotiation and agreement by Plaintiffs and Sparboe Farms, Inc.  This Settlement Agreement shall be governed by and interpreted according to the substantive laws of the Commonwealth of Pennsylvania without regard to its choice of law or conflict of laws principles. Sparboe Farms, Inc. submits to the jurisdiction in the Eastern District of Pennsylvania only for the purposes of this Settlement Agreement and the implementation, enforcement and performance thereof. Sparboe Farms, Inc. otherwise retains all defenses to the Court's exercise of personal jurisdiction over Sparboe Farms, Inc..

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
United States District Judge