UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: PROCESSED EGG PRODUCTS ANTITRUST LITIGATION § § § § § ———————————————— § § § THIS DOCUMENT RELATES TO: § All Direct Purchaser Actions § | MDL No. 2002 08-md-02002 |

JOINT MEMORANDUM IN SUPPORT OF
MOTION FOR ENTRY OF JUDGMENT IN FAVOR OF
MOARK, LLC, NORCO RANCH, INC. AND LAND O'LAKES, INC.

Pursuant to this Court's Orders and the settlement agreement between Direct Purchaser Plaintiffs[1] and Defendants Moark, LLC, Norco Ranch, Inc., and Land O' Lakes, Inc. (collectively, the "Moark Defendants"), Direct Purchaser Plaintiffs and the Moark Defendants hereby jointly move for entry of judgment in favor of the Moark Defendants in accordance with Fed. R. Civ. P. 54(b).

**Background**

On May 21, 2010, Direct Purchaser Plaintiffs and the Moark Defendants entered into a settlement agreement to resolve the litigation between them ("Moark Settlement Agreement"). Notice of the Moark Settlement Agreement was given to the Class in September 2010. (Doc. No. 414-1 (Affidavit of Jeanne C. Finegan, APR).)

On July 16, 2012, this Court granted final approval of the Moark Settlement Agreement finding the settlement to be fair, reasonable and adequate. (Doc. No. 700.)

---

[1] The Direct Purchaser Plaintiffs are T.K. Ribbing's Family Restaurant, LLC; Somerset Industries, Inc.; John A. Lisciandro d/b/a Lisciandro's Restaurant; Goldberg and Solovy Foods, Inc.; Karetas Foods, Inc.; Nussbaum-SF, Inc.; Wixon, Inc.; SensoryEffects Flavor Co. d/b/a SensoryEffects Flavor Systems; and Eby-Brown Company LLC.

On August 15, 2012, the Court ordered Direct Purchaser Plaintiffs to file a motion for entry of a proposed entry of judgment in connection with the Moark Settlement Agreement by September 21, 2012. (Doc. No. 727.) Pursuant to this Court's orders, the Moark Settlement Agreement, and Federal Rules of Civil Procedure 54(b) and 58, Direct Purchaser Plaintiffs and the Moark Defendants hereby jointly move this Honorable Court for entry of final judgment in favor of the Moark Defendants, as set forth in the [Proposed] Entry of Judgment (attached as Exhibit A).

## There Is No Just Reason To Delay Entry Of Final Judgment In Favor Of The Moark Defendants

Federal Rule of Civil Procedure 54(b) provides that, when multiple parties are involved, but judgment is being entered to fewer than all, the Court may only direct entry of final judgment if it determines "there is no just reason for delay." *Id.* When determining whether there is no just reason for delaying entry of final judgment, a court must balance "considerations of judicial administrative interests (preservation of the federal policy against piecemeal appeals) and equities (justice to the litigants)." *Carter v. City of Phila.*, 181 F.3d 339, 346 (3d Cir. 1999) (citing *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980)). The decision of whether to grant a Rule 54(b) certification is within the sound discretion of the district court. *See Curtiss-Wright Corp.* 446 U.S. at 10.

In exercising discretion under Rule 54(b), the Third Circuit has identified a variety of factors that a court may consider:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

2

*Berckeley Inv. Group, Ltd. v. Colkitt*, 455 F.3d 195, 203 (3d Cir. 2006) (quoting *Allis-Chalmers Corp. v. Philadelphia Elec. Co.*, 521 F.2d 360, 364 (3d Cir. 1975)). These factors are either not relevant (*e.g.,* factors 1-4) to the Rule 54(b) analysis, or do not weigh against entry of final judgment in favor of the Moark Defendants. *See Allis-Chalmers Corp.*, 521 F.2d at 363 ("depending upon the facts of the particular case, all or some of the above factors may bear upon the trial court's discretion in certifying a judgment as final under Rule 54(b)").

Here, there is no just reason to delay the entry of judgment. The settlement was reached in May 2010. Class members have had notice of the settlement since September 2010, when notice of the settlement was mailed and published. (Doc. No. 414-1 (Affidavit of Jeanne C. Finegan, APR).) Final approval of the Moark Settlement Agreement was granted on August 15, 2012. (Doc. No. 727.) Entry of judgment will permit the time for appeal (or the time to seek permission to appeal) from the Court's approval of the Moark Settlement Agreement to commence, and to finally and fully resolve the claims of Direct Purchaser Plaintiffs against the Moark Defendants.

