UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: PROCESSED EGG PRODUCTS ANTITRUST LITIGATION <br><br> ——————————————————— <br><br><br> THIS DOCUMENT RELATES TO: <br> All Direct Purchaser Actions | § <br> § <br> §    MDL No. 2002 <br> §    08-md-02002 <br> § <br> § <br> § <br> § <br> § |

**MEMORANDUM IN SUPPORT OF JOINT
<u>MOTION FOR ENTRY OF JUDGMENT IN FAVOR OF SPARBOE FARMS, INC.</u>**

Pursuant to this Court's Orders and the Settlement Agreement between Direct Purchaser Plaintiffs[1] and Sparboe Farms, Inc. ("Sparboe"), Direct Purchaser Plaintiffs and Sparboe hereby jointly move for entry of judgment in favor of Sparboe Farms, Inc. in accordance with Fed. R. Civ. P. 54(b).

**<u>Background</u>**

On June 5, 2009, Sparboe and the Direct Purchaser Plaintiffs entered into a settlement agreement to resolve the litigation between them ("Sparboe Settlement Agreement").[2] Notice of the Sparboe Settlement Agreement was given to the Class in September 2010. (Doc. No. 414-1 (Affidavit of Jeanne C. Finegan, APR).)

On July 16, 2012, this Court granted final approval of the Sparboe Settlement Agreement, finding the settlement to be fair, reasonable and adequate. (Doc. No. 698.)

---

[1] Direct Purchaser Plaintiffs are T.K. Ribbing's Family Restaurant, LLC; Somerset Industries, Inc.; John A. Lisciandro d/b/a Lisciandro's Restaurant; Goldberg and Solovy Foods, Inc.; Karetas Foods, Inc.; Nussbaum-SF, Inc.; Wixon, Inc.; SensoryEffects Flavor Co. d/b/a SensoryEffects Flavor Systems; and Eby-Brown Company LLC.

[2] Originally executed on June 5, 2009, the Sparboe Settlement Agreement was re-executed on June 22, 2009 in order to accommodate a minor adjustment to the Agreement.

1

On August 15, 2012, the Court ordered Direct Purchaser Plaintiffs to file a motion for entry of a proposed entry of judgment in connection with the Sparboe Settlement Agreement by September 21, 2012. (Doc. No. 727.) Pursuant to this Court's Orders, the Sparboe Settlement Agreement, and Federal Rules of Civil Procedure 54(b) and 58, Direct Purchaser Plaintiffs and Sparboe jointly move this Honorable Court for entry of final judgment in favor of Sparboe, as set forth in the parties' [Proposed] Entry of Judgment in Favor of Sparboe Farms, Inc., attached hereto as Exhibit A.

## There Is No Just Reason To Delay Entry Of Judgment

Federal Rule of Civil Procedure 54(b) provides that, when multiple parties are involved, but judgment is being entered to fewer than all, the Court may only direct entry of final judgment if it determines "there is no just reason for delay." *Id.* When determining whether there is no just reason for delaying entry of final judgment, a court must balance "considerations of judicial administrative interests (preservation of the federal policy against piecemeal appeals) and equities (justice to the litigants)." *Carter v. City of Phila.*, 181 F.3d 339, 346 (3d Cir. 1999) (citing *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980)). The decision of whether to grant a Rule 54(b) certification is within the sound discretion of the district court. *See Curtiss-Wright Corp.* 446 U.S. at 10.

In exercising discretion under Rule 54(b), the Third Circuit has identified a variety of factors that the court may consider:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Berckeley Inv. Group, Ltd. v. Colkitt*, 455 F.3d 195, 203 (3d Cir. 2006) (quoting *Allis-Chalmers Corp. v. Philadelphia Elec. Co.*, 521 F.2d 360, 364 (3d Cir. 1975)). These factors are either not relevant (*e.g.,* factors 1-4) to the Rule 54(b) analysis, or do not weigh against entry of final judgment in favor of Sparboe. *See Allis-Chalmers Corp.*, 521 F.2d at 363 ("depending upon the facts of the particular case, all or some of the above factors may bear upon the trial court's discretion in certifying a judgment as final under Rule 54(b)").

Here, there is no just reason to delay the entry of judgment in favor of Sparboe. The settlement was reached in June 2009. Class members have had notice of the settlement since September 2010, when notice of the settlement was mailed and published. (Doc. No. 414-1 (Affidavit of Jeanne C. Finegan, APR).) Final approval of the Sparboe Settlement Agreement was granted on July 16, 2012. (Doc. No. 698.) Entry of judgment will permit the time for appeal (or the time to seek permission to appeal) from the Court's approval of the Sparboe Settlement Agreement to commence, so that the claims of Direct Purchaser Plaintiffs against Sparboe can be finally and fully resolved. Moreover, in a case involving numerous defendants, the dismissal of one defendant will shorten the time of trial. Accordingly, delaying entry of final judgment against Sparboe serves no legitimate purpose.

For the reasons set forth above and in the supporting memorandum of law, Direct Purchaser Plaintiffs seek entry of final judgment in favor of Sparboe. Direct Purchaser Plaintiffs' [Proposed] Entry of Judgment in Favor of Sparboe Farms, Inc. is attached hereto as Exhibit A.[3]

WHEREFORE, Direct Purchaser Plaintiffs and Sparboe respectfully seek entry of judgment against Sparboe pursuant to Fed. R. Civ. P. 54(b).

---

[3] Pursuant to Fed. R. Civ. P. 58, "[e]very judgment … must be set out in a separate document …."

Dated: September 21, 2012

        Respectfully submitted,


        /s/ Steven A. Asher_____
        Steven A. Asher
        **WEINSTEIN KITCHENOFF & ASHER LLC**
        1845 Walnut Street, Suite 1100
        Philadelphia, PA 19103
        (215) 545-7200
        (215) 545-6536 (fax)
        asher@ska-law.com

*Interim Co-Lead Counsel and Liaison Counsel for Direct Purchaser Plaintiffs*

Michael D. Hausfeld
**HAUSFELD LLP**
1700 K. Street NW, Suite 650
Washington, DC 20006
(202) 540-7200
(202) 540-7201 (fax)
mhausfeld@hausfeldllp.com

*Interim Co-Lead Counsel for Direct Purchaser Plaintiffs*

Stanley D. Bernstein
**BERNSTEIN LIEBHARD LLP**
10 East 40th Street, 22nd Floor
New York, New York 10016
(212) 779-1414
(212) 779-3218 (fax)
bernstein@bernlieb.com

*Interim Co-Lead Counsel for Direct Purchaser Plaintiffs*

Stephen D. Susman
**SUSMAN GODFREY L.L.P.**
560 Lexington Avenue, 15th Floor
New York, NY 10022-6828
(212) 336-8330
(212) 336-8340 (fax)
ssusman@susmangodfrey.com

4

*Interim Co-Lead Counsel for Direct Purchaser Plaintiffs*

/s/ Troy J. Hutchinson
Troy J. Hutchinson
**BRIGGS AND MORGAN**
2200 IDS Center
80 South 8th Street
Minneapolis, MN 55402
(612) 977-8415
(612) 977-8650 (fax)
thutchinson@briggs.com

*Counsel for Sparboe Farms, Inc.*