UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: PROCESSED EGG PRODUCTS : | MDL No. 2002 |
| ANTITRUST LITIGATION : | Case No: 08-md-02002 |
| : | |
| : | |
| THIS DOCUMENT APPLIES TO : | |
| ALL DIRECT PURCHASER ACTIONS : | |
| : | |

**DIRECT PURCHASER PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENTS BETWEEN PLAINTIFFS AND DEFENDANT NATIONAL FOOD CORPORATION AND PLAINTIFFS AND DEFENDANT MIDWEST POULTRY SERVICES, LP, FOR CERTIFICATION OF CLASS ACTION FOR PURPOSES OF THE SETTLEMENTS, AND FOR LEAVE TO FILE MOTION FOR FEES, EXPENSES, AND INCENTIVE AWARDS**

Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, Direct Purchaser Plaintiffs ("Plaintiffs") respectfully move the Court to: (1) preliminarily approve a settlement between Plaintiffs and National Food Corporation ("NFC") as set forth in the "Settlement Agreement Between Direct Purchaser Plaintiffs and Defendant National Food Corporation," attached as Exhibit 1 to the Pizzirusso Declaration (NFC); (2) preliminarily approve a settlement between Plaintiffs and Midwest Poultry Services, LP ("Midwest Poultry") as set forth in the "Settlement Agreement Between Direct Purchaser Plaintiffs and Defendant Midwest Poultry Services, LP," attached as Exhibit 1 to the Pizzirusso Declaration (Midwest Poultry); (3) preliminarily certify a class for purposes of each Settlement Agreement; and (4) grant Plaintiffs leave to file a motion for attorneys' fees and reimbursement of expenses, and for reasonable incentive awards, where appropriate.

This motion is based on the accompanying Memorandum of Law in Support and the Declarations of James J. Pizzirusso submitted herewith, and is made on the following grounds:

1. The Settlements fall within the range of reasonableness, *In re Imprelis Herbicide Mktg., Sales Practices & Prods. Liab. Litig.*, 2013 U.S. Dist. LEXIS 18332, at *7

(E.D. Pa. Feb. 11, 2013), and are "sufficiently fair, reasonable and adequate to justify notice to those affected and an opportunity to be heard," the applicable standards for preliminary approval of a class action settlement, *see In re Auto. Refinishing Paint Antitrust Litig.,* MDL NO. 1426, 2004 WL 1068807, at *1 (E.D. Pa. May 11, 2004) (citation omitted).

2. The Settlement Agreements will provide the proposed class with valuable cash consideration, and require NFC and Midwest Poultry to cooperate with Plaintiffs in the continued litigation of the case, as described in the Settlement Agreements and accompanying memorandum. Interim Co-Lead Counsel believe that this will greatly assist them in further analyzing and prosecuting the claims this Action. *See In re Ikon Office Supplies Inc. Sec. Litig.*, 194 F.R.D. 166 (E.D. Pa. 2000).

3. The Settlements are fair to the Class as a whole, treat Class Representatives the same as other Settlement Class members, and require Interim Co-Lead Counsel to seek Court approval of an award for attorneys' fees and expenses from the Settlement Amount.

4. The Settlements are the result of extensive arm's-length negotiations by experienced antitrust and class action lawyers. *See In re Auto. Refinishing Paint Antitrust Litig.*, 2004 WL 1068807 at *1 (citations omitted); *Thomas v. NCO Fin. Sys.*, No. CIV.A. 00-5118, 2002 WL 1773035, at *5 (E.D. Pa. July 31, 2002).

5. The Settlement Agreements were negotiated and executed after fact discovery was significantly advanced.

6. The expense and uncertainty of continued litigation against NFC and Midwest Poultry, and the likelihood of appeals, militates strongly in favor of approval. *See In re Linerboard Antitrust Litig.*, 292 F. Supp. 2d 631, 638 (E.D. Pa. 2003); *In re Remeron End-Payor Antitrust Litig.*, No. Civ. 02-2007, 2005 WL 2230314, at *17 (D.N.J. Sept. 13, 2005).

7. The Settlement Class, as defined in the Settlement Agreements, meets the requirements of Fed. R. Civ. P. 23(a) and (b)(3).

Dated:       April 25, 2014            Respectfully submitted,

/s/     *Steven A. Asher*
Steven A. Asher
**WEINSTEIN KITCHENOFF & ASHER LLC**
1845 Walnut Street, Suite 1100
Philadelphia, PA 19103
(215) 545-7200
(215) 545-6536 (fax)
asher@wka-law.com

*Interim Co-Lead Counsel and Liaison Counsel for Direct Purchaser Plaintiffs*

Michael D. Hausfeld
**HAUSFELD LLP**
1700 K Street NW
Suite 650
Washington, DC  20006
(202) 540-7200
(202) 540-7201 (fax)
mhausfeld@hausfeldllp.com
*Interim Co-Lead Counsel for Direct Purchaser Plaintiffs*

Stanley D. Bernstein
**BERNSTEIN LIEBHARD LLP**
10 East 40th Street, 22nd Floor
New York, New York 10016
(212) 779-1414
(212) 779-3218 (fax)
bernstein@bernlieb.com
*Interim Co-Lead Counsel for Direct Purchaser Plaintiffs*

Stephen D. Susman
**SUSMAN GODFREY LLP**
654 Madison Avenue, 5th Floor
New York, NY 10065-8404
(212) 336-8330
(212) 336-8340 (fax)
ssusman@susmangodfrey.com

*Interim Co-Lead Counsel for Direct Purchaser Plaintiffs*