UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: PROCESSED EGG PRODUCTS ANTITRUST LITIGATION | § § § § § § § § § § § |
| | MDL No. 2002 08-md-02002 |
| THIS DOCUMENT RELATES TO: All Direct Purchaser Actions | |

### DIRECT PURCHASER PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO ALLOW ADDITIONAL TIME FOR DEPOSITION OF PLAINTIFFS' EXPERT WITNESS

Direct Purchaser Plaintiffs respectfully submit this opposition to Defendants' Motion to allow Additional Time for Deposition for Plaintiffs' Expert Witness (ECF No. 989). Because seven hours is more than enough time for Defendants' to examine Dr. Rausser about his declaration, the Court should deny Defendants' motion and enforce the presumptive one-day, seven-hour limit established in Federal Rule of Civil Procedure 30(d).[1]

### Argument

It is Defendants' burden to show "good cause" to justify exceeding Rule 30(d)'s seven-hour limit. Fed. R. Civ. P. 30(d) Advisory Committee's Note (2000); *see also, e.g.*, *Carmody v. Village of Rockville Centre*, No. CV-05-4907, 2007 WL 2177064, at *2 (E.D.N.Y. July 27, 2007). Defendants do not cite this standard or even mention the phrase "good cause" in their motion or supporting memorandum. More importantly, Defendants' general and conclusory

---

[1] Defendants state that they "have met and conferred in good faith with Plaintiffs to request fourteen hours to depose Dr. Rausser," Defs. Mem. at 1, but during the meet-and-confer Defendants never requested more than *ten* hours. And indeed, one of the three cases on which they rely set a ten-hour limit. *See Independence Park Apartments v. United States*, 59 Fed. Cl. 765 (Fed. Cl. 2004).

1

statements about their "need" for two days and fourteen hours do not establish the required good cause.

Defendants cannot meet their burden by simply counting up the number of transactions Dr. Rausser analyzed and lamenting, superficially, about the length of Dr. Rausser's report. To begin with, it is standard in the modern world of class actions for regression models to analyze millions of transactions. *See, e.g.*, *In re Elec. Books Antitrust Litig.*, No. 11 MD 2293, 2014 WL 1282293, at *32 (S.D.N.Y. Mar. 28, 2014) (granting class certification after considering a regression analysis of more than 149 million sales transactions); *In re Polyurethane Foam Antitrust Litig.*, MDL Docket No. 2196 (W.D. Ohio Apr. 16, 2014). Though there are millions of transactions in Dr. Rausser's database, in reality each of his regression models contains considerably fewer variables, and Defendants surely are not going to question him about each sale of eggs (whether shell eggs or processed eggs) that they made. Indeed, Defendants refer vaguely to "numerous questions" raised by Dr. Rausser's regressions, but they do not identify a single one. Defs.' Mem. at 4. A stronger showing is required to warrant a departure from the default seven hour limit. Moreover, the number of "lines of code" in Dr. Rausser's computer program or the number of gigabytes of his files are not likely to impact the number of Defendants' *questions* about the opinions he is offering, and Defendants do not offer an explanation as to how they would.[2]

Defendants' emphasis on the fact that the proposed class includes two subclasses—one for shell eggs and one for egg products—does nothing to advance their position. The bulk of Dr. Rausser's report is common to both subclasses, and most of the variables in the shell egg and egg product regressions are identical. Questioning about the few variables that differ, which are

---

[2] There is a typographical error in Defendants' memorandum. The backup data for Dr. Rausser's declaration was made available via an ftp site on Wednesday, June 4, 2014 (not "Wednesday, June 5, 2014"). Defs.' Mem. at 2.

limited to product characteristics, will not require extending the seven-hour limit. Defendants' suggestion that they will question Dr. Rausser "regarding shell eggs on one day" and then "regarding egg products on a second day" ignores the substantial overlap with respect to the two subclasses in Dr. Rausser's declaration. Defs.' Mem. at 5. There certainly is no basis to suggest that questioning as to each of the subclasses would require a full day.

The length of Dr. Rausser's declaration (96 pages) does not support a two-day deposition. Relative to other expert reports in cases of this type, 96 pages is not even particularly long. But the clarity and thoroughness of Dr. Rausser's discussion actually undermines Defendants' argument, as they cannot plausibly claim that they do not understand Dr. Rausser's methodology or opinions. *Cf. Allstate Ins. Co. v. Nassiri*, No. 2:08-cv-00369-JCM-GWF, 2011 WL 2975461, at *7, 10 (D. Nev. July 21, 2011) (noting that exchange of expert reports "may also eliminate the need to depose the expert witness or, at least, reduce the time required for deposition" and finding that "[t]he absence of an expert witness report increases the need for a complete and thorough deposition").[3]

