# Exhibit A

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel 213.229.7000
www.gibsondunn.com

Theodore J. Boutrous Jr.
Direct: +1 213.229.7804
Fax: +1 213.229.6804
TBoutrous@gibsondunn.com

October 22, 2013

VIA ECF FILING

The Honorable Denise L. Cote
United States District Judge, Southern District of New York

Re: *State of Texas, et al. v. Penguin Group (USA) Inc., et al.*, 12-CV-3394 (DLC);
*In re Electronic Books Antitrust Litig.*, 11-MD-2293 (DLC)

Dear Judge Cote:

Plaintiffs have submitted a declaration from economist Dr. Roger Noll, purporting to calculate damages of $307.8 million ($923.4 after trebling) for claimed overcharges paid by e-book purchasers, an amount that is *more than 40% higher* (by almost $90 million or $270 million post-trebling) than the $218.9 million damage estimate endorsed by Plaintiffs just 3 months ago (as calculated by economist Dr. Abraham Wickelgren).[1] *Compare* ECF No. 424, Declaration of Roger G. Noll at 6 (October 11, 2013) *with* ECF No. 368, Letter from R. Fisher (July 10, 2013). Class Plaintiffs' argument that antitrust injury can be proven on a class-wide basis rests on Dr. Noll's work, as does Plaintiff's argument that damages to individual consumers can be reliably calculated by a common methodology. *See e.g.*, ECF No. 423, Mem. of Law in Support of Class Plaintiffs' Mot. for Class Cert. and Appt. of Class Counsel at 14-17 (October 11, 2013); *see also* ECF No. 424 at 5-7. Dr. Noll's opinions involve complex econometric techniques applied to a massive database.

An adequate opportunity to depose Dr. Noll is critical to Apple's ability to defend itself against Plaintiffs' inflated damage claims. Notwithstanding the centrality of Dr. Noll's opinions to Class Plaintiffs' certification motion and to all Plaintiffs' damages claims, and notwithstanding the parties' express agreement that experts may be deposed for up to two days, Plaintiffs insist that they will only make Dr. Noll available for a single 7-hour deposition on November 1st and that "[i]f Apple believes it is entitled to depose Dr. Noll for more than 7 hours or on more than one occasion it is incumbent on Apple to seek resolution of the issue with Judge Cote in advance of the November 1 deposition." *See* Attachment A, Email from J. Friedman (October 18, 2013). Apple believes that it is entitled to up to two days with Dr. Noll but, in the spirit of compromise, seeks a 1.5 day (10.5 hour) deposition of Dr. Noll which will allow Apple the opportunity to explore his opinions and test the models,

---

[1] Plaintiffs successfully resisted the deposition of Dr. Wickelgren on the basis that Apple would have ample opportunity to depose their testifying economic expert. ECF No. 403, Letter from E. Lipman at 2 (September 13, 2013).

Beijing • Brussels • Century City • Dallas • Denver • Dubai • Hong Kong • London • Los Angeles • Munich
New York • Orange County • Palo Alto • Paris • San Francisco • São Paulo • Singapore • Washington, D.C.

# GIBSON DUNN

The Honorable Denise L. Cote
October 22, 2013
Page 2

data and assumptions underlying his calculations. Apple would propose to depose Dr. Noll on October 31st and November 1st in Palo Alto, California.[2]

The Joint Initial Report negotiated by the parties provides that "[a]n expert may be deposed for up to 2 days (14 hours of on-the-record time)." ECF No. 193, Joint Initial Report ¶ 8(g) (July 6, 2012). Although Plaintiffs agree generally that "the provisions of the Joint Initial Report will continue to apply to expert reports, expert depositions, and expert discovery..."[3] (*See* Attachment B, Email from G. Gervey (October 10, 2013)), they conveniently reject adherence to the 2-day maximum. They rely on the parties' decision to take less time to depose the experts proffered during the initial phase of this litigation but ignore the fact this was a <u>voluntary</u> and <u>mutual</u> agreement regarding specific experts based on the scope and complexity of their opinions, models, calculations and data.

Class Plaintiffs' certification motion is littered with references to Dr. Noll's declaration. *See e.g.*, ECF No. 423 at 1-2, 8-9, 14-17. They claim that Dr. Noll will "confirm that the conspiracy caused class-wide antitrust injury and estimate the amount of damages to class members." *Id.* at 14. Apple must be allowed the opportunity to fully explore the basis of Dr. Noll's opinions and calculations, and Plaintiffs' unilaterally imposed modification to the Joint Initial Report will hinder Apple's ability to do so. *See, e.g., Hill v. Kaiser-Francis Oil Co.*, No. CIV-09-07-R, 2012 WL 528280 at *3 (W.D. Okla. Feb 17, 2012) (allowing 14 hours of expert deposition where expert "serves as the primary Plaintiff's witness on damages" and "is prepared to theorize that the class suffered in excess of [$120 million] in damages").

Apple will accept the deposition date and location that Plaintiffs have offered (November 1, 2013) as one of the days for Dr. Noll's deposition, provided that his deposition start in the afternoon of the preceding day (October 31, 2013).[4] We believe this compromise fairly resolves the parties' disagreement, and respectfully request that the Court order Dr. Noll's deposition to proceed in this manner.

---

[2] In the event that Dr. Noll offers any amended, supplemental or rebuttal report, Apple reserves the right to depose Dr. Noll on that report. The additional deposition time is not included in the 10.5 hours of on-the-record time requested by Apple for Dr. Noll's deposition.

[3] This may be an issue for another day but, given the short timeframe, it bears note that Plaintiffs' failure to adhere to certain provisions in the Joint Initial Report—namely, the requirement that "the serving party must produce to all other parties a copy of all documents or data" referred to in any expert report "within 2 business days of service"—is jeopardizing Apple's ability to prepare for Dr. Noll's deposition and ready its opposition to the Class Plaintiffs' motion for class certification and its damages report. *See* Joint Initial Report ¶ 8(e). Six business days have elapsed since the filing of Dr. Noll's report and Plaintiffs' production of the necessary backup materials remains incomplete.

[4] All parties agree with the principle that a party's expert should be deposed no later than 14 days before the other party's responsive submissions are due. Apple's submissions are due on November 15. Although November 2 is less than 2 weeks before this date, and is a Saturday, Apple is willing to continue Dr. Noll's deposition on that day if October 31 is unavailable.

# GIBSON DUNN

The Honorable Denise L. Cote
October 22, 2013
Page 3

Sincerely,

*[signature: Theodore Boutrous by MP]*

Theodore J. Boutrous, Jr.

TJB/cr