IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: PROCESSED EGG PRODUCTS ANTITRUST LITIGATION : : : : : | MDL No. 2002 08-md-02002 |
| THIS DOCUMENT RELATES TO: All Indirect Purchaser Actions : : : | |

## INDIRECT PURCHASER PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Indirect Purchaser Plaintiffs ("Plaintiffs") hereby move this Court for an Order certifying this action as a class action. Plaintiffs respectfully request that the Court certify the following Injunction and Indirect Purchaser State Law Classes in this action:

INJUNCTION CLASS

    All individuals and entities in the Class Jurisdictions[1] that purchased shell eggs during the Class Period from October 1, 2006 through the present from a retailer for their own use and not for resale and that intend to purchase shell eggs in the future. Specifically excluded from this class are Defendants' subsidiaries and affiliates, as well as individuals whose only purchases of shell eggs were purchases of "specialty" shell eggs, such as "organic," "free-range," "nutritionally enhanced," "cage-free," and hatching eggs.

INDIRECT PURCHASER STATE LAW CLASSES

ARIZONA:

    All individuals and entities that purchased shell eggs from a retailer, for their own use and not for resale, during the Class Period from October 1, 2006 through the present and while residing in Arizona. Specifically excluded from this class are Defendants' subsidiaries and affiliates, as well as individuals whose only

---

[1] "Class Jurisdiction" refers to the following jurisdictions, separately: Arizona, California, Florida, Iowa, Kansas, Massachusetts, Michigan, Minnesota, Mississippi, Nebraska, Nevada, New Mexico, New York, North Carolina, North Dakota, South Dakota, Tennessee, Utah, Vermont, West Virginia, and Wisconsin. "Class Jurisdictions" refers to each of these Class Jurisdictions, collectively.

purchases of shell eggs were purchases of "specialty" shell eggs, such as "organic," "free-range," "nutritionally enhanced," "cage-free," and hatching eggs. (The "Arizona Indirect Purchaser Class")

CALIFORNIA:

All individuals and entities that purchased shell eggs from a retailer, for their own use and not for resale, during the Class Period from October 1, 2006 through the present and while residing in California. Specifically excluded from this class are Defendants' subsidiaries and affiliates, as well as individuals whose only purchases of shell eggs were purchases of "specialty" shell eggs, such as "organic," "free-range," "nutritionally enhanced," "cage-free," and hatching eggs. (The "California Indirect Purchaser Class")

FLORIDA:

All individuals and entities that purchased shell eggs from a retailer, for their own use and not for resale, during the Class Period from October 1, 2006 through the present and while residing in Florida. Specifically excluded from this class are Defendants' subsidiaries and affiliates, as well as individuals whose only purchases of shell eggs were purchases of "specialty" shell eggs, such as "organic," "free-range," "nutritionally enhanced," "cage-free," and hatching eggs. (The "Florida Indirect Purchaser Class")

IOWA:

All individuals and entities that purchased shell eggs from a retailer, for their own use and not for resale, during the Class Period from October 1, 2006 through the present and while residing in Iowa. Specifically excluded from this class are Defendants' subsidiaries and affiliates, as well as individuals whose only purchases of shell eggs were purchases of "specialty" shell eggs, such as "organic," "free-range," "nutritionally enhanced," "cage-free," and hatching eggs. (The "Iowa Indirect Purchaser Class")

KANSAS:

All individuals and entities that purchased shell eggs from a retailer, for their own use and not for resale, during the Class Period from October 1, 2006 through the present and while residing in Kansas. Specifically excluded from this class are Defendants' subsidiaries and affiliates, as well as individuals whose only purchases of shell eggs were purchases of "specialty" shell eggs, such as "organic," "free-range," "nutritionally enhanced," "cage-free," and hatching eggs. (The "Kansas Indirect Purchaser Class")

MASSACHUSETTS:

