IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: PROCESSED EGG PRODUCTS ANTITRUST LITIGATION | : <br> : <br> : **MDL No. 2002** <br> : **08-md-02002** <br> : |
| THIS DOCUMENT APPLIES TO: ALL DIRECT PURCHASER PLAINTIFF ACTIONS | : <br> : <br> : <br> : |

## ORDER GRANTING FINAL APPROVAL OF THE AMENDMENT TO THE CLASS ACTION SETTLEMENT BETWEEN DIRECT PURCHASER PLAINTIFFS AND DEFENDANT SPARBOE FARMS, INC.

**AND NOW**, this 10th day of October, 2014, upon consideration of the Motion for Final Approval of the First Amendment to the Sparboe Settlement Agreement (Doc. No. 1035), and following a final fairness hearing, in accordance with Federal Rule of Civil Procedure 23, it is hereby **ORDERED** that the Motion (Doc. No. 1035) is **GRANTED** as outlined in this Order.

Based on the Court's review of the proposed Amendment to the Settlement Agreement between Direct Purchaser Plaintiffs and Sparboe Farms, Inc., ("Amendment"), and the entire record of this case, and having previously approved the settlement between Direct Purchaser Plaintiffs and Sparboe Farms, Inc., the Court determines as follows:

1. The Court has jurisdiction over the subject matter of this action.

2. The Amendment to the previously approved Settlement Agreement between Direct Purchaser Plaintiffs and Sparboe Farms, Inc., is granted final approval by the Court. Accordingly, the Class Period applicable to the Settlement Agreement between Plaintiffs and Defendants Sparboe Farms, Inc., is amended to January 1, 2000, through February 28, 2014.

3. The Court finds that the Settlement Class for the Amendment and the underlying Settlement Agreement satisfies the applicable prerequisites for class action treatment under

Rules 23(a) and (b) of the Federal Rules of Civil Procedure. The Settlement Class is adequately defined and ascertainable. The Settlement Class is so numerous that joinder of all members is not practicable, there are questions of law and fact common to the Settlement Class, the claims of the Class Representatives are typical of the claims of the Settlement Class, and the Class Representatives will fairly and adequately protect the interests of the Settlement Class. For purposes of this settlement, questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4. Notice of the Amendment to the Settlement Class required by Rule 23(e) of the Federal Rules of Civil Procedure has been provided in accordance with the Court's Order granting preliminary approval of this Amendment and notice of this Amendment, and such Notice has been given in an adequate and sufficient manner; constitutes the best notice practicable under the circumstances; and satisfies Federal Rules of Civil Procedure 23(c)(2)(B) and 23(e) and due process.

5. The Amendment is finally approved pursuant to Federal Rule of Civil Procedure 23(e) as fair, reasonable, and adequate, and the parties are directed to consummate the Amendment to the Settlement Agreement in accordance with its terms.

6. The United States District Court for the Eastern District of Pennsylvania shall retain jurisdiction over the implementation, enforcement, and performance of this Amendment and Settlement Agreement, and shall have exclusive jurisdiction over any suit, action, motion, proceeding, or dispute arising out of or relating to this Amendment and Settlement Agreement or the applicability of this Amendment and Settlement Agreement that cannot be resolved by negotiation and agreement by Plaintiffs and Sparboe Farms, Inc. This Settlement Agreement

shall be governed by and interpreted according to the substantive laws of the Commonwealth of Pennsylvania without regard to its choice of law or conflict of laws principles. Sparboe Farms, Inc., shall submit to the jurisdiction in the Eastern District of Pennsylvania only for the purposes of this Settlement Agreement and the implementation, enforcement and performance thereof. Sparboe Farms, Inc., otherwise retains all defenses to the Court's exercise of personal jurisdiction over Sparboe Farms, Inc.

BY THE COURT:

GENE E.K. PRATTER
United States District Judge