**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **IN RE: PROCESSED EGG PRODUCTS ANTITRUST LITIGATION** | **MDL No. 2002**<br>**08-md-02002** |
| **THIS DOCUMENT APPLIES TO: ALL INDIRECT PURCHASER ACTIONS** | |

**INDIRECT PURCHASER PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENTS WITH DEFENDANT NUCAL FOODS, INC. AND DEFENDANT MIDWEST POULTRY SERVICES, LP, FOR CERTIFICATION OF THE CLASSES FOR SETTLEMENT PURPOSES, AND FOR APPROVAL OF THE NOTICE PLAN FOR THE PROPOSED SETTLEMENTS WITH NATIONAL FOOD CORPORATION, NUCAL FOODS, INC., AND MIDWEST POULTRY SERVICES, LP**

Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Indirect Purchaser Plaintiffs ("IP Plaintiffs") respectfully move the Court to: (1) preliminary approve a settlement between IP Plaintiffs and NuCal Foods, Inc. ("NuCal"); (2) preliminary approve a settlement between IP Plaintiffs and Midwest Poultry Services, LP ("Midwest"); (3) certify the proposed Settlement Classes for the purposes of the settlements; (4) appoint Interim Co-Lead Counsel as Class Counsel for the Settlement Classes; and (5) approve the Notice Plan, including the form and content of the Notice, for the proposed settlements with Defendants National Food Corporation ("NFC"), NuCal, and Midwest.

This motion is supported by the accompanying Memorandum of Law, the Declaration of Christopher V. Le, including exhibits, and the Declaration of Kim Schmidt submitted herewith, and is made on the following grounds:

1. The settlements with NuCal and Midwest fall within the range of reasonableness and are "sufficiently fair, reasonable and adequate to justify notice to those affected and an opportunity to be heard," the applicable standards for preliminary approval of a class action settlement.

2. The NuCal settlement will provide the proposed classes with injunctive relief that prohibits NuCal from engaging in certain output restrictive and jointly coordinated conduct, provides cash consideration of $450,000, and requires NuCal to submit to an injunction prohibiting NuCal from entering into agreements to reduce the production of eggs in the aggregate, or to share certain private information with the United Egg Producers ("UEP"), and to cooperate with IP Plaintiffs in the continued litigation of the case, as described in the Settlement Agreement Between Indirect Purchaser Plaintiffs' Classes and NuCal (the "NuCal Settlement

Agreement") and accompanying memorandum. Interim Co-Lead Counsel believe that this will greatly assist them in further analyzing and prosecuting the claims in this Action.

3. The Midwest settlement will provide the proposed classes with injunctive relief that prohibits Midwest from engaging in certain output restrictive and jointly coordinated conduct, provides cash consideration of $750,000, and requires Midwest to submit to an injunction prohibiting Midwest from entering into agreements to reduce the production of eggs in the aggregate, or to share certain private information with the United Egg Producers ("UEP"), and to cooperate with IP Plaintiffs in the continued litigation of the case, as described in the Settlement Agreement Between Indirect Purchaser Plaintiffs' Classes and Midwest (the "Midwest Settlement Agreement") and accompanying memorandum. Interim Co-Lead Counsel believe that this will greatly assist them in further analyzing and prosecuting the claims in this Action.

4. The NuCal and Midwest settlements are fair to the Classes as a whole, treat Class Representatives the same as other Class Members, and requires Interim Co-Lead Counsel to seek Court approval of an award for attorneys' fees and expenses from the Settlement Amount.

5. The settlements are the result of extensive arm's-length negotiations by experienced antitrust and class action lawyers.

6. The settlements were negotiated and executed after fact discovery was significantly advanced.

7. The expense and uncertainty of continued litigation against NuCal and Midwest, and the likelihood of appeals, strongly favors approval.

8. The Classes, as defined in the NuCal Settlement Agreement and the Midwest Settlement Agreement, meet the requirements of Fed. R. Civ. P. 23(a), 23(b)(2)and (b)(3).

9. The Notice Plan, including the form and content of the Notice, meet the requirements of due process and Fed. R. Civ. P. 23(c)(2)(B) and (e)(1).

DATED: October 17, 2014

Respectfully submitted,

_*Krishna B. Narine*_____________
Krishna B. Narine
**MEREDITH & NARINE**
100 S. Broad Street, Suite 905
Philadelphia, PA 19110
Tel: (215) 564-5182
Fax: (215) 569-0958
knarine@m-npartners.com

Timothy D. Battin
Mark J. Schirmer
Christopher V. Le
**STRAUS & BOIES, LLP**
4041 University Drive, 5th Floor
Fairfax, VA 22030
Tel: (703) 764-8700
Fax: (703) 764-8704
tbattin@straus-boies.com
mschirmer@straus-boies.com
cle@straus-boies.com

Paul F. Novak
Elizabeth McKenna
Charles Slidders
**MILBERG LLP**
One Kennedy Square
777 Woodward Avenue
Suite 890
Detroit, MI 48226
Tel: (313) 309-1760
Fax: (313) 447-2038
pnovak@milberg.com
emckenna@milberg.com
cslidders@milberg.com

Christopher Lovell
Craig Essenmacher
**LOVELL STEWART HALEBIAN JACOBSON, LLP**
61 Broadway, Suite 501
New York, NY 10006
Tel: (212) 608-1900
Fax: (212) 719-4667
clovell@lshllp.com
cessenmacher@lshllp.com

***Interim Co-Lead Counsel for the Indirect Purchaser Plaintiffs***