IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: PROCESSED EGG PRODUCTS ANTITRUST LITIGATION | : MULTIDISTRICT : LITIGATION : |
| *THIS DOCUMENT APPLIES TO:* ALL DIRECT PURCHASER ACTIONS | : : : No. 08-md-2002 |

## ORDER GRANTING FINAL APPROVAL OF THE CLASS ACTION SETTLEMENTS BETWEEN DIRECT PURCHASER PLAINTIFFS AND (1) DEFENDANT MIDWEST POULTRY SERVICES, LP, (2) DEFENDANT NATIONAL FOOD CORPORATION, AND (3) DEFENDANTS UNITED EGG PRODUCERS AND UNITED STATES EGG MARKETERS

**AND NOW**, this 30th day of June, 2016, upon consideration of the Motion for Final Approval of the Class Action Settlements Between Plaintiffs and (1) Defendant Midwest Poultry Services, LP ("MPS"), (2) Defendant National Food Corporation ("NFC"), and (3) Defendants United Egg Producers ("UEP") and United States Egg Marketers ("USEM") (Doc. No. 1144), and following a final fairness hearing, in accordance with Federal Rule of Civil Procedure 23, it is hereby **ORDERED** that the Motion is **GRANTED** as outlined in this Order and the accompanying Memorandum.

Based on the Court's review of the proposed Settlement Agreements, the entire record of this case, and having conducted a final fairness hearing, the Court determines as follows:

1. The Court has jurisdiction over the subject matter of this action.

2. Terms used in this Order that are defined in the Settlement Agreements, unless otherwise defined herein, have the same meanings in this Order as in the Settlement Agreements.

3. The following Settlement Class, which is utilized in all three Settlement Agreements and was conditionally certified in the Court's Order granting preliminary approval of the Settlements, is certified for settlement purposes only as follows:

> All persons and entities that purchased Shell Eggs and Egg Products in the United States directly from any Producer, including any Defendant, during the Class Period from January 1, 2000 through the date on which the Court enters an order preliminarily approving the Agreement and certifying a Class for Settlement purposes.
>
> a) Shell Egg SubClass
> All individuals and entities that purchased Shell Eggs in the United States directly from any Producer, including any Defendant, during the Class Period from January 1, 2000 through the date on which the Court enters an order preliminarily approving the Agreement and certifying a Class for Settlement purposes.
>
> b) Egg Products SubClass
> All individuals and entities that purchased Egg Products produced from Shell Eggs in the United States directly from any Producer, including any Defendant, during the Class Period from January 1, 2000 through the date on which the Court enters an order preliminarily approving the Agreement and certifying a Class for Settlement purposes.

Excluded from the Class and SubClasses are Defendants, Other Settling Defendants, and producers, and the parents, subsidiaries and affiliates of Defendants, Other Settling Defendants, and Producers, all government entities, as well as the Court and staff to whom this case is assigned, and any member of the Court's or staff's immediate family.

4. The Court finds, as discussed more thoroughly in the accompanying Memorandum, that the Settlement Class satisfies the applicable prerequisites for class action treatment under Rules 23(a) and (b) of the Federal Rules of Civil Procedure. The Settlement Class is adequately defined and ascertainable. The Settlement Class is so numerous that joinder of all members is not practicable, there are questions of law and fact common to the Settlement Class, the claims of the Class Representatives are typical of the claims of the Settlement Class, and the Class Representatives will fairly and adequately protect the interests of the Settlement

Class. For purposes of the Settlements, questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5. Notice of the Settlement Agreements to the Settlement Class required by Rule 23(e) of the Federal Rules of Civil Procedure has been provided in accordance with the Court's Order granting preliminary approval of the Settlements and notice of the Settlements, and such Notice has been given in an adequate and sufficient manner; constitutes the best notice practicable under the circumstances; and satisfies Federal Rules of Civil Procedure 23(c)(2)(B) and 23(e) and due process.

6. Defendants have filed notification of the Settlements with the appropriate federal and state officials pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715.

7. As discussed more thoroughly in the accompanying Memorandum, the Court finds that the Settlement Agreements are sufficiently fair, reasonable and adequate to the Settlement Class pursuant to Federal Rule of Civil Procedure 23(e). Specifically, the Court finds that the Settlements meet the standard for an initial presumption of fairness. Additionally, the Court's analysis of the factors set forth in *Girsh v. Jepson*, 521 F.2d 153 (3d Cir. 1975), and factors set forth in *In re Prudential Insurance Co. American Sales Practice Litigation Agent Actions*, 148 F.3d 283 (3d Cir. 1998), as appropriate, leads to the conclusion that the relevant considerations weigh in favor of finding the Settlements are fair, reasonable and adequate under Federal Rule of Civil Procedure 23(e).

8. The Settlement Agreements are finally approved pursuant to Federal Rule of Civil Procedure 23(e) as fair, reasonable, and adequate, and the parties are directed to consummate the Settlement Agreements in accordance with their terms.

9. The United States District Court for the Eastern District of Pennsylvania shall retain jurisdiction over the implementation, enforcement, and performance of the Settlement Agreements, and shall have exclusive jurisdiction over any suit, action, motion, proceeding, or dispute arising out of or relating to the Settlement Agreements or the applicability of the Settlement Agreements that cannot be resolved by negotiation and agreement by Plaintiffs and MPS, NFC, UEP, or USEM. The Settlement Agreements shall be governed by and interpreted according to the substantive laws of the Commonwealth of Pennsylvania without regard to its choice of law or conflict of laws principles. MPS, NFC, UEP, and USEM shall submit to the jurisdiction in the Eastern District of Pennsylvania only for the purposes of their respective Settlement Agreement and the implementation, enforcement and performance thereof. Defendants otherwise retain all defenses to the Court's exercise of personal jurisdiction over them.

BY THE COURT:

GENE E.K. PRATTER
United States District Judge