UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **IN RE: PROCESSED EGG PRODUCTS ANTITRUST LITIGATION**<br><br>**THIS DOCUMENT APPLIES TO :**<br>*ALL DIRECT PURCHASER ACTIONS* | MDL No. 2002<br>Case No: 08-md-02002 |

**DIRECT PURCHASER PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT BETWEEN DIRECT PURCHASER PLAINTIFFS AND MICHAEL FOODS, INC. AND LEAVE TO FILE MOTION FOR AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES <u>FROM THE MICHAEL FOODS, INC. SETTLEMENT FUND</u>**

Direct Purchaser Plaintiffs ("Plaintiffs") move this Court for an Order preliminarily approving the Settlement Agreement between Direct Purchaser Plaintiffs and Defendant Michael Foods, Inc. and granting leave to Plaintiffs to file a motion for an award of attorneys' fees and reimbursement of litigation expenses.

In support of this Motion, Plaintiffs rely on their Memorandum in Support of the Motion and the accompanying declaration of Stanley D. Bernstein submitted herewith. The Motion is made on the following grounds:

1. The Settlement falls within the range of reasonableness, *Mehling v. N.Y. Life Ins. Co.*, 246 F.R.D. 467, 472 (E.D. Pa. 2007), and is sufficiently fair, reasonable and adequate to justify notice to those affected and an opportunity to be heard—the applicable standards for preliminary approval of a class action settlement, *see In re Auto. Refinishing Paint Antitrust Litig.*, MDL No. 1426, 2004 WL 1068807, at *1-2 (E.D. Pa. May 11, 2004).

2. The Settlement will provide the Class with valuable cash consideration. In addition, it requires Michael Foods to provide cooperation that will assist Plaintiffs' prosecution of this action: Michael Foods must authenticate and establish the admissibility of documents, provide up to four current employees as trial witnesses at Michael Foods'

sole expense; and provide other assistance as described in the Settlement Agreement and accompanying memorandum. Co-Lead Counsel believe that this cooperation will greatly assist them in further prosecuting the claims in this Action. *See, e.g.*, *In re Ikon Office Supplies Inc. Sec. Litig.*, 194 F.R.D. 166, 177 (E.D. Pa. 2000).

3. The Settlement is fair to the Class as a whole, treats Class Representatives the same as other Class members, and requires Co-Lead Counsel to seek Court approval of an award for attorneys' fees and reimbursement of expenses from the Settlement Amount.

4. The Settlement is the result of extensive arm's-length negotiations over a period of several months by experienced antitrust and class action lawyers. *In re Auto. Refinishing Paint Antitrust Litig.*, No. MDL 1426, 2003 WL 23316645, at *6 (E.D. Pa. Sept. 5, 2003); *In re Linerboard Antitrust Litig.*, 292 F. Supp. 2d 631, 640 (E.D. Pa. 2003).

5. The Settlement Agreement was negotiated and executed after fact and expert discovery had closed; *Daubert* motions had been denied; a litigation class had been certified and Defendants' Rule 23(f) appeal of that class certification decision to the Court of Appeals for the Third Circuit had been denied; Michael Foods' individual summary judgment motion on liability (and the individual motions of all other remaining Defendants) had been denied; and Plaintiffs' motion for summary judgment as to Defendants' Capper-Volstead defense in this litigation was granted in part. With the exception of resolution of Defendants' motions to certify for interlocutory appeal the Court's denial of their summary judgment motions on liability and the Non-Settling Defendants' motion to decertify the class, only pre-trial motion practice and trial remains.

6. The expense and uncertainty of continued litigation against Michael Foods and the likelihood of appeal militates strongly in favor of approval. *See In re Linerboard Antitrust Litig.*, 292 F. Supp. 2d 631, 639 (E.D. Pa. 2003*); In re Remeron End-Payor Antitrust Litig.*, No. 02-cv-2007, 2005 WL 2230314, at *17 (D.N.J. Sept. 13, 2005).

7. The Class, as defined in the Settlement Agreement, is identical to the certified Shell Egg litigation class, which the Court has already found satisfies the requirements of Federal Rule of Civil Procedure 23(a) and (b)(3).

Dated: January 5, 2017                    Respectfully submitted,


                                          */s/* Mindee J. Reuben
                                          Mindee J. Reuben
                                          **LITE DEPALMA & GREENBERG LLC**
                                          1835 Market Street, Suite 2700
                                          Philadelphia, PA 19103
                                          (267) 314-7980

(973) 623-0858 (fax)
mreuben@litedepalma.com

*Interim Co-Lead Counsel and Liaison Counsel for Direct Purchaser Plaintiffs*

Michael D. Hausfeld
**HAUSFELD LLP**
1700 K Street NW
Suite 650
Washington, DC  20006
(202) 540-7200
(202) 540-7201 (fax)
mhausfeld@hausfeldllp.com
*Interim Co-Lead Counsel for Direct Purchaser Plaintiffs*

Stanley D. Bernstein
**BERNSTEIN LIEBHARD LLP**
10 East 40th Street
New York, New York 10016
(212) 779-1414
(212) 779-3218 (fax)
bernstein@bernlieb.com

*Interim Co-Lead Counsel for Direct Purchaser Plaintiffs*

Stephen D. Susman
**SUSMAN GODFREY LLP**
654 Madison Avenue, 5th Floor
New York, NY 10065-8404
(212) 336-8330
(212) 336-8340 (fax)
ssusman@susmangodfrey.com

*Interim Co-Lead Counsel for Direct Purchaser Plaintiffs*

On the Brief:

Stephen R. Neuwirth
**QUINN EMANUEL URQUHART**
     **& SULLIVAN**
51 Madison Avenue, 22nd Floor
New York, New York  10010
(212) 849-7000
(212) 849-7165
stephenneuwirth@quinnemanuel.com

Ronald J. Aranoff
**WOLLMUTH MAHER & DEUTSCH LLP**
500 Fifth Avenue-12th Floor
New York, New York 10110
212 382-3300
212 382-0050
raranoff@wmd-law.com