**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: PROCESSED EGG PRODUCTS | : | MULTIDISTRICT |
| ANTITRUST LITIGATION | : | LITIGATION |
| | : | |
| | : | |
| | : | |
| *THIS DOCUMENT APPLIES TO* | : | No. 08-md-2002 |
| *ALL DIRECT PURCHASER ACTIONS* | : | |

**O R D E R**

**(1)     GRANTING PRELIMINARY APPROVAL OF THE PROPOSED SETTLEMENT**
**AGREEMENT BETWEEN DIRECT PURCHASER PLAINTIFFS AND**
**MICHAEL FOODS, INC.;**

**(2)     GRANTING LEAVE TO FILE MOTION(S) FOR FEES AND EXPENSES; and**

**(3)     APPROVING DISSEMINATION OF THE COMBINED CLASS NOTICE OF: (A)**
**CERTIFICATION OF THE SHELL EGG LITIGATION CLASS; (B) THE**
**PRELIMINARILY APPROVED MICHAEL FOODS, INC. SETTLEMENT**
**AGREEMENT; AND (C) THE CLAIMS PROCESS FOR SETTLEMENT**
**AGREEMENTS WITH UNITED STATES EGG MARKETERS, UNITED EGG**
**PRODUCERS, HILLANDALE FARMS OF PA., INC., HILLANDALE-GETTYSBURG,**
**L.P., MIDWEST POULTRY SERVICES, L.P., NATIONAL FOOD CORPORATION,**
**AND NUCAL FOODS, INC.**

AND NOW, this 26th day of June, 2017, upon consideration of Direct Purchaser

Plaintiffs' Motion for Preliminary Approval of Class Action Settlement Between Direct

Purchaser Plaintiffs and Defendant Michael Foods, Inc. and Leave to File Motion for Award of

Attorneys' Fees and Reimbursement of Expenses from the Michael Foods, Inc. Settlement Fund

(Doc. No. 1481) and Direct Purchaser Plaintiffs' Motion for Approval of a Combined Notice

Plan for: (A) Certification of the Shell Egg Litigation Class; (B) The Proposed Michael Foods,

Inc. Settlement Agreement; and (C) The Claims Process for Settlement Agreements with United

States Egg Marketers, United Egg Producers, Hillandale Farms of Pa., Inc., Hillandale-

Gettysburg, L.P., Midwest Poultry Services, L.P., National Food Corporation, and Nucal Foods, Inc. (Doc. No. 1499), **the Court HEREBY ORDERS and DECREES that**:

      1.      **Direct Purchaser Plaintiffs' Motion for Preliminary Approval of Class Action Settlement Between Direct Purchaser Plaintiffs and Defendant Michael Foods, Inc. and for Leave to File Motion for Award of Attorneys' Fees and Reimbursement of Expenses from the Michael Foods, Inc. Settlement Fund (Doc. No. 1481) is hereby GRANTED.**

      2.      The background of this consolidated multidistrict litigation has been extensively recounted elsewhere. Defendants, some of the nation's largest egg producers, including Michael Foods, Inc., allegedly conspired to reduce egg output and thus fix, raise, maintain, and/or stabilize the prices of eggs and egg products in the United States. Direct Purchaser Plaintiffs allegedly paid higher prices as a result of this conspiracy, and they now seek treble damages, injunctive relief, attorneys' fees, and costs. Earlier in this litigation, Direct Purchaser Plaintiffs reached settlements with the Moark Defendants, Sparboe Farms, Inc., Cal-Maine Foods, Inc., National Food Corporation, Midwest Poultry Services, L.P., United Egg Producers, United States Egg Marketers, NuCal Foods, Inc., Hillandale Farms of Pa., Inc., and Hillandale-Gettysburg, L.P.. *See generally, e.g.*, *In re Processed Egg Prods. Antitrust Litig.*, 284 F.R.D. 249 (E.D. Pa. 2012) (Moark); *In re Processed Egg Prods. Antitrust Litig.*, 284 F.R.D. 278 (E.D. Pa. 2012) (Sparboe); *In re Processed Egg Prod. Antitrust Litig.*, 302 F.R.D. 339 (E.D. Pa. 2014) (Cal-Maine); *In re: Processed Egg Prod. Antitrust Litig.*, No. 08-MD-2002, 2016 WL 3584632, at \*1 (E.D. Pa. June 30, 2016) (National Food, Midwest, UEP, USEM, NuCal, Hillandale Farms, and Hillandale-Gettysburg).

3.      After several months of arm's-length negotiations between experienced counsel, mature fact discovery of over one million documents, and dozens of depositions, the Direct Purchaser Plaintiffs and Michael Foods, Inc. have reached a Settlement Agreement ("Michael Foods Settlement Agreement," Doc No. 1481-2, Ex. A) for which they now seek the Court's preliminary approval.

