# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: PROCESSED EGG PRODUCTS ANTITRUST LITIGATION | : : : : : | MULTIDISTRICT LITIGATION |
| *THIS DOCUMENT APPLIES TO ALL DIRECT PURCHASER ACTIONS* | : : | No. 08-md-2002 |

## ORDER GRANTING FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT BETWEEN DIRECT PURCHASER PLAINTIFFS AND DEFENDANT MICHAEL FOODS, INC.

**AND NOW**, this 17th day of November, 2017, upon consideration of the Motion for Final Approval of Settlement Between Plaintiffs and Defendant Michael Foods, Inc. (Doc. No. 1561), and following a final fairness hearing, in accordance with Federal Rule of Civil Procedure 23 on November 6, 2017, it is hereby **ORDERED** that the Motion (Doc. No. 1561) is **GRANTED** as outlined in this order and the accompanying memorandum.

Based on the Court's review of the proposed settlement agreement between Direct Purchaser Plaintiffs and Defendant Michael Foods, Inc., the entire record of this case, and having conducted a final fairness hearing on the matter, the Court determines as follows:

1. The Court has jurisdiction over the subject matter of this action.

2. Terms used in this order, unless otherwise defined herein, have the same meanings in this order as in the settlement agreement.

3. The settlement class as defined in the settlement agreement is identical to the class that the Court certified on February 2, 2016. The Court, therefore, incorporates the findings from that memorandum and finds that this settlement class satisfies the requirements under Rules 23(a) and (b) of the Federal Rules of Civil Procedure.

4. Notice of the settlement agreement to the settlement class required by Rule 23(e) of the Federal Rules of Civil Procedure has been provided in accordance with the Court's order granting preliminary approval of this settlement and notice of this settlement, and such notice has been given in an adequate and sufficient manner; constitutes the best notice practicable under the circumstances; and satisfies Federal Rules of Civil Procedure 23(c)(2)(B) and 23(e) and due process.

5. Defendants have filed notification of this settlement with the appropriate federal and state officials pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715.

6. As discussed more thoroughly in the accompanying memorandum, the Court finds that the settlement agreement is sufficiently fair, reasonable and adequate to the settlement class pursuant to Federal Rule of Civil Procedure 23(e). Specifically, the Court finds that the settlement meets the standard for an initial presumption of fairness. Additionally, the Court's analysis of the factors set forth in *Girsh v. Jepson*, 521 F.2d 153 (3d Cir. 1975), and factors set forth in *In re Prudential Insurance Co. American Sales Practice Litigation Agent Actions*, 148 F.3d 283 (3d Cir. 1998), as appropriate, leads to the conclusion that the relevant considerations weigh in favor of finding the settlement is fair, reasonable and adequate under Federal Rule of Civil Procedure 23(e).

7. This settlement agreement is finally approved pursuant to Federal Rule of Civil Procedure 23(e) as fair, reasonable, and adequate, and the parties are directed to consummate the settlement agreement in accordance with its terms.

8. The United States District Court for the Eastern District of Pennsylvania shall retain jurisdiction over the implementation, enforcement, and performance of this settlement

agreement, and shall have exclusive jurisdiction over any suit, action, motion, proceeding, or dispute arising out of or relating to this settlement agreement or the applicability of this settlement agreement that cannot be resolved by negotiation and agreement by Plaintiffs and Michael Foods, Inc. This settlement agreement shall be governed by and interpreted according to the substantive laws of the Commonwealth of Pennsylvania without regard to its choice of law or conflict of laws principles. Michael Foods, Inc., shall submit to the jurisdiction in the Eastern District of Pennsylvania only for the purposes of this settlement agreement and the implementation, enforcement and performance thereof. Michael Foods, Inc. otherwise retains all defenses to the Court's exercise of personal jurisdiction over Michael Foods, Inc.

BY THE COURT:

_____
GENE E. K. PRATTER
UNITED STATES DISTRICT JUDGE