**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: PROCESSED EGG PRODUCTS | : | **MULTIDISTRICT** |
| ANTITRUST LITIGATION | : | **LITIGATION** |
| | : | |
| | : | |
| | : | |
| *THIS DOCUMENT APPLIES TO:* | : | **No. 08-md-2002** |
| **ALL DIRECT PURCHASER ACTIONS** | : | |

**ORDER**

**AND NOW**, on this 22nd day of March, 2018, upon consideration of the Motion *in Limine* to Preclude Evidence of Damages During the Liability Phase of a Bifurcated Trial (Doc. No. 1603), the Response in Opposition (Doc. No. 1618), and oral argument held on March 13, 2018, it is **hereby ORDERED** that the Motion *in Limine* (Doc. No. 1603) is **GRANTED IN PART** and **DENIED IN PART**.[1]

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

---

[1] Given that the trial is bifurcated, the defendants seek to preclude evidence of damages during the liability phase of the trial. The parties all agree that the *amount* of damages should not be discussed. Given this agreement, the Court grants the motion to exclude the amount of damages during the liability phase of the trial.

The only dispute remaining is whether the DPPs should be allowed to discuss damages in percentage terms, or in terms necessary to prove injury. To show the elements for a Sherman Act claim, the DPPs must prove the existence of damages. *Brunswick Corp. v. Pueblo Bowl–O–Mat, Inc.*, 429 U.S. 477 (1977). An antitrust injury is an "injury of the type . . . that flows from that which makes [the] defendants' acts unlawful." *Id.* at 489. *See also West Penn Allegheny Health Sys. v. UPMC*, 627 F.3d 85, 100 (3d Cir. 2010). To prove injury, the DPPs can show the difference in prices in the purported non-conspiracy world and the current prices. This necessarily requires a discussion of damages. To preclude any testimony of this sort would mean that the DPPs could not explain to the jury their theory of the case. Therefore, the Court declines to categorically prohibit a discussion of damages during the liability phase.

The parties agree on the central point—that the *amount* of damages will be proven in the damages phase, not the liability phase. The parties may renew this objection at trial if they believe that opposing counsel has exceeded the guidance in this order.