UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| IN RE: PROCESSED EGG PRODUCTS | : | MDL No. 2002 |
| ANTITRUST LITIGATION | : | Case No. 08-md-02002 |
| | : | |
| | : | |
| | : | |
| THIS DOCUMENT APPLIES TO: | : | |
| All Direct Purchaser Actions | : | |
| | : | |

**DIRECT PURCHASER CLASS PLAINTIFFS' MEMORANDUM OF LAW
IN SUPPORT OF RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW
THAT THE UNITED STATES EGG MARKETERS AND DEFENDANTS
ARE NOT PROTECTED FROM ANTITRUST LIABILITY
BY THE CAPPER-VOLSTEAD ACT**

## INTRODUCTION

Direct Purchaser Class Plaintiffs ("Plaintiffs") respectfully submit this memorandum in support of their Renewed Motion for Judgment as a Matter of Law that the United States Egg Marketers ("USEM") and Defendants are not protected from antitrust liability by the Capper-Volstead Act, pursuant to Rule 50(a) of the Federal Rules of Civil Procedure. As the Court found in its June 1, 2018 Memorandum Opinion and Order (ECF Nos. 1743-44), Defendants have failed to meet their burden to demonstrate that Capper-Volstead's protections are available to USEM. Despite additional opportunities the Court afforded to Defendants to do so, Defendants have advised that they plan to rest their case on the current record.

In addition, Plaintiffs incorporate by reference their May 29, 2018 Motion for Judgment as a Matter of Law that USEM and Defendants Are Not Protected from Antitrust Liability by the Capper-Volstead Act and supporting Memoranda (ECF Nos. 1733, 1733-1), which provides additional arguments in support of JMOL in favor of Plaintiffs. In particular, Plaintiffs presented

unrebutted evidence that USEM included non-producers as members, including (i) two producers—Weiss Lake and Fort Recovery—that did not own operate any egg farms and (ii) Rose Acre, which was vertically integrated. Plaintiffs also presented unrebutted evidence that USEM conspired with non-USEM members Wilcox Farms and Willamette Farms, each of which contributed cash to aid USEM in artificially inflating the domestic price of eggs.

The Court should grant Plaintiffs' motion for JMOL.

## **ARGUMENT**

The "50% Rule" of the Capper-Volstead Act requires that to maintain protection: "the [potentially exempt] association shall not deal in the products of nonmembers to an amount greater in *value* than such as are handled by it for members." 7 U.S.C. § 291 (emphasis added). On June 1, 2018, the Court issued a Memorandum Opinion and Order concluding that, under the plain meaning of the Act, "value" under Capper-Volstead meant "the price the buyer pays for [eggs] domestically." (ECF No. 1743 at 4.)[1] The Court found that Defendants had failed to satisfy their burden to establish the affirmative defense, but denied Plaintiffs' JMOL (as well as Defendants' JMOL) because Defendants had not yet rested their case in chief. *Id.* at 2. Although Defendants initially indicated that they intended to present additional evidence to satisfy the Court's Order, on Friday, June 1, 2018, Defendants informed the Court and Plaintiffs that Defendants were resting

---

[1] Plaintiffs and Defendants submitted papers directly to the Court explaining their proposed formulae. Plaintiffs proposed simply that value be calculated, for each transaction, by the actual price paid by USEM multiplied by the quantity sold in that transaction, with the product summed across all transactions with members and nonmembers. Such information was available in the discovery record but was not utilized by Defendants, despite the Court having raised its concerns on the issue as early as mid-May 2018. Instead, Defendants proposed an extrapolation that would calculate value based on volume, calculating the sum of the volume of eggs each USEM member was required to supply to USEM for each export times the export price, the volume of eggs USEM members sold to USEM in excess of their committed share multiplied by a proxy for the average market price of the eggs, and the volume of eggs sold by nonmembers multiplied by the proxy for the average market value of the eggs at the time of sale.

their case and would not be calling any further witnesses or seeking to introduce additional evidence.

Accordingly, under the Court's June 1, 2018 Order regarding the proper measurement of the 50% Rule under Capper-Volstead, Defendants have not and cannot meet their burden to demonstrate USEM's compliance with the 50% Rule, and no reasonable jury could find otherwise. Nor have Defendants rebutted evidence presented by Plaintiffs that USEM included non-producers as members or that USEM conspired with non-USEM members. As a result, Plaintiffs' respectfully submit that the Capper-Volstead defense is unavailable to USEM or Defendants, and would obviate the need for any jury instruction or verdict form question related to Capper-Volstead.

## **CONCLUSION**

Judgement as a matter of law that the USEM and Defendants are not protected from antitrust liability by the Capper-Volstead Act is appropriate.

Dated: June 3, 2018                                             Respectfully submitted,

| | |
|---|---|
| Stephen R. Neuwirth<br>QUINN EMANUEL URQUHART<br>     & SULLIVAN, LLP<br>51 Madison Avenue, 22nd Floor<br>New York, NY 10010<br>Phone: 212-849-7165<br>stephenneuwirth@quinnemanuel.com<br>*Counsel for the Direct Purchaser Plaintiffs* | /s/ Mindee J. Reuben<br>Mindee J. Reuben<br>LITE DEPALMA GREENBERG, LLC<br>1835 Market Street, Suite 2700<br>Philadelphia, PA 19103<br>Phone: 267-324-7980<br>mreuben@litedepalma.com<br>*Co-Lead and Liaison Counsel for the Direct Purchaser Plaintiffs* |
| Ronald J. Aranoff<br>WOLLMUTH MAHER & DEUTSCH LLP<br>500 Fifth Avenue - 12th Floor<br>New York, New York 10110<br>212 382-3300<br>212 382-0050<br>raranoff@wmd-law.com<br>*Counsel for the Direct Purchaser Plaintiffs* | Stephen D. Susman<br>SUSMAN GODFREY LLP<br>1301 Avenue of the Americas, 32nd Floor<br>New York, NY 10019<br>(212) 336-8330<br>ssusman@susmangodfrey.com<br>*Co-Lead Counsel for the Direct Purchaser Plaintiffs* |

Michael D. Hausfeld
HAUSFELD LLP
1700 K Street NW, Suite 650
Washington, DC 20006
(202) 540-7200
mhausfeld@hausfeldllp.com
*Co-Lead Counsel for Direct Purchaser Plaintiffs*

Stanley D. Bernstein
BERNSTEIN LIEBHARD LLP
10 East 40th Street
New York, New York 10016
(212) 779-1414
bernstein@bernlieb.com
*Co-Lead Counsel for the Direct Purchaser Plaintiffs*