**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: PROCESSED EGG PRODUCTS ANTITRUST LITIGATION | Docket No.: 2:08-md-02002-GEKP<br>MDL No. 2002 |
| *THIS DOCUMENT APPLIES TO:*<br><br>ALL DIRECT ACTION PLAINTIFFS | |

**DIRECT ACTION PLAINTIFFS' <u>CONSOLIDATED</u> SURREPLY IN OPPOSITION TO CERTAIN DEFENDANTS' SEPARATE MOTIONS FOR SUMMARY JUDGMENT AS TO CLAIMS BASED ON PURCHASES OF EGG PRODUCTS**

As Defendants concede in their reply brief, it is settled law in the United States, including the Third Circuit, that an antitrust plaintiff who purchased from one member of a price fixing conspiracy has standing to sue *all* members of the conspiracy. *See, e.g.*, *Texas Indus., Inc. v. Radcliff Materials, Inc.*, 451 U.S. 630, 646 (1981); *Bogosian v. Gulf Oil Corp.*, 561 F.2d 434, 448 (3d Cir. 1977) ("The fact that a customer has not made purchases from every co-conspirator does not prevent him from suing *all*[,] for each co-conspirator contributed to the charging of the supracompetitive price paid by the purchaser.") (emphasis added). Defendants acknowledge—as they must—that "the principles of antitrust joint and several liability" are established "by decades of antitrust precedent." Reply at 1.

Defendants nonetheless argue that these bedrock principles of antitrust law do not apply to them because when the Third Circuit held that DAPs have standing to assert claims based on price-fixed egg products, it referred to this case as presenting an "issue of first impression." This argument is misguided, to put it mildly. When the Third Circuit noted that "this case presents an issue of first impression," it was referring to the fact that the Court was applying the *Illinois Brick* direct purchaser rule for the first time to a plaintiff's direct purchases from a defendant of price-fixed product made in part with input supplied by non-conspirators. The Third Circuit decided that issue by holding that the DAPs have standing "regardless of whether those egg products were made with internal eggs, non-conspirator eggs, or both." *In re Processed Egg Prods. Antitrust Litig.*, 881 F.3d 262, 276 (3d Cir. 2018). Thus, the Third Circuit resolved the "issue of first impression" in DAPs' favor and did not identify any other "issue of first impression" raised by the appeal, such as whether the settled rules of antitrust co-conspirator joint-and-several liability should be summarily overruled.

Think about what Defendants are saying here. They are arguing that the new rule in the Third Circuit is that an antitrust plaintiff who purchased from one member of the conspiracy has standing to sue *all* members of the conspiracy for his damages, *except in a highly-specific factual scenario like this one, where the plaintiff directly purchased from a conspirator a price fixed product that was made in part with input from a non-conspirator.* This is not a plausible rule.

Indeed, the Defendants fail to suggest any reason based on antitrust law why the Third Circuit would adopt such an exception to the longstanding antitrust principle of joint and several liability. And Defendants' assertion that the Third Circuit panel adopted this rule is even more implausible when one considers that (i) the issue of co-conspirator liability was never raised or discussed in the appeal; (ii) no Supreme Court or Third Circuit case law on co-conspirator liability was discussed or distinguished in the opinion; and (iii) the Third Circuit panel had no authority to overrule the Supreme Court or even other Third Circuit decisions.

The Third Circuit stated its "conclusion that Plaintiffs have antitrust standing to pursue their *full* claim." 881 F.3d at 275 (emphasis added). Each DAP's *full* claim is against *all* the Defendants, not just those Defendants from whom they bought egg products. The Third Circuit also made clear that its holding is limited to the standing issue:

> We emphasize that our holding today is limited to determining that Plaintiffs have antitrust standing to pursue their claims. We conclude that the District Court's grant of summary judgment due to lack of such standing was error. We express no view as to the merits of Plaintiffs' claims. Nor have we reached any conclusion as to whether their claims may suffer from other flaws that may make this case amenable to resolution short of trial.

*Id.* at 276.

Finally, if, as Defendants argue, the Third Circuit panel *sub silentio* overruled the antitrust co-conspirator liability rule, then its mandate to this Court would have been to dismiss each DAP's egg products claim as to Defendants from whom it did not purchase egg products. That is not what the panel ordered:

> For the reasons given above, we find that Plaintiffs-Appellants have antitrust standing to pursue their Clayton Act § 4 claims. The District Court's grant of summary judgment to Defendants-Appellees is reversed. The case is remanded for proceedings not inconsistent with this Opinion.

*Id.* at 277.

For the foregoing reasons, DAPs respectfully request that the Court reject Defendants' reply arguments and deny their motions.

Date:   October 19, 2018

Richard Alan Arnold, Esquire
William J. Blechman, Esquire
Douglas H. Patton, Esquire
KENNY NACHWALTER, P.A.
1441 Brickell Avenue, Suite 1100
Miami, Florida 33131
Tel: (305) 373-1000
Fax: (305) 372-1861
E-mail: wblechman@knpa.com

By: */s/William Blechman*

*Counsel for Plaintiffs The Kroger Co., Safeway Inc., Roundy's Supermarkets, Inc., Walgreen Co., Hy-Vee, Inc., Albertsons LLC, The Great Atlantic & Pacific Tea Company, Inc., H.E. Butt Grocery Company, and Conopco, Inc.*

Joseph M. Vanek, Esquire
David P. Germaine, Esquire
VANEK, VICKERS & MASINI P.C.
55 West Monroe Street, Suite 3500
Chicago, Illinois 60603
Tel: (312) 224-1500
Fax: (312) 224-1510
E-mail: jvanek@vaneklaw.com

By: */s/David Germaine*

*Counsel for Plaintiffs Supervalu Inc. and Publix Super Markets, Inc.*

Patrick J. Ahern, Esquire
AHERN AND ASSOCIATES, P.C.
8 South Michigan Avenue Suite 3600
Chicago, Illinois 60603
Tel: (312)-404-3760
patrick.ahern@ahernandassociatespc.com

By: */s/Patrick Ahern*

*Counsel for Plaintiff Winn-Dixie Stores, Inc., H.J. Heinz Company, L.P., C&S Wholesale Grocers, Inc.*

Respectfully submitted,

James T. Malysiak
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654-3456
Tel: (312) 923-2813
Fax: (312) 527-0484
E-mail: jmalysiak@jenner.com

By: */s/James T. Malysiak*

*Counsel for Plaintiffs Kraft Foods Global, Inc., General Mills, Inc., Nestlé USA, Inc. and The Kellogg Company*

Bernard D. Marcus, Esquire
Moira Cain-Mannix, Esquire
Brian C. Hill, Esquire
MARCUS & SHAPIRA LLP
One Oxford Center
301 Grant Street, 35th Floor
Pittsburg, PA 15219
Tel: (412) 338-5200
Fax: (412) 391-8758
E-mail: marcus@marcus-shapira.com

By: */s/Moira Cain-Mannix*

*Counsel for Plaintiff Giant Eagle, Inc.*

3

## **CERTIFICATE OF SERVICE**

I certify that on October 19, 2018, I caused a true and correct copy of the foregoing document to be filed and served via ECF on counsel for the parties.

                                                          */s/ Douglas H. Patton*
                                                          Douglas H. Patton

587695.2