### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: PROCESSED EGG PRODUCTS ANTITRUST LITIGATION | Docket No: 2:08-md-02002-GEKP<br>MDL No. 2002 |
| THIS DOCUMENT APPLIES TO:<br><br>ALL DIRECT ACTION PLAINTIFFS | |

**DIRECT ACTION PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION *IN LIMINE* FOR AN ORDER PERMITTING ADMISSION OF UEP DOCUMENTS THAT ARE AUTHENTIC AND OTHERWISE ADMISSIBLE <u>WITHOUT THE TESTIMONY AT TRIAL OF A SPONSORING WITNESS</u>**

Direct Action Plaintiffs ("DAPs") respectfully submit this Memorandum in Support of their Motion *in Limine* requesting an order permitting admission of United Egg Producer's ("UEP") documents that are authentic and otherwise admissible as admissions of a party-opponent, business records or co-conspirator statements, without the testimony at trial of a sponsoring witness.

The UEP (a Defendant in DAPs' case) notified DAPs that it will not be calling any live UEP witnesses at trial. While there are additional milestones in this case in which the Court will address the admissibility of documents,[1] DAPs wanted to alert the Court now to this issue. While DAPs intend to enter UEP documentary evidence into the trial record through the deposition testimony of Chad Gregory, Gene Gregory, Al Pope, Linda Reickard, Don Bell, and others who received UEP documents, there may be other UEP-produced documents for which there is no appropriate sponsoring witness at trial.

---

[1] Pursuant to ECF No. 1860, the parties will submit disputed "business records" to the Court on September 13. Additionally, the Court will address the admissibility of "coconspirator statements" at the September 27, 2019 *James* Hearing. As explained below, DAPs can address the "sponsorship" issue during those milestones if more appropriate.

I. **BACKGROUND**

DAPs and the Defendants exchanged their initial trial witness lists on June 14, 2019. Defendant UEP did not list any UEP witnesses, current or former. Defendants designated the depositions of two former UEP employees, and DAPs designated the depositions of three former UEP employees and one current UEP employee.

On June 24, 2019, counsel for DAPs sent counsel for UEP a letter requesting that the UEP explain whether the following individuals will be available at trial: Linda Reickard, Gene Gregory, Chad Gregory, or Al Pope. Counsel for the UEP explained that the UEP did not intend to call any of UEP witnesses live and that all four pertinent individuals reside outside of this Court's subpoena power.

II. **THE COURT CAN PERMIT ADMISSION OF UEP DOCUMENTS INTO EVIDENCE WITHOUT A SPONSORING WITNESS**

Courts have the discretion to admit documents into evidence without a sponsoring witness. *See TEK Global, S.R.L. v. Sealant Sys. Int'l*, No. 11-cv-00774, 2017 WL 952955, at *1 (N.D. Cal. Mar. 12, 2017) ("There is no freestanding 'sponsoring witness' requirement in the Federal Rules of Evidence."); *In re Neurontin Mktg. and Sales Practice Litig.*, 799 F. Supp. 2d 110, 117-18 (D. Mass 2011) (at trial, district court admitted 111 exhibits into evidence without sponsorship after finding that each was authentic, was a business record, and that admitting them without a witness's testimony would not confuse the jury); *LG Display Co., Ltd. v. AU Optronics*, 265 F.R.D. 199, 206 (D. Del. 2010) (court admitted 61 exhibits into evidence although not presented during live testimony or via deposition designations); *Adams v. United States*, No. 03-0049, 2009 WL 1884387, at *1 (D. Idaho June 28, 2009) (admitting documents into evidence without sponsoring witness after finding that each document was authentic and otherwise satisfied the pertinent rules of evidence); *Adams v. United States*, No. 03-0049, ECF No. 1234, Court's Order Regarding Documents Offered Into Evidence Without a Supporting Witness (D.

2

Idaho June 25, 2009) (explaining the framework used to determine whether to admit document without sponsoring witness) (attached hereto as Exhibit A).

In an abundance of caution and because the UEP will not be bringing a live witness, DAPs seek an order permitting admission of UEP documents that are authentic and otherwise admissible as admissions of a party-opponent, business records, or co-conspirator statements without the testimony at trial of a sponsoring witness.  For any document they seek to admit into evidence without a sponsoring witness, DAPs will be prepared to establish why that document should be admitted.  See *Neurontin*, 799 F. Supp. 2d at 117-18 (admitting 111 exhibits into evidence without sponsorship after finding that each was authentic, was a business record, and that admitting them without a witness's testimony would not confuse the jury); *Adams*, 2009 WL 1884387, at *1 (admitting documents into evidence after applying framework discussed above).[2]

DAPs are also prepared to address the issue of a sponsorship witness at a later date such as the September 27, 2019 *James* Hearing.

