IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: PROCESSED EGG PRODUCTS ANTITRUST LITIGATION | : MULTIDISTRICT : LITIGATION : : : : |
| *THIS DOCUMENT APPLIES TO:* ALL DIRECT ACTION PLAINTIFF CASES | : No. 08-md-2002 : |

## ORDER

**AND NOW**, on this 23rd day of September, 2019, upon consideration of the Motion *in Limine* to Preclude References to the Relative Size of the Parties (Doc. No. 1902), the Motion *in Limine* to Preclude Defendants from Presenting Evidence Concerning Certain Financial Conditions (Doc. No. 1883), the Response in Opposition (Doc. No. 1937), and oral argument held on September 5, 2019, it is **ORDERED** as follows:

1. The Motion in *Limine* to Preclude References to the Relative Size of the Parties (Doc. No. 1902) is **DENIED**.

2. The Motion *in Limine* to Preclude Defendants from Presenting Evidence Concerning Certain Financial Conditions (Doc. No. 1883) is **GRANTED IN PART** and **DENIED IN PART**.[1]

---

[1] The DAPs move to exclude the financial conditions and relative size of all parties as irrelevant and prejudicial. This overall argument is denied.

The Court already determined during the DPPs' trial that the parties' financial conditions are indeed relevant. *See* Doc. No. 1665. Both the parties' financial conditions and relative sizes here are relevant to their relative bargaining power, whether the defendants' conduct could harm competition, and whether the DAPs were injured or suffered damages.

The financial conditions and relative size of the parties are relevant to whether the defendants joined the UEP Certified Program because they were being pushed to do so by their largest customers, which is a main component of the defense. This defense depends entirely on the bargaining power of those buyers, which in part requires an analysis of the parties' financial conditions and relative size. Dr. Michael Baye's conclusion that concerns over animal welfare were not the driver for the UEP Certified Program puts evidence of the parties' relative size, influence, and market power directly at issue. This evidence could also be used to combat Dr. Baye's opinion that the UEP Certified producers could impact overall industry supply because they account for a substantial percentage of U.S. egg production.

BY THE COURT:

/s/ Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

---

The DAPs' bargaining power, financial conditions, and relative size are also relevant to whether they could defeat any alleged price increase. This evidence is relevant to determine antitrust injury and damages. Therefore, the financial conditions and relative size of all parties are essential to the analysis of this case.

However, this request is granted on two fronts. Any reference to the facts that (1) the defendants can or cannot withstand a judgment against them or (2) that the DPPs should or should not receive a judgment because of their financial status are excluded as irrelevant. These items have no bearing on the validity of the claims.