IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: PROCESSED EGG PRODUCTS ANTITRUST LITIGATION | : MULTIDISTRICT  : LITIGATION  :  :  : |
| THIS DOCUMENT APPLIES TO: ALL DIRECT ACTION PLAINTIFF CASES | : No. 08-md-2002  : |

## ORDER

AND NOW, on this 4th day of October, 2019, upon consideration of the Direct Action Plaintiffs' Motion *in Limine* to Preclude Evidence or Testimony at Trial Regarding Witnesses Discussions with Counsel During Trial and How Witnesses Prepared for Deposition or Trial (Doc. No. 1892) and the Response in Opposition (Doc. No. 1924), it is **ORDERED** that the Motion *in Limine* (Doc. No. 1892) is **GRANTED IN PART** and **DENIED IN PART**.[1]

BY THE COURT:

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

---

[1] The DAPs seek to preclude evidence or testimony at trial regarding any discussions between witnesses and counsel during trial and how witnesses prepared for deposition or trial. The parties agree that any reference to (1) the substance of any communications between the witness and counsel or (2) a "lawyer's mental impressions, conclusions, opinions, or legal theories concerning the instant litigation" will be prohibited. *Hydramar, Inc. v. General Dynamics Corp*, 119 F.R.D. 367, 372 (E.D. Pa. 1988).

Inquiry into non-privileged conversations with counsel and preparations for trial, however, may prove necessary for impeachment purposes. *See, e.g., Geders v United States*, 425 U.S. 80, 89-90 (1976) (noting that cross-examination concerning the extent a witness is coached by counsel is permissible). Moreover, these inquiries could conceivably evidence bias that the finder of fact should consider when making credibility determinations. *See United States v Abel*, 469 U.S 45, 52 (1984) ("Proof of bias is almost always relevant."). For example, the defendants may want to inquire into the preparation of several of the DAPs' witnesses testifying pursuant to settlement cooperation obligations.

Testimony offered to examine witness preparations prior to a Rule 30(b)(6) deposition could prove similarly probative here. For instance, failing to properly prepare for a deposition pursuant to Rule 30(b)(6) could suggest to the jury that the witness provided inadequate, incomplete, or incorrect answers. Such information could be relevant for impeachment purposes and for the jury to determine the appropriate weight to give such Rule 30(b)(6) testimony.

Therefore, the Court declines to categorically prohibit this non-privileged testimony or evidence which could be used to show bias, to attack the witness's credibility, or for impeachment purposes. To the extent this evidence or testimony presents an evidentiary issue, the DAPs may object on a case-by-case basis at trial.