UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| **IN RE: PROCESSED EGG PRODUCTS** | : | **MDL No. 2002** |
| **ANTITRUST LITIGATION** | : | **Case No: 08-md-02002** |
| | : | |
| | : | |
| **THIS DOCUMENT APPLIES ONLY TO** | : | |
| *Winn-Dixie Stores, Inc. et al., v. Michael Foods* | : | |
| *Inc., et al.,* **Civil Action No. 2:11-cv-00510** | : | |
| | : | |

**REPLY IN SUPPORT OF PLAINTIFF H.J. HEINZ COMPANY, L.P.'S
MOTION TO SEVER AND TO TRANSFER ITS CLAIM**

Plaintiff H.J. Heinz Company, L.P. ("Heinz") has moved to sever its claim from those of its co-plaintiffs in Civil Action No. 2:11-cv-00510 in this MDL, and (2) to transfer its claim to the United States District Court for the Northern District of Illinois, Eastern Division, in Chicago for consolidation with the Kraft Plaintiffs' case which has been remanded to that District by the Judicial Panel. Defendants' opposition to this common-sense motion is based on a series of misconceptions and erroneous arguments.

1. **Severance and Transfer Would Be Efficient.**

Defendants contend first that litigating Heinz's claims in Philadelphia would be as convenient as litigating them in Chicago. That is clearly wrong with respect to Kraft Heinz. In 2015 Kraft Heinz became the owner of two claims in this litigation that had been filed in different districts. It would plainly be more efficient for Kraft Heinz to have its two claims tried in the same district, at the same time, and in a court near its Chicago headquarters.

Defendants contend that a Chicago trial would not be more efficient for Heinz than a Philadelphia trial because its two trial witnesses are located in the Pittsburgh area, which is nearer to Philadelphia than to Chicago. First, getting Heinz's witnesses to trial is a matter to be

handled by Heinz, not Defendants. Defendants will not bear any greater expense because Heinz witnesses travel to Chicago for trial rather than to Philadelphia. Second, there is no substantial difference between the two trial locations for these witnesses. The distance between Pittsburgh and Philadelphia is approximately 267 air miles, and a flight between those two cities takes about 1 hour.[1] The distance between Pittsburgh and Chicago is approximately 412 air miles, and the flight takes about 1 hour 16 minutes.[2]

The question then becomes whether the Defendants would be substantially inconvenienced by trying the Heinz claim in Chicago with the Kraft claim. Defendants point to no inconvenience whatsoever. They instead concede that the primary legal issues in the Heinz claim are the same as the legal issues in the Kraft claim. There is no inconvenience because the three Defendants in the Philadelphia case (Rose Acre Farms, UEP, and USEM) are already Defendants in the Chicago case. For that reason, the transfer issue here differs fundamentally from the usual transfer issue under 28 U.S.C. § 1404(a). Usually a transfer motion will involve moving a case and all its parties entirely from one district to a different district. Here, in contrast, regardless of how this motion is decided, Rose Acre, UEP, and USEM will have a trial in this District and also a trial in the Northern District of Illinois. The only change would be that Heinz is removed from the Philadelphia trial and is added to the Chicago trial.

Defendants have demonstrated no prejudice if Heinz's claim is tried in Chicago rather than Philadelphia. Their work preparing to try Heinz's claim in Philadelphia will not be wasted because that work will be as useful for the Chicago trial as it would be for the Philadelphia trial.

Defendants' treatment of Heinz's motion as a conventional transfer motion misses the point. Defendants argue that Heinz has not supported its motion with affidavits establishing that

---

[1] See https://www.airmilescalculator.com/distance/pit-to-phl/.
[2] See https://www.airmilescalculator.com/distance/ord-to-pit/.

the interests of justice and convenience support the transfer of the Heinz claim to Chicago. However, the three cases Defendants cite for this argument were all conventional transfer cases in which the question posed was whether the entire case would be moved from one district to another district.[3] The factors relevant in a conventional case—such as the location of the witnesses and parties and where the significant events giving rise to the suit occurred—have no pertinence here. The question here is whether the Heinz claim should be moved from one district to another district where both districts will have a trial. Both of the forums are established. Defendants cite no case addressing the circumstances present here.

More compelling than the above conventional transfer cases is this Court's decision in *Palagano v. NVIDIA Corp.*, 2015 U.S. Dist. LEXIS 112146 (E.D. Pa. Aug. 25, 2015). This Court stressed that "courts in our district have held that where there is a strong likelihood of consolidation with a related action, a transfer of venue is warranted." *Id*. at 9 (quoting *Villari Brandes & Kline*, PC, 2009 WL 1845236, at *5 (E.D. Pa. June 29, 2006). Defendants try to distinguish *Palagano* as being based on the first-filed rule, but fail to note that this Court held in the alternative that if the first-filed rule did not apply, transfer under § 1404(a) was appropriate because of the presence of a related case in the transferee district. *Id*. at *16. This Court noted that the ability to consolidate a case with a related case in another district was a "powerful" reason to transfer even if the conventional § 1404(a) factors weigh, unlike here, against transfer.

