## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **IN RE: PROCESSED EGG PRODUCTS ANTITRUST LITIGATION** | : | **MULTIDISTRICT LITIGATION** |
| | : | |
| | : | |
| | : | |
| | : | |
| ***THIS DOCUMENT APPLIES TO:*** | : | **No. 08-md-2002** |
| **ALL DIRECT ACTION PLAINTIFF CASES** | : | |

**FILED**

OCT 04 2019

KATE BARKMAN, Clerk
By_____Dep. Clerk

### ORDER

AND NOW, on this 4th day of October, 2019, upon consideration of the Direct Action Plaintiffs' Motion *in Limine* to Preclude Defendants from Referencing (1) the Capper-Volstead or Cooperative Marketing Acts with Regard to UEP or its Members or (2) a Good Faith Belief that Their Actions are Immune from Liability (Doc. No. 1888) and the Response in Opposition (Doc. No. 1926), it is **ORDERED** that the Motion *in Limine* (Doc. No. 1888) is **GRANTED IN PART** and **DENIED IN PART**.[1]

BY THE COURT:

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

---

[1]     The parties agree that the Court- consistent with its prior ruling in the DPP trial- -should rule that documentary (or other) references to the Capper Volstead Act in connection with the UEP's or its members' activities are "inadmissible if used to affirmatively argue that the defendants are immune or that they are entitled to a good-faith Capper-Volstead defense." Doc. No 1676 at 4

As the Court also previously ruled, however, "[t]hese documents may be admissible for other purposes." *Id.* Accordingly, the DAPs request (1) that the documents be admitted only after redacting all references concerning Capper-Volstead or, alternatively, (2) that the admitted documents be accompanied by an appropriate limiting instruction.

Acknowledging the possibility that these documents could present an evidentiary issue, the Court in its prior ruling decided that "the parties may offer or object to [the documents] on a case-by-case basis at trial." *Id.* at 4-5. The same denial of a categorical ban proves appropriate here. Redaction is therefore unnecessary, and the parties again may object to the documents on a case-by-case basis at trial.

In its prior ruling the Court "encourage[d] counsel to confer with each other as to the language they propose that the Court use to explain to the jury references in various exhibits to Capper-Volstead." *Id.* at 5. The Court similarly encourages the parties here to confer with each other as to the language they propose the jury receives without definitively determining in this Order which language concerning Capper-Volstead, if any, will be included in the jury instructions. The DAPs' premature request for a limiting instruction is therefore denied.