# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: PROCESSED EGG PRODUCTS ANTITRUST LITIGATION | MULTIDISTRICT LITIGATION |
| *THIS DOCUMENT APPLIES TO:* ALL DIRECT ACTION PLAINTIFF CASES | No. 08-md-2002 |

## MEMORANDUM

PRATTER, J.  OCTOBER 22, 2019

### INTRODUCTION

With trial a little over a month away, Heinz no longer wanted its egg claim in the same basket as its fellow Direct Action Plaintiffs (DAPs). Plaintiff H.J. Heinz Company, L.P. moved to sever its claims from those of its co-plaintiffs in this multidistrict litigation in the Eastern District of Pennsylvania and transfer its claim to the Northern District of Illinois, to be consolidated with the Kraft Plaintiffs' action owned by the same parent company, The Kraft Heinz Company. Heinz argues that severing and transferring its claim would be judicially economic and convenient for the courts and parties involved. Because Heinz failed to adequately establish its need to sever and transfer its claim, its motion is denied.

### I. Background

The facts of this case are well documented in the Court's prior rulings. *See, e.g., In re Processed Egg Products Antitrust Litig.*, 206 F. Supp. 3d 1033 (E.D. Pa. 2016).[1] To briefly

---

[1] This case has been pending for a number of years, during which all the allegations and various industry terms, as well as parties, events and such, have been repeatedly discussed in a number of opinions. Accordingly, this opinion assumes familiarity with the prior pertinent material docketed generally under this action.

1

summarize this decade-old litigation, the plaintiffs allege that the defendants participated in a multi-prong price-fixing scheme designed to decrease the supply of eggs and thereby increase egg prices. At issue in this motion is whether Plaintiff Heinz can sever its claims from those of its co-plaintiffs in *Winn-Dixie Stores, Inc. et al. v. Michael Foods, Inc. et al.*, No. 11-510, and transfer its claim for consolidation with the Kraft Plaintiffs' action which was recently remanded from this Court to the Northern District of Illinois. *See Kraft Foods Global, Inc. et al. v. United Egg Producers et al.*, No. 11-8808 (N.D. Ill.) (Doc. No. 15).

Heinz, alongside its co-plaintiffs, filed *Winn-Dixie Stores, Inc. et al. v. Michael Foods, Inc. et al.*, No. 11:510, on January 12, 2011. Rose Acre Farms, Inc., United Egg Producers, Inc. (UEP), and United Export Marketers, Inc. (USEM) are the remaining defendants in the Heinz action. The Kraft Plaintiffs—Kraft Foods Global, Inc., The Kellogg Co., General Mills, Inc., and Nestle USA, Inc.—filed a separate case, *Kraft Foods Global, Inc. v. United Egg Producers et al.*, on December 12, 2011 in the Northern District of Illinois. The Judicial Panel on Multidistrict Litigation transferred the Kraft Action to this Court on January 9, 2012. After this transfer, both Heinz and Kraft were among the other DAPs involved in this multidistrict litigation.

Pursuant to 28 U.S.C. § 1407(a) and this Court's Case Management Order No. 20 (Doc. No. 822), the Kraft Plaintiffs filed an uncontested motion for a suggestion to the Judicial Panel to remand *Kraft Foods Global, Inc. v. United Egg Producers et al.* to the Northern District of Illinois, and the Court granted this request. Or. Granting Remand (Doc. No. 1917); *see* 28 U.S.C. § 1407(a); *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 35 (1998) (holding that cases transferred to a multidistrict litigation must be remanded to their original district for trial). The Judicial Panel issued a conditional transfer order transferring the Kraft Action to the Northern District of Illinois on August 16, 2019. *See* Conditional Transfer Or., No. 12-88 (Doc.

No. 71).[2] The case was assigned to Judge Charles R. Norgle on September 16, 2019. Rose Acre, UEP, and USEM are among the remaining defendants in the Kraft Action.[3] On September 18, 2019, Heinz filed this motion to sever and transfer its claim.

