IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: PROCESSED EGG PRODUCTS ANTITRUST LITIGATION | MULTIDISTRICT LITIGATION<br><br>No. 08-md-2002 |
| *THIS DOCUMENT APPLIES TO* **ALL DIRECT ACTION PLAINTIFF CASES** | |

## ORDER

**AND NOW**, this 31st day of October, 2019, upon consideration of Direct Action Plaintiffs' Disputed Co-Conspirator Statement Submission (Doc. No. 1965); Defendants' response thereto (Doc. No. 1984); the *James* hearing held on September 27, 2019; Direct Action Plaintiffs' evidentiary submissions at the *James* hearing held on September 27, 2019; and the parties' respective post-hearing supplemental briefings and evidentiary submissions (Doc. Nos. 2006, 2007, and 2008), it is **ORDERED** that co-conspirator statements will be admissible at trial as set out in the accompanying Memorandum and Appendix.[1]

BY THE COURT:

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

---

[1] The Court finds that the DAPs have met their burden to justify potential admission of certain disputed co-conspirator statements. However, the Court will permit the defendants to object to the statements on non-hearsay grounds, such as Federal Rule of Evidence 403 concerns of needlessly presenting cumulative evidence. Therefore, just because a statement was held in the accompanying Memorandum and Appendix to meet the requirements of Rule 801(d)(2)(E) does not mean it is automatically admissible.