Moreover, once final judgment is entered (and the time for rescission has lapsed), the Direct Purchaser Plaintiffs will be able to obtain a significant amount of additional cooperation from the Moark Defendants. Paragraph 39(b) of the Moark Settlement Agreement provides:

> (b) **_Final Approval Cooperation._** *Upon Final Approval of the Agreement, and the rescission right having lapsed, Moark Defendants shall begin providing the following cooperation:*
>
>> (i) Interviews: At an agreed-upon time and at Moark Defendants' expense, Moark Defendants shall make available for one interview with Class Counsel and counsel for any other parties with which Moark Defendants have settled and/or their experts each then current directors, officers, and employees of Moark Defendants who possess information that, based on Class Counsel's good faith belief, would assist Plaintiffs in preparing and prosecuting the Action. The Moark Defendants would use their best efforts to assist Class Counsel in arranging interviews with former directors, officers, and employees of Moark Defendants.

(ii) <u>Declarations and Affidavits</u>: Moark Defendants shall make available to Class Counsel, upon reasonable notice, any then current directors, officers, and employees of Moark Defendants for the preparation of declarations and/or affidavits to be used in the prosecution of the Action. Moark Defendants shall use their best efforts to assist Class Counsel in arranging for declarations and/or affidavits of former directors, officers, and employees of Moark Defendants to be used in the prosecution of the Action.

(iii) <u>Depositions</u>: At an agreed-upon time and at Moark Defendants' expense, Moark Defendants shall make available for one deposition in the consolidated cases each of the then current directors, officers, and emp possess information that, based on Class Counsel's good faith belief, would assist Plaintiffs in preparing and prosecuting the Action. Written notice by Class Counsel upon Moark Defendants' counsel shall constitute sufficient service for such depositions. Moark Defendants shall use their best efforts to assist Class Counsel in arranging the deposition of former directors, officers, and employees of the Moark Defendants.

(iv) <u>Testimony at Trial</u>: Upon reasonable notice and at Moark Defendants' expense, Moark Defendants shall make available for testimony at trial, each of the then current directors, officers, and employees of Moark Defendants, designated by Class Counsel, who possess information, based on Class Counsel's good faith belief, that would assist Plaintiffs in trial of the Plaintiffs' claims as alleged in the Action.  Moark Defendants shall use their best efforts to assist class Counsel in arranging for the appearance of former directors, officers, and employees at trial.

(Emphasis added.)

Finally, in a case involving numerous defendants, the dismissal of one defendant will shorten the time of trial.  Accordingly, delaying entry of final judgment against the Moark Defendants serves no legitimate purpose.

For the reasons set forth above and in the Joint Motion, Direct Purchaser Plaintiffs and the Moark Defendants seek entry of final judgment in favor of Moark, LLC, Norco Ranch, Inc., and Land O'Lakes, Inc.  The parties' [Proposed] Entry of Judgment in Favor of Moark, LLC, Norco Ranch, Inc., and Land O'Lakes, Inc. is attached hereto as Exhibit A.[2]

---

[2] Pursuant to Fed. R. Civ. P. 58, "[e]very judgment … must be set out in a separate document …."

WHEREFORE, Direct Purchaser Plaintiffs and the Moark Defendants respectfully seek entry of judgment against Moark, LLC, Norco Ranch, Inc., and Land O'Lakes, Inc. pursuant to Fed. R. Civ. P. 54(b).

Dated: September 21, 2012

Respectfully submitted,

/s/ Steven A. Asher_____
Steven A. Asher
**WEINSTEIN KITCHENOFF & ASHER LLC**
1845 Walnut Street, Suite 1100
Philadelphia, PA 19103
(215) 545-7200
(215) 545-6536 (fax)
asher@ska-law.com

*Interim Co-Lead Counsel and Liaison Counsel for Direct Purchaser Plaintiffs*

Michael D. Hausfeld
**HAUSFELD LLP**
1700 K. Street NW, Suite 650
Washington, DC 20006
(202) 540-7200
(202) 540-7201 (fax)
mhausfeld@hausfeldllp.com

*Interim Co-Lead Counsel for Direct Purchaser Plaintiffs*

Stanley D. Bernstein
**BERNSTEIN LIEBHARD LLP**
10 East 40th Street, 22nd Floor
New York, New York 10016
(212) 779-1414
(212) 779-3218 (fax)
bernstein@bernlieb.com

*Interim Co-Lead Counsel for Direct Purchaser Plaintiffs*

5

Stephen D. Susman
**SUSMAN GODFREY L.L.P.**
560 Lexington Avenue, 15th Floor
New York, NY 10022-6828
(212) 336-8330
(212) 336-8340 (fax)
ssusman@susmangodfrey.com

*Interim Co-Lead Counsel for Direct Purchaser Plaintiffs*


/s/ Nathan P. Eimer
Nathan P. Eimer
**EIMER STAHL LLP**
224 South Michigan Avenue, Suite 1100
Chicago, IL 60604
(312) 660-7600
(312) 692-1718 (fax)
neimer@eimerstahl.com

*Counsel for Defendants Moark, LLC, Norco Ranch, Inc., and Land O' Lakes, Inc.*

6