While the Advisory Committee has noted that additional time "may" be warranted "more often" for experts than for fact witnesses, in practice seven-hour depositions (or shorter) of experts are the norm, even in antitrust matters involving class certification issues. Fed. R. Civ. P. 30(d) Advisory Committee's Note (2000). Thus, in *In Re Rail Freight Fuel Surcharge Antitrust Litigation*, a case with billions of dollars of damages in which Dr. Rausser analyzed millions of transactions, the deposition on his initial declaration in support of class certification was completed within the seven-hour limit. Other of Dr. Rausser's depositions (some of which were

---

[3] Defendants' suggestion that extra time is warranted because there are multiple defendants remaining in the case only underscores why the seven-hour limit should be enforced here. *See* Defs.' Mem. at 3 (discussing "the need for each party to examine the witness"). A two-day deposition would invariably result in repetitive questioning by multiple defense counsel; instead, Defendants should coordinate to ensure an efficient one-day deposition.

in class actions) have likewise been completed in a single day, including *Mylan Pharmaceuticals, Inc. v. Warner Chilcott Public Ltd. Co.*, No. 12-3824 (E.D. Pa.); *In re Flonase Antitrust Litigation*, No. 08-cv-3301 (E.D. Pa.); *In re Northeastern Milk Antitrust Litigation*, No. 5:09-cv-230 (D. Vt.); *In re Skelaxin (Metaxalone) Antitrust Litigation*, No. 1:12-md-2343 (E.D. Tenn.); *Stanislaus Food Products v. USS-POSCO Industries*, No. 1:09-cv-00560-LJO-SMS (E.D. Cal.); and *Forest Laboratories, Inc. v. Caraco Pharmaceutical Laboratories, Ltd.*, No. 2:06-cv-13143-BAF-MKM (E.D. Mich.).

Finally, *In re Electronic Books Antitrust Litigation*, No. 11-MD-2293 (S.D.N.Y.), cited above, is particularly instructive. There, the defendant argued that it was entitled to two days, or at least 10.5 hours, to depose the plaintiffs' economic expert concerning his declaration in support of class certification, making the same arguments as Defendants do here—large damages, "complex econometric techniques applied to a massive database," and the "centrality" of the expert to the class certification motion—and citing to the same case, *Hill v. Kaiser-Francis Oil Co.*, No. CIV-09-07-R, 2012 WL 528280 (W.D. Okla. Feb. 17, 2012). Ex. A, Letter from Theodore J. Boutros, Jr. to Hon. Denise L. Cote, No. 1:12-cv-03394, ECF No. 326 (S.D.N.Y. Oct. 22, 2013). In response, the plaintiffs noted that seven other experts in the case had been deposed in a single day. Ex. B, Letter from Robert Hubbard to Hon. Denise L. Cote, No. 1:12-cv-03394, ECF No. 327 (S.D.N.Y. Oct. 23, 2013).[4] Ruling on the dispute, the court limited the deposition to six hours. Ex. C, Order, No. 1:12-cv-03394, ECF No. 388 (S.D.N.Y. Dec. 27, 2013) (referencing ruling on October 24, 2013).[5]

---

[4] In *Electronic Books*, five of the experts were deposed in seven hours, with six hours allotted to the party taking the deposition and one hour for the party defending the deposition; the other two experts were deposed in eight hours on a single day, with seven hours for the party taking the deposition and one hour for the party defending the deposition. Ex. B.

[5] Similarly, in the *Polyurethane Foam* antitrust case cited above, the expert depositions did not exceed seven hours.

## Conclusion

Because Defendants have not shown good cause to extend Dr. Rausser's deposition beyond the one-day, seven-hour presumptive limit of Rule 30(d), the Court should deny Defendants' motion.

Dated: June 12, 2014.                    Respectfully submitted,

                    /s/  Steven A. Asher
                 Steven A. Asher
                 **WEINSTEIN KITCHENOFF & ASHER LLC**
                 1845 Walnut Street, Suite 1100
                 Philadelphia, PA 19103
                 (215) 545-7200
                 (215) 545-6536 (fax)
                 asher@ska-law.com

*Interim Co-Lead Counsel and Liaison Counsel for Direct Purchaser Plaintiffs*

Michael D. Hausfeld
**HAUSFELD LLP**
1700 K. Street NW, Suite 650
Washington, DC 20006
(202) 540-7200
(202) 540-7201 (fax)
mhausfeld@hausfeldllp.com

*Interim Co-Lead Counsel for Direct Purchaser Plaintiffs*

Stanley D. Bernstein
**BERNSTEIN LIEBHARD LLP**
10 East 40th Street, 22nd Floor
New York, New York 10016
(212) 779-1414
(212) 779-3218 (fax)
bernstein@bernlieb.com

*Interim Co-Lead Counsel for Direct Purchaser Plaintiffs*

5

Stephen D. Susman
**SUSMAN GODFREY L.L.P.**
560 Lexington Avenue, 15th Floor
New York, NY 10022-6828
(212) 336-8330
(212) 336-8340 (fax)
ssusman@susmangodfrey.com

*Interim Co-Lead Counsel for Direct Purchaser Plaintiffs*