All individuals and entities that purchased shell eggs from a retailer, for their own use and not for resale, during the Class Period from October 1, 2006 through the present and while residing in Massachusetts. Specifically excluded from this class are Defendants' subsidiaries and affiliates, as well as individuals whose only purchases of shell eggs were purchases of "specialty" shell eggs, such as "organic," "free-range," "nutritionally enhanced," "cage-free," and hatching eggs. (The "Massachusetts Indirect Purchaser Class")

MICHIGAN:

All individuals and entities that purchased shell eggs from a retailer, for their own use and not for resale, during the Class Period from October 1, 2006 through the present and while residing in Michigan Specifically excluded from this class are Defendants' subsidiaries and affiliates, as well as individuals whose only purchases of shell eggs were purchases of "specialty" shell eggs, such as "organic," "free-range," "nutritionally enhanced," "cage-free," and hatching eggs. (The "Michigan Indirect Purchaser Class")

MINNESOTA:

All individuals and entities that purchased shell eggs from a retailer, for their own use and not for resale, during the Class Period from October 1, 2006 through the present and while residing in Minnesota. Specifically excluded from this class are Defendants' subsidiaries and affiliates, as well as individuals whose only purchases of shell eggs were purchases of "specialty" shell eggs, such as "organic," "free-range," "nutritionally enhanced," "cage-free," and hatching eggs. (The "Minnesota Indirect Purchaser Class")

MISSISSIPPI:

All individuals and entities that purchased shell eggs from a retailer, for their own use and not for resale, during the Class Period from October 1, 2006 through the present and while residing in Mississippi. Specifically excluded from this class are Defendants' subsidiaries and affiliates, as well as individuals whose only purchases of shell eggs were purchases of "specialty" shell eggs, such as "organic," "free-range," "nutritionally enhanced," "cage-free," and hatching eggs. (The "Mississippi Indirect Purchaser Class")

NEBRASKA:

All individuals and entities that purchased shell eggs from a retailer, for their own use and not for resale, during the Class Period from October 1, 2006 through the present and while residing in Nebraska. Specifically excluded from this class are Defendants' subsidiaries and affiliates, as well as individuals whose only purchases of shell eggs were purchases of "specialty" shell eggs, such as

"organic," "free-range," "nutritionally enhanced," "cage-free," and hatching eggs. (The "Nebraska Indirect Purchaser Class")

NEVADA:

All individuals and entities that purchased shell eggs from a retailer, for their own use and not for resale, during the Class Period from October 1, 2006 through the present and while residing in Nevada. Specifically excluded from this class are Defendants' subsidiaries and affiliates, as well as individuals whose only purchases of shell eggs were purchases of "specialty" shell eggs, such as "organic," "free-range," "nutritionally enhanced," "cage-free," and hatching eggs. (The "Nevada Indirect Purchaser Class")

NEW MEXICO:

All individuals and entities that purchased shell eggs from a retailer, for their own use and not for resale, during the Class Period from October 1, 2006 through the present and while residing in New Mexico Specifically excluded from this class are Defendants' subsidiaries and affiliates, as well as individuals whose only purchases of shell eggs were purchases of "specialty" shell eggs, such as "organic," "free-range," "nutritionally enhanced," "cage-free," and hatching eggs. (The "New Mexico Indirect Purchaser Class")

NEW YORK:

All individuals and entities that purchased shell eggs from a retailer, for their own use and not for resale, during the Class Period from October 1, 2006 through the present and while residing in New York. Specifically excluded from this class are Defendants' subsidiaries and affiliates, as well as individuals whose only purchases of shell eggs were purchases of "specialty" shell eggs, such as "organic," "free-range," "nutritionally enhanced," "cage-free," and hatching eggs. (The "New York Indirect Purchaser Class")

NORTH CAROLINA:

All individuals and entities that purchased shell eggs from a retailer, for their own use and not for resale, during the Class Period from October 1, 2006 through the present and while residing in North Carolina. Specifically excluded from this class are Defendants' subsidiaries and affiliates, as well as individuals whose only purchases of shell eggs were purchases of "specialty" shell eggs, such as "organic," "free-range," "nutritionally enhanced," "cage-free," and hatching eggs. (The "North Carolina Indirect Purchaser Class")

NORTH DAKOTA:

All individuals and entities that purchased shell eggs from a retailer, for their own use and not for resale, during the Class Period from October 1, 2006 through the

present and while residing in North Dakota. Specifically excluded from this class are Defendants' subsidiaries and affiliates, as well as individuals whose only purchases of shell eggs were purchases of "specialty" shell eggs, such as "organic," "free-range," "nutritionally enhanced," "cage-free," and hatching eggs. (The "North Dakota Indirect Purchaser Class")

SOUTH DAKOTA:

All individuals and entities that purchased shell eggs from a retailer, for their own use and not for resale, during the Class Period from October 1, 2006 through the present and while residing in South Dakota. Specifically excluded from this class are Defendants' subsidiaries and affiliates, as well as individuals whose only purchases of shell eggs were purchases of "specialty" shell eggs, such as "organic," "free-range," "nutritionally enhanced," "cage-free," and hatching eggs. (The "South Dakota Indirect Purchaser Class")

TENNESSEE:

All individuals and entities that purchased shell eggs from a retailer, for their own use and not for resale, during the Class Period from October 1, 2006 through the present and while residing in Tennessee. Specifically excluded from this class are Defendants' subsidiaries and affiliates, as well as individuals whose only purchases of shell eggs were purchases of "specialty" shell eggs, such as "organic," "free-range," "nutritionally enhanced," "cage-free," and hatching eggs. (The "Tennessee Indirect Purchaser Class")

UTAH:

All individuals and entities that purchased shell eggs from a retailer, for their own use and not for resale, during the Class Period from October 1, 2006 through the present and while residing in Utah. Specifically excluded from this class are Defendants' subsidiaries and affiliates, as well as individuals whose only purchases of shell eggs were purchases of "specialty" shell eggs, such as "organic," "free-range," "nutritionally enhanced," "cage-free," and hatching eggs. (The "Utah Indirect Purchaser Class")

VERMONT:

All individuals and entities that purchased shell eggs from a retailer, for their own use and not for resale, during the Class Period from October 1, 2006 through the present and while residing in Vermont. Specifically excluded from this class are Defendants' subsidiaries and affiliates, as well as individuals whose only purchases of shell eggs were purchases of "specialty" shell eggs, such as "organic," "free-range," "nutritionally enhanced," "cage-free," and hatching eggs. (The "Vermont Indirect Purchaser Class")

WEST VIRGINIA:

All individuals and entities that purchased shell eggs from a retailer, for their own use and not for resale, during the Class Period from October 1, 2006 through the present and while residing in West Virginia. Specifically excluded from this class are Defendants' subsidiaries and affiliates, as well as individuals whose only purchases of shell eggs were purchases of "specialty" shell eggs, such as "organic," "free-range," "nutritionally enhanced," "cage-free," and hatching eggs. (The "West Virginia Indirect Purchaser Class")

WISCONSIN:

All individuals and entities that purchased shell eggs from a retailer, for their own use and not for resale, during the Class Period from October 1, 2006 through the present and while residing in Wisconsin. Specifically excluded from this class are Defendants' subsidiaries and affiliates, as well as individuals whose only purchases of shell eggs were purchases of "specialty" shell eggs, such as "organic," "free-range," "nutritionally enhanced," "cage-free," and hatching eggs. (The "Wisconsin Indirect Purchaser Class")

Plaintiffs seek class certification to resolve Defendants' liability pursuant to Section One of the Sherman Act, 15 U.S.C. § 1, state antitrust law and state unjust enrichment law for their alleged conspiracy to raise the commodity prices for shell eggs and egg products by restricting the supply of eggs. As set forth in the Plaintiffs' Memorandum of Law, the proposed Classes meet the requirements for class certification under Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure.