4.      The Michael Foods Settlement Agreement defines the Settlement Class as follows:

> All individuals and entities that purchased shell eggs from caged birds in the United States directly from Defendants during the Class Period from September 24, 2004 through December 31, 2008.
>
> Excluded from the Class are the Defendants, their co-conspirators, and their respective parents, subsidiaries and affiliates, as well as any government entities. Also excluded from the Class are purchasers of "specialty" shell eggs (such as "organic," "certified organic," "free range," "cage free," "nutritionally enhanced," or "vegetarian fed") and purchasers of hatching eggs, which are used by poultry breeders to produce breeder stock or growing stock for laying hens or meat.

5.      The Michael Foods Settlement Agreement establishes $75 million as the Settlement Amount. Class members will receive pro-rata distributions from the Settlement Amount based on each Class member's purchases of shell eggs. Any award of attorneys' fees and litigation expenses will be paid from the Settlement Amount, subject to proper motion to, and approval by, the Court.

6.      The Michael Foods Settlement Agreement also requires Michael Foods to cooperate with Direct Purchaser Plaintiffs' prosecution of the case by authenticating documents. Further, should a trial occur in this Action, Michael Foods must comply with subpoenas to produce up to four witnesses at trial.

7.     In exchange for the Settlement Amount, the Direct Purchaser Plaintiffs release Michael Foods from any and all claims they raised or could have raised regarding (i) an agreement or understanding among Defendant Producers; (ii) the reduction or restraint of supply and the reduction or restriction on production capacity; or (iii) the pricing, selling, discounting, marketing, or distributing of Shell Eggs in the United States or elsewhere up to December 31, 2008.

8.     The preliminary approval determination requires the Court to consider whether "(1) the negotiations occurred at arm's length; (2) there was sufficient discovery; (3) the proponents of the settlement are experienced in similar litigation; and (4) only a small fraction of the class objected." *In re Linerboard Antitrust Litig.*, 292 F. Supp. 2d 631, 638 (E.D. Pa. 2003) (citing *In re General Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 785-86 (3d Cir. 1995)); *see also In re Cendant Corp. Litig.*, 264 F.3d 201, 233 n.18 (3d Cir. 2001). If, after consideration of those factors, a court concludes that the settlement should be preliminarily approved, "an initial presumption of fairness" is established. *In re Linerboard*, 292 F. Supp. 2d at 638 (citing *In re Gen. Motors Corp.*, 55 F.3d at 785). Here, based on these factors, the Court concludes that the Proposed Michael Foods Settlement Agreement falls within the range of reasonableness for settlement of claims such as these, including the context of other settlements heretofore reached with this litigation and as to which these Plaintiffs and Plaintiff Classes can, will, and may participate.

9.     The Court previously certified a Shell Egg litigation class, finding it fully complied with the requirements of Federal Rule of Civil Procedure 23.  *See* Feb. 3, 2016 Order (Doc. No. 1372).  The class defined in the proposed Michael Foods Settlement Agreement is identical to the litigation class approved by the Court.  Therefore, the Court need not make

additional Rule 23 findings regarding the class defined in the Michael Foods Settlement Agreement. *In re Polyurethane Foam Antitrust Litig.*, 135 F. Supp. 3d 679, 684 (N.D. Ohio 2015) (concluding that the settlement classes satisfied Rule 23 because they were nearly identical to a previously-certified litigation class).

10. **Direct Purchaser Plaintiffs' request for leave to file a Motion for Attorneys' Fees and Litigation Expenses is hereby GRANTED**. The Motion for Attorneys' Fees and Litigation Expenses for the Michael Foods Settlement must be filed by **September 8, 2017**. Co-Lead Counsel for the Direct Purchaser Plaintiff Class shall include in the text of the Direct Mail Notice and Publication Notice of the Settlement Agreement the deadline by which Direct Purchaser Plaintiffs must file their motion for an award of attorneys' fees and litigation expenses and a statement that Class Members may review the motion at the www.eggproductssettlement.com website prior to the objection and opt-out deadlines set forth below, and may object to the motion.

11. **Direct Purchaser Plaintiffs' Motion for Approval of Combined Notice Plan for (A) Certification of the Shell Egg Litigation Class; (B) the Proposed Michael Foods, Inc. Settlement Agreement; and (C) the Claims Process for Settlement Agreements between Direct Purchaser Plaintiffs and United States Egg Marketers, United Egg Producers, Hillandale Farms of Pa., Inc. and Hillandale-Gettysburg, L.P., Midwest Poultry Services L.P., National Food Corporation, and NuCal Foods, Inc. (Doc. No. 1499) is hereby GRANTED and APPROVED**. The Notice Plan proposed by Direct Purchaser Plaintiffs includes Direct Mail Notice, Publication Notice, an internet advertising campaign, a website, and a toll-free hotline, and is "the best notice that is practicable under the circumstances," as required

by Fed. R. Civ. P. 23(c)(2)(B). The manner of providing notice to all class members who would be bound by the Notice Plan is "reasonable," as required by Fed. R. Civ. P. 23(e).