### III.  **CONCLUSION**

For the foregoing reasons, DAPs respectfully request that the Court grant their motion and permit admission of UEP documents that are to be established as authentic and otherwise

---

[2]   Should the Court require a sponsoring witness, DAPs respectfully reserve their right to issue a trial subpoena to a custodian of record at UEP who can act as a sponsorship witness for various UEP-produced exhibits.  DAPs can issue a trial subpoena to a UEP custodian of record pursuant to Fed. R. Civ. P. 45, or, if there is no UEP employee within the Court's subpoena power, under Fed. R. Civ. P. 43.  *See* Fed. R. Civ. P. 43 ("At trial, the witnesses' testimony must be taken in open court unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise.  For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location."); *In re Xarleto Products Liability Litig.*, MDL No. 2592, 2017 WL 2311719, at *4 (E.D. La. May 26, 2017) (requiring a defendant's employee to testify via video even though employee had been deposed previously for 16 hours); *In re Depuy Orthopaedics, Inc. Prods. Liab. Litig*, No. 11-md-2244, 2016 WL 9776572, at *2 (N.D. Tex. Sept. 20, 2016) (granting plaintiffs' motion to allow live testimony via video of defendants' employees who lived outside court's subpoena power).

admissible as admissions of a party-opponent, business records, or co-conspirator statements without the testimony at trial of a sponsoring witness.

| | |
|---|---|
| Dated:  July 12, 2019 | Respectfully submitted, |
| Richard Alan Arnold, Esquire<br>William J. Blechman, Esquire<br>Douglas H. Patton, Esquire<br>KENNY NACHWALTER, P.A.<br>1441 Brickell Avenue, Suite 1100<br>Miami, Florida  33131<br>Tel:  (305) 373-1000<br>Fax: (305) 372-1861<br>E-mail:  rarnold@knpa.com<br>            wblechman@knpa.com<br>            dpatton@knpa.com | Paul E. Slater, Esquire<br>Joseph M. Vanek, Esquire<br>David P. Germaine, Esquire<br>SPERLING & SLATER P.C.<br>55 West Monroe Street,<br>Suite 3200<br>Chicago, Illinois  60603<br>Tel:  (312) 641-3200<br>Fax: (312) 641-6492<br>E-mail:  pes@sperling-law.com<br>            jvanek@sperling-law.com<br>            dgermaine@sperling-law.com |
| By: *s/ Douglas H. Patton* | By: *s/ David P. Germaine* |
| *Counsel for Plaintiffs The Kroger Co., Safeway Inc., Roundy's Supermarkets, Inc., Walgreen Co., Hy-Vee, Inc., Albertsons LLC, The Great Atlantic & Pacific Tea Company, Inc., H.E. Butt Grocery Company, and Conopco, Inc.* | *Counsel for Plaintiffs Supervalu Inc. and Publix Super Markets, Inc.* |
| Bernard D. Marcus, Esquire<br>Moira Cain-Mannix, Esquire<br>Brian C. Hill, Esquire<br>MARCUS & SHAPIRA LLP<br>One Oxford Center<br>301 Grant Street<br>35th Floor<br>Pittsburg, PA  15219<br>Tel:  (412) 338-5200<br>Fax: (412) 391-8758<br>E-mail:  marcus@marcus-shapira.com<br>            cain-mannix@marcus-shapira.com<br>            hill@marcus-shapria.com | Patrick J. Ahern, Esquire<br>AHERN AND ASSOCIATES, P.C.<br>8 South Michigan Avenue<br>Suite 3600<br>Chicago, Illinois  60603<br>Tel:  (312) 404-3760<br>E-mail: patrick.ahern@ahernandassociatespc.com<br><br>By: *s/ Patrick Ahern*<br><br>*Counsel for Plaintiff Winn-Dixie Stores, Inc., H.J. Heinz Company, L.P., and C&S Wholesale Grocers, Inc.* |
| By: *s/ Moira Cain-Mannix* | |
| *Counsel for Plaintiff Giant Eagle, Inc.* | |

**CERTIFICATE OF SERVICE**

I certify that on July 12, 2019, I caused a true and correct copy of the foregoing document to be filed and served via ECF on counsel for the parties.

*s/ Douglas H. Patton*
Douglas H. Patton

603598.5