If the conventional transfer factors are considered, they also support transferring the Heinz claim to Chicago. That is the location of its parent corporation, Kraft Heinz, and where Kraft Heinz's other claim will be tried. In addition, Rose Acre Farms' headquarters in Seymour,

---

[3] *One World Botanicals LTD v. Gulf Coast Nutritionals, Inc.*, 987 F. Supp. 317, 325-27 (D. N.J. 1997); *Plum Tree, Inc. v. Stockment*, 488 F.2d 754, 756-57 (3d Cir. 1973); *Matera v. Native eyewear, Inc.*, 355 F. Supp. 2d 680, 687 (E.D.N.Y. 2005).

3

Indiana, is approximately 246 miles from Chicago[4] but 578 miles from Philadelphia.[5] The headquarters of UEP and USEM in the Atlanta area are nearly equidistant from Philadelphia and Chicago: approximately 665 miles from Philadelphia[6] and 714 miles from Chicago.[7]

### 2. Transferring Heinz's Claim to Chicago Will Promote Judicial Economy.

Defendants argue that Heinz's claim is based on both shell-egg purchases and egg-product purchases but ignore the dollar amount of those purchases and claims. Dr. Baye's Supplemental Report for the Winn-Dixie Plaintiffs shows that Heinz bought $13,540 of shell eggs from former defendant Sauder during the damages period.[8] Dr. Baye estimated Heinz's damages based on its shell-egg purchases at $3,244.33.[9] In Dr. Baye's First Arizona Supplement to his Report, he estimated Heinz's damages on its shell-egg claims as between $3,223.76 and $3,811.76.[10] Although Defendants cite these reports, they do not inform the Court of these minimal Heinz shell-egg purchases and damages. (Defs. Br. p. 5, n.3).

Thus, Heinz's shell-egg damages are *de minimis*, and in any event Heinz will waive them whether the case is tried in Philadelphia or Chicago.[11] Consequently, Heinz's claim has a much better fit with the Chicago case, which is based entirely on egg-product purchases, than the Philadelphia case which is predominantly a shell-egg case.

---

[4] https://www.google.com/search?q=distance+seymour+indiana+to+chicago&rlz=1C1OKWM_enUS807US809&oq=distance+seymour+indiana+to+chicago&aqs=chrome..69i57.10772j1j8&sourceid=chrome&ie=UTF-8.

[5] https://www.usageo.org/distance/1868832-4260000.

[6] https://www.distance-cities.com/distance-philadelphia-pa-to-atlanta-ga

[7] https://www.distance-cities.com/distance-chicago-il-to-atlanta-ga

[8] *See* ECF No. 1530 at Ex. 2, First Supplemental Expert Report of Michael R. Baye, Ph.D., dated Feb. 6, 2015, Supp. Ex. 4, p. 5.

[9] *Id.* at Supp. Ex. 6, p. 1.

[10] *See* ECF No. 1530 at Ex. 4. Arizona Supplement to Expert Report of Michael R. Baye, Ph.D., dated Oct. 31, 2016, Arizona Supplemental Ex. 22, pp. 7-8.

[11] Heinz previously dismissed its shell egg claims against Defendant Michael Foods. See Exhibit 1.

### 3. Heinz's Motion Is Not Untimely.

Defendants' argument that Heinz should have moved to sever and transfer its claim to Chicago immediately after the Kraft-Heinz merger in 2015 makes no sense. The purpose of Heinz's motion to sever and transfer is solely to consolidate its claim with Kraft Heinz's other claim in the Northern District of Illinois. There was no other Kraft Heinz claim in Chicago until, at the earliest, August 16, 2019, when the Judicial Panel issued its Conditional Transfer Order. Moreover, a judge was not assigned to the Kraft Plaintiffs' in the Northern District of Illinois until September 16, 2019, at which point it became clear that the Kraft Plaintiffs' case would proceed in Chicago. Heinz filed this motion two days later, on September 18, 2019. Filing a motion to transfer earlier would have been futile. There had to be claim already in Chicago with which the Heinz claim could be consolidated.

Heinz has not engaged in forum shopping, as Defendants contend. Heinz has not sought a transfer until the Chicago forum was established and in operation. The reason for the requested transfer is Kraft Heinz's ownership of both the Kraft and Heinz claims which occurred as the result of a merger that had nothing to do with this litigation. The Heinz claim was being litigated separately for more than four years before the merger and the Kraft claim for more than three years. Absent prejudice to the Defendants, which they have not and cannot show, Kraft Heinz should be allowed to try its two claims in the same forum.

## **CONCLUSION**

Therefore, Plaintiff H.J. Heinz Company, L.P. respectfully requests that this Court grant this motion to sever and transfer Heinz's claim to the United States District Court for the Northern District of Illinois.

Respectfully submitted,

Dated: October 6, 2019        /s/ Patrick J. Ahern
Patrick J. Ahern, Esquire
AHERN AND ASSOCIATES, P.C.
8 South Michigan Avenue
Suite 3600
Chicago, Illinois  60603
Tel:     (312) 404-3760
patrick.ahern@ahernandassociatespc.com

***Counsel for Plaintiff H.J. Heinz Company, L.P.***