Unrelatedly, Kraft and Heinz merged into a new corporate entity, The Kraft Heinz Company, on July 2, 2015. As a result of the merger, Kraft Heinz became the owner of the claims brought by both Kraft and Heinz in this multidistrict litigation. Heinz asserts that both cases continued to be litigated as separate matters after the merger "[b]ecause Kraft Foods Global and Heinz had different co-plaintiffs and counsel in their respective actions, subject to different fee and cost agreements." Heinz' Mem. in Supp. of Mot. to Sever and Transfer Claim at 2 (Doc. No. 1970-1).

## II.   Legal Standards

### A. Severance

The Federal Rules of Civil Procedure give district courts broad discretion in deciding whether to sever a case by way of severing parties or claims. *See, e.g., BancMortgage Fin. Corp. v. Guarantee Title & Trust Co.*, No. 99-2932, 2000 WL 1521600, at *1 (E.D. Pa. Oct. 6, 2000). Federal Rule of Civil Procedure 21 states: "On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." In

---

[2] After the Kraft Action's remand to the Northern District of Illinois, the DAPs included the following: Albertsons LLC; Giant Eagle, Inc.; The Great Atlantic & Pacific Tea Company, Inc.; H.E. Butt Grocery Company; H.J. Heinz Company, L.P.; Hy-Vee, Inc.; The Kroger Company; Publix Super Markets, Inc.; Roundy's Supermarkets, Inc.; Safeway Inc.; Supervalu, Inc.; Walgreen Company; and Winn-Dixie, Inc.

[3] The defendants in the Kraft Action are as follows: Rose Acre Farms, Inc.; UEP; USEM; Cal-Maine Foods, Inc.; Daybreak Foods, Inc.; Hillandale Farms of PA, Inc.; Michael Foods Inc.; Midwest Poultry Serv., L.P.; National Food Corp.; Nucal Foods, Inc.; Ohio Fresh Eggs, LLC; R.W. Sauder, Inc.; and Sparboe Farms, Inc.

3

deciding whether to sever, courts consider "convenience of the parties, avoiding prejudice, and promoting expedition and economy." *Graudins v. Retro Fitness, LLC*, 921 F. Supp. 2d 456, 468 (E.D Pa. 2013) (citing *BancMortgage*, 2000 WL 1521600, at *2); *see also Official Comm. of Unsecured Creditors v. Shapiro*, 190 F.R.D. 352, 355 (E.D. Pa. 2000). "A claim may be severed . . . for the purpose of facilitating transfer. Where the administration of justice would be materially advanced by severance and transfer, a court may properly sever the claims against one or more defendants for the purpose of permitting the transfer of the action against other defendants." *Cain v. N.Y. State Bd. of Elections*, 630 F. Supp. 221, 225-26 (E.D.N.Y. 1986) (citations omitted).

## B. Transfer[4]

A district court may decide "[f]or the convenience of the parties and witnesses, in the interest of justice," to transfer any civil action to any other district or division where the action might have been brought. 28 U.S.C. § 1404(a). Section 1404(a) grants district courts "broad discretion to determine, on an individualized, case-by-case basis, whether convenience and

---

[4] The Court notes that Heinz does not rely upon or substantively acknowledge the "first-filed rule" followed by the Third Circuit Court of Appeals. "The first-filed rule . . . is a comity-based doctrine stating that, when duplicative lawsuits are filed successively in two different federal courts, the court where the action was filed first has priority." *Chavez v. Dole Food Co., Inc.*, 836 F.3d 205, 210 (3d Cir. 2016) (en banc). Because Heinz filed its claim in Philadelphia before the Kraft Plaintiffs filed their claim in Chicago, the defendants note that the rule's application here would suggest keeping Heinz' claim in Philadelphia. However, "the rule's primary purpose is to avoid burdening the federal judiciary and to prevent the judicial embarrassment of conflicting judgments." *E.E.O.C. v. Univ. of Pa.*, 850 F.2d 969, 977 (3d Cir. 1988) (citation omitted). Moreover, the Third Circuit Court of Appeals acknowledges that "fundamental fairness dictates the need for fashioning a flexible response to the issue of concurrent jurisdiction." *Id.* (internal quotation marks and citation omitted).