Each Plaintiff meets all the requirements for appointment as Class Representative of their respective Indirect Purchaser State Law Class and the Injunctive Class. Accordingly, Plaintiffs move for an order appointing following individuals and entities as class representatives:

| State | Class Rep |
| --- | --- |
| Arizona | Nathan Levi Esquerra |
| Arizona | Scott Friedson |
| Arizona | John Ryan |
| California | Morris Clement |
| California | Jessica Swift |
| California | Pilar M. De Castro & Co, Inc. |
| Florida | Jeanne Rice |

6

| State | Class Rep |
|---|---|
| Florida | Joan Gibbons |
| Iowa | Julia McGuire |
| Kansas | Donn Camlin |
| Kansas | Thomas Williams |
| Massachusetts | Patricia Flynn |
| Massachusetts | Elizabeth Priest |
| Michigan | Martin Gojcaj |
| Michigan | Thomas Roth |
| Minnesota | Sharon Defren |
| Mississippi | Leanne Hardin |
| Nebraska | Dustin Crenshaw |
| Nebraska | John Anthony Spracklin |
| Nevada | Rachelle L. Hagendorf |
| Nevada | Charles Shoten |
| New Mexico | Trudy Solo |
| New York | Thomas McManus |
| New York | Mark Moynahan |
| North Carolina | Lynsey Allen |
| North Carolina | Amy Fairchild |
| South Dakota | Rhonda McGrath |
| Tennessee | James Anderson |
| Tennessee | Glenna Sue King |
| Utah | Michael Dobson |
| Vermont | Sandra Drown |
| West Virginia | Lester Skinner |
| Wisconsin | Robert Nelson |
| Wisconsin | Jason Oldenburg |

In addition, Plaintiffs move for an order appointing the law firms of Lovell Stewart Halebian LLP, Meredith & Narine, Milberg LLP and Straus & Boies, LLP as Co-Lead Class Counsel.

This motion is supported by (1) the accompanying memorandum of law, and all exhibits attached thereto and/or referenced therein; and (2) the Declaration of Krishna B. Narine and all exhibits attached thereto and/or referenced therein, including the Expert Report of Kyle W. Stiegert, Ph.D., and all exhibits attached thereto and/or referenced therein; and (4) such other evidence and argument as may be presented at or before the hearing of this motion.

7

Plaintiffs respectfully request that this Court grant this motion for class certification, appoint plaintiffs as class representatives, and appoint the undersigned as class counsel.

Dated:  August 29, 2014	Respectfully submitted,

/s/ *Krishna B. Narine*
Krishna B. Narine
**MEREDITH & NARINE**
100 S. Broad Street, Suite 905
Philadelphia, PA 19110
Tel:  (215) 564-5182
Fax: (267) 687-1628
knarine@m-npartners.com

*Interim Co-Lead and Liaison Counsel for the Indirect Purchaser Plaintiffs*

Paul F. Novak
Elizabeth McKenna
Charles Slidders
**MILBERG LLP**
One Pennsylvania Plaza
New York, NY  10119
Tel: (212) 594-5300
Fax: (212) 868-1229
pnovak@milberg.com
emckenna@milberg.com
cslidders@milberg.com

Timothy D. Battin
Mark J. Schirmer
**STRAUS & BOIES, LLP**
4041 University Drive, 5th Floor
Fairfax, VA 22030
Tel: (703) 764-8700
Fax: (703) 764-8704
tbattin@straus-boies.com
mschirmer@straus-boies.com

Christopher Lovell
Craig Essenmacher
**LOVELL STEWART HALEBIAN LLP**
500 Fifth Avenue, Floor 58
New York, NY 10110
Tel: (212) 608-1900
Fax: (212) 719-4667
clovell@lshllp.com
craigessenmacher@yahoo.com

*Interim Co-Lead Counsel for the Indirect Purchaser Plaintiffs*