12. **The Notice Plan and the Proposed Michael Foods Settlement shall proceed in the following manner and on the following schedule:**

   a. **Garden City Group ("GCG") is hereby appointed as Claims Administrator for the Michael Foods Settlement and is approved to implement the Notice Plan and to administer claims under the Michael Foods Settlement, having been previously appointed to do so for the Previously Approved Settlements.**

   b. **By July 20, 2017**, GCG shall send notice of the certification of the Litigation Class, the Michael Foods Settlement Agreement, and of the claims process for the Michael Foods Settlement and for the Previously Approved Settlements, along with a claim form for those settlements, by U.S. First Class mail, postage prepaid, to all individuals and entities whose names and addresses were previously produced by Defendants to GCG (Direct Mail Notice) or which were obtained by GCG through administration of prior settlements in this Action and who are not facially ineligible under the settlements. The Direct Mail Notice and Claim Form shall be in substantially the same format as that proposed at Doc. No. 1499-3, Exs. C & D.

   c. **By July 3, 2017**, GCG shall publish the Direct Mail Notice and the Claim Form, relevant Court documents, the Michael Foods Settlement Agreement, the Court's Order regarding certification of a Shell Egg Litigation Class, the Court's Order preliminarily approving the Michael Foods Settlement, any Settlement updates,

and updated answers to "Frequently Asked Questions" at

www.eggproductssettlement.com.

d.  **By July 3, 2017**, GCG will staff a toll-free hotline, (866) 881-8306, to answer any

potential class members' questions.

e.  GCG shall publish Summary Notice (or "Publication Notice") in substantially the

same format that proposed at Doc. No. 1499-3, Ex. E, as follows:

  i.  **By July 17, 2017**, on one occasion, in the National Edition of the *Wall

  Street Journal*, on one-eighth of one page;

  ii.  Beginning **by August 10, 2017** (or as close thereto as publication

  schedules permit) and completed **by September 8, 2017**, on one occasion,

  in the following industry publications: *Convenience Store News*,

  *Progressive Grocer*, *Supermarket News*, *Food Service Director*,

  *Restaurant Business*, *Nation's Restaurant News*, *Food Processing*, *Bake*,

  *Pet Food Industry*, and *Egg Industry Magazine*; and

  iii.  **By July 10, 2017**, GCG shall issue press releases, consisting of

  substantially the same language of the Publication Notice, through (i) PR

  Newswire's US1 List and Restaurant and Food Industry Microlist; and (ii)

  National Hispanic Newslines.

f.  **By July 17, 2017**, GCG shall implement the keyword search advertising

campaign described in Doc. No. 1499-3, on one or more leading search engines.

g.  Commencing **by July 20, 2017** (or as close thereto as publication schedules

permit) and completed **by September 8, 2017**, GCG shall publish internet banner

ads linked to the Settlement Website, in substantially the same format as attached as Doc. No. 1499-3, Ex. F, as follows:

    i.    On the Wall Street Journal Digital Network websites for a period of four weeks;

    ii.    On the following trade-related websites for a period of four weeks: hotelfandb.com, bakingbusiness.com, and foodprocessing.com; and

    iii.    In the following trade e-newsletters for one-time insertion except as noted: *Restaurant Business Weekly Recap*, *Nation's Restaurant News's NRN A.M.*, *FoodService Director Updates*, *Today in Food Manufacturing*, *SN Daily*, *Stores Weekly* (two insertions), and *Watt Poultry Update*;

h.    **By September 25, 2017**, Direct Purchaser Plaintiffs shall file an affidavit prepared by GCG that details the process engaged in by GCG to effect the Notice Plan, and confirms that the requirements regarding Direct Mail Notice, Publication Notice, the website, the toll-free hotline, the internet banner ad campaign, and the keyword search advertising campaign have been completed in accordance with this Order.

i.    **Requests for Exclusion from the Michael Foods Settlement** must be postmarked **by October 9, 2017**, which date shall be inserted in the Direct Mail Notice and Publication Notice.

j.    **Objections to the Michael Foods Settlement** must be postmarked **by October 9, 2017**, which date shall be inserted in the Direct Mail Notice and Publication Notice.

    k.   **Motion for Final Approval of the Michael Foods Settlement** must be filed by **October 19, 2017**.

    l.   The Court will hold a **Fairness Hearing for the Michael Foods Settlement** at **10:00 a.m. on November 6, 2017**, in Courtroom 10B, United States Courthouse, 601 Market Street, Philadelphia, PA 19106.  This date shall be inserted into the Direct Mail Notice and Publication Notice.  The date, time, and location of this hearing are subject to change, and Class members are advised to check www.eggsproductssettlement.com for any updates.

**IT IS SO ORDERED.**

BY THE COURT:


<u>S/Gene E.K. Pratter</u>
GENE E.K. PRATTER
United States District Judge