In this multidistrict litigation, there is no question that two trials concerning similar topics and overlapping defendants will occur. Thus, applying the rule here in no way accomplishes the primary purpose the rule sets out to achieve. Therefore, the Court acknowledges this situation's need for a more flexible analysis and declines to rigidly apply the first-filed rule. *See E.E.O.C.*, 850 F.2d at 976 ("[C]ourts have consistently recognized that the first-filed rule is not a rigid or inflexible rule to be mechanically applied . . . .") (internal quotation marks and citation omitted) (collecting cases). As discussed below, the Court still denies Heinz' motion on other grounds.

4

fairness considerations weigh in favor of transfer." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 883 (3d Cir. 1995) (citing *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 30-31 (1988)). In making their determinations, district courts typically balance various private and public interests related to the convenience and fairness of selecting the appropriate venue. *In re Howmedica Osteonics Corp.*, 867 F.3d 390, 401 (3d Cir. 2017) (citing *Jumara*, 55 F.3d at 879).

While there is no definitive set of factors that must be considered prior to transfer, in *Jumara v. State Farm Insurance Company*, the Third Circuit Court of Appeals enumerated many public and private factors courts have considered when determining whether to transfer an action pursuant to § 1404(a). 55 F.3d at 879. Private interests include: "plaintiff's forum preference as manifested in the original choice; the defendant's preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of books and records . . . ." *Id.* at 879 (citations omitted). Public interests include: "the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases." *Id.* at 879-80 (citations omitted).

In addition to the *Jumara* factors, "courts in our district have held that where there is a strong likelihood of consolidation with a related action, a transfer of venue is warranted." *Villari Brandes & Kline, P.C. v. Plainfield Specialty Holdings II, Inc.*, No. 09-2552, 2009 WL 1845236, at *5 (E.D. Pa. June 26, 2009) (citing *Prudential Ins. Co. of Am. v. Rodano*, 493 F. Supp. 954, 95 (E.D. Pa. 1980); *Maxlow v. Leighton*, 325 F. Supp. 913, 915-17 (E.D. Pa. 1971)); *see Palagano v.*

*NVIDIA Corp.*, No. 15-1248, 2015 WL 5025469, at *3 (E.D. Pa. Aug. 25, 2015). "[T]he presence of a related action in the transferee forum is such a powerful reason to grant a transfer that courts do so even where other *Jumara* factors, such as the convenience of the parties and witnesses, would suggest the opposite." *Villari Brandes & Kline, P.C.*, 2009 WL 1845236, at *5 (collecting cases); *see also Elan Suisse Ltd. v. Christ*, No. 06-3901, 2006 WL 3838237, at *4 (E.D. Pa. Dec. 29, 2006).

The movant has the burden to establish the need for a transfer. *Jumara*, 55 F.3d at 879 (citations omitted). "The party seeking a transfer should support its motions with affidavits and other documentation that establishes that the interests of justice and convenience of the parties would best be served by a transfer." *One World Botanicals Ltd. v. Gulf Coast Nutritionals, Inc.*, 987 F. Supp. 317, 326 (D.N.J. 1997) (citing *Plum Tree, Inc. v. Stockment*, 488 F.2d 754, 755-57 (3d Cir. 1973)). A district court should not transfer a case relying "entirely on the facts and conclusions asserted in [the movant's] motion." *Plum Tree, Inc.*, 488 F.2d at 757.

### III. Discussion

The Court finds that Heinz failed to satisfy its burden to establish its need to sever and transfer its claim for consolidation with the Kraft Action. Instead of relying upon the more typically applied *Jumara* factors,[5] Heinz argues that convenience, a lack of prejudice towards the defendants,[6] and judicial economy alone establish its need for severance and transfer.[7] Although

---

[5] The defendants argue that Heinz' omission of any attempt to undertake a full analysis of the *Jumara* factors further undermines any basis for transfer.

[6] Heinz points to the fact that the defendants will already be litigating in Chicago regardless of the outcome of this motion to argue both that the transfer would not inconvenience nor prejudice the defendants. Accordingly, the Court addresses these arguments in tandem in section III.A.

[7] The Court therefore does not organize its discussion of whether to transfer Heinz' claim following a more typical factor-by-factor application of the *Jumara* factors.

6

these considerations are typically analyzed in deciding whether to sever a claim, they may also be relevant in deciding whether to transfer the Heinz claim. Accordingly, the Court will analyze Heinz' request for a severance and transfer in tandem and pursuant to the parties' raised arguments. The Court will also consider the timeliness of Heinz' motion in its determination. Finally, the Court will very briefly address the two *Jumara* factors the defendants address to negate Heinz' need for a severance and transfer—Heinz' original forum preference and the convenience of the witnesses.[8]

One global issue is well worth noting. Heinz fails to provide the Court with affidavits or documentation—aside from its own briefing—to support its motion.[9] Instead, Heinz relies upon its assertions in its motions and—without any case law in support—suggests that this particular transfer does not require documentation. This failure seriously undermines Heinz' ability to meet its burden and will be addressed accordingly.

## A. Convenience and Prejudicial Effect

Heinz argues that because the Heinz claim and Kraft Action "involve essentially the same factual and legal issues," it would be more convenient to try the claims together in the Northern District of Illinois. Heinz' Mem. in Supp. of Mot. to Transfer and Sever Claim at 2 (Doc. No. 1970-1). Relying heavily upon this district's preference to consolidate related cases, Heinz asserts that consolidation would allow the parties to avoid litigating separate trials of the Kraft Heinz-owned claims.

---

[8] The Court will address the convenience of the witnesses in footnote 10 and Heinz' original forum preference in section III.D.

[9] Heinz eventually submitted its only exhibit, this Court's prior stipulation and order dismissing Heinz' shell-egg claim against Michael Foods, Inc. (Doc. No. 1502), in its reply. Heinz' Reply in Supp., Ex. A (Doc. No 1999). This exhibit alone does not establish Heinz' need to transfer and sever its claim.

7

Heinz characterizes the current state of the litigation to require "Kraft Heinz-owned egg products claims [to] be tried twice." *Id.* First, Heinz presents no affidavits or documentation demonstrating why it would be substantially inconvenienced by keeping its claim in Philadelphia while Kraft litigates in Chicago. Second, Heinz' characterization is somewhat misleading. Heinz' depiction fails to acknowledge that the Heinz and Kraft claims are still based upon the then-separate companies' independent interactions with differing players, all occurring well before the Kraft Heinz merger took place. Both litigants will still be required to present their respective witnesses to substantiate their different claims. Because the claims now share the same owner neither makes the claims any more similar to each other nor any more different to the claims brought by any other plaintiffs.

This realization inevitably exposes a crucial flaw in Heinz' argument: that Heinz' claim is *already* consolidated with similarly situated claims. Every claim in this multidistrict litigation—including the claims of the plaintiffs about to go to trial in Philadelphia in less than two weeks—can be identified as relying upon the same basic facts and legal propositions. Heinz simply wants to remove itself from a larger group of consolidated cases into a smaller case consolidation. Heinz' consolidation efforts mimic moving an egg out of the chicken coop and into the carton. This district's precedent shows a preference for transferring cases to ease consolidation efforts as a means to streamline litigation. *See Palagano*, 2015 WL 5025469, at *3. Granting Heinz' transfer would do no such thing. As Heinz itself acknowledges, both trials will continue forward regardless of where Heinz lands. Because both the Philadelphia and Chicago trials will occur—albeit one much sooner than the other—regardless of where Heinz is tried, it is unclear how much convenience truly comes from transferring a claim from one grouping of similar claims to another. In addition to omitting any evidence to support its argument, Heinz also fails to cite any case law

factually analogous to this unusual situation in support of its argument. Heinz therefore fails to establish the convenience it would experience in moving its claim to Chicago.[10]

The Court further inquires into whether the defendants would be inconvenienced or prejudiced by this last-minute change of venue. If Heinz had requested to consolidate its case with the Kraft Action earlier, it would not have particularly inconvenienced or prejudiced the defendants. Regardless of where Heinz' claim is tried, the defendants will be litigating in both Philadelphia and Chicago. With an earlier consolidation effort, the defendants could have halted their preparation efforts concerning the Heinz witnesses, saved their work for later use in the Chicago trial, and exerted their energy elsewhere in preparation of the nearing Philadelphia trial. With the Philadelphia trial looming just around the corner, however, the defendants "have already devoted time and resources to preparing for those witnesses' testimony." Def.s' Resp. Pl.'s Mot. to Sever and Transfer Claim at 9 (Doc. No. 1994). Although postponing the use of the defendants' witness preparation efforts may not substantially inconvenience presenting their defense at the Chicago trial, it does prejudice their ability to prepare for the Philadelphia trial. Heinz' argument on this point therefore seems impractical and unrealistic.

Heinz further argues that consolidation would convenience not only the parties but also the courts by requiring only one court to decide any issues raised at trial concerning both claims. As similarly noted above, just because the claims are now owned by the same company does not mean that the issues these claims raise at trial will merge into one. Again, Heinz fails to support its

---

[10] The defendants briefly attempt to argue that it would be more convenient for Heinz' two Pittsburgh-based witnesses to testify in Philadelphia rather than Chicago. As the Third Circuit Court of Appeals explained in *Jumara*, the convenience of the witnesses only matters "to the extent that the witnesses may actually be unavailable for trial in one of the fora." 55 F.3d at 879. Because Heinz does not suggest any difficulty in flying the witnesses to either Philadelphia or Chicago, the defendants' argument is irrelevant.

assertion with any documentation demonstrating how this transfer will legitimately ease either courts' ability to decide issues raised at trial. This Court has already been hard at work to resolve any and all concerns that Heinz and the other plaintiffs have raised thus far. It is confident that it can continue to do so for Heinz as it already must for the plaintiffs Heinz now seeks to leave behind. Accordingly, Heinz' argument that this severance and transfer would convenience the courts is unpersuasive.

In summary, Heinz' failed to substantiate the convenience in consolidating the Kraft Heinz claims. On the other hand, the defendants may likely be prejudiced by Heinz' last-minute game of chicken it is playing with the Eastern District of Pennsylvania. Therefore, these considerations weighs against severance and transfer.

## B. Judicial Economy

Heinz argues that a transfer would promote judicial economy by narrowing the issues to be tried in Philadelphia. Heinz asserts that its claim—like the Kraft Action—is "now based exclusively on egg product purchases." Heinz' Mem. in Supp. of Mot. to Transfer and Sever Claim at 2 (Doc. No. 1970-1). Heinz argues that transferring the Heinz claim would "further narrow the fact issues at the trial in this Court." *Id.*

Again, Heinz' argument is flawed. The DAPs in Philadelphia must already meet their burdens of proof concerning claims relating to *both* egg products and shell eggs. As noted, Heinz fails to produce sufficient documentation that Heinz has focused its efforts exclusively on egg product purchases.[11] But even if Heinz did substantiate the limiting of its damages claims,

---

[11] The parties squabble over whether Heinz is actually narrowing its claim to egg products damages. The defendants point to the DAPs third amended complaint, the first supplement report and Arizona supplement from the DAPs expert, Dr. Michael Baye, and the DAPs apparent request on September 13, 2019 to stipulate that Heinz purchased both shell egg and egg products from one or more egg producers. Heinz counters that a deeper dive into Dr. Baye's reports show that Heinz'

10

removing Heinz' claim will do nothing to relieve the DAPs' burden already established in the Philadelphia trial. The Court further acknowledges that substantially postponing the trying of a claim on the eve of trial does not in any way promote judicial efficiency. Because Heinz has failed to demonstrate how the transfer of its claim would promote judicial economy, this consideration weighs against transfer.

## C. The Timeliness of the Motion

In addition to Heinz' failure to meet its burden, the defendants also argue that Heinz' motion to sever and transfer should be denied as untimely. To the extent that severing and transferring Heinz' claim could prove convenient or promote judicial economy, it is unclear why Heinz would not have held these concerns years ago. Federal courts have denied untimely transfer requests under § 1404(a), particularly after the commencement of "extensive [pre-trial] preparation and expense" by opposing counsel. *McGraw-Edison Co. v. Van Pelt*, 350 F.2d 361, 363 (8th Cir. 1965). A district court's temporal concerns are particularly compelling when nearing the end of many long years of hard-fought litigation. *See Kasey v. Molybdenum Corp. of Am.*, 408 F.2d 16, 20 (9th Cir. 1969) ("The fact that the litigation has been pending for nine years in the court below, and now appears to be moving toward conclusion, is compelling evidence that transfer at this stage would not serve the interest of justice.").

Heinz brought this action over eight years ago and the Philadelphia trial will start in less than two weeks. Kraft and Heinz merged in 2015. The Kraft and Heinz claims have independently coexisted for over four years since the merger. Whatever benefits Heinz may seek in trying the

---

shell-egg damages are *de minimus* and that in any event, its shell-egg damages will apparently be waived. Heinz cites its only exhibit, this Court's prior stipulation and order dismissing Heinz' shell-egg claim against Michael Foods, Inc., in an attempt to evidence that it will waive its remaining shell-egg damages at trial. As of yet, Heinz has not dismissed its shell-egg claims against any of the remaining defendants.

11

Kraft Heinz claims together was just as prevalent back then as it is now. Heinz asserts that Kraft Heinz decided to litigate the cases separately after the merger because the cases "had different co-plaintiffs and counsel, . . . subject to different fee and cost agreements." Heinz' Mem. in Supp. of Mot. to Transfer and Sever Claim at 2 (Doc. No. 1970-1). As the defendants point out, nowhere does Heinz suggest that the same is not true now.[12]

Heinz simply responded that the motion is timely because it was filed only two days after the Kraft Action was assigned to a judge in Chicago. This response misses the defendants' entire point that nothing prevented Heinz from consolidating its claim with Kraft before the Kraft Action was transferred to Chicago. Following the defendants' argument, it is puzzling why Heinz would not have simply requested to consolidate the claims *prior* to the Judicial Panel's grant of the Conditional Transfer Order remanding the Kraft Action to Chicago if it cared so deeply about keeping the claims together.

After all this time, Heinz seeks to transfer its claim out of the forum it affirmatively chose in 2011—the same forum in which the defendants already prevailed in the last jury trial. Section 1404 "[m]ost assuredly . . . [was] not designed to facilitate belated procedural maneuvers suggestive of forum shopping." *Roberts Bros., Inc. v. Kurtz Bros.*, 231 F. Supp. 163, 168 (D.N.J. 1964). Because Heinz did not proffer any evidence sufficiently demonstrating the convenience and judicial economy of its requested transfer, the Court cannot ignore this potential forum-

---

[12] Presumably, Heinz could have argued that Kraft Heinz' previous rationale for keeping the cases separated are now substantially outweighed by a new impetus to keep these claims together within the same court. The Court, however, will not make this argument on Heinz' behalf. Even so, Kraft Heinz should have been well aware of the Kraft Action's remand request pursuant to this Court's Case Management Order No. 20 and the remand's obvious effect on the ability to litigate both Kraft Heinz-owned claims in one place.

12

shopping concern. Finally, transferring Heinz' claim to Chicago would inevitably delay trying a claim that has existed since 2011.

Both the Court's concern over permitting this delay and its bewilderment as to why Kraft Heinz refrained from consolidating its claims years ago convinces the Court that the untimeliness of this motion also weighs against severance and transfer.

### D. Plaintiff's Forum Preference as Manifested in the Original Choice

The "plaintiff's forum preference as manifested in the original choice" is a *Jumara* factor courts typically consider when determining whether to transfer a claim. As the defendants point out, Heinz originally chose to file its claim in the Eastern District of Philadelphia in 2011. *See* Def.s' Resp. Pl.'s Mot. to Sever and Transfer Claim at 9 (Doc. No. 1994). This consideration therefore weighs against severing and transferring Heinz' claim.

### CONCLUSION

For the foregoing reasons, the Court finds that Heinz' claim should not be severed from the claims of Heinz' co-plaintiffs nor transferred to the Northern District of Illinois under § 1404(a). Therefore, the Court denies Heinz' motion (Doc. No. 1970). An appropriate order follows.

BY THE COURT:

/s/ Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE