IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| **IN RE: PROCESSED EGG PRODUCTS** | : | **MDL No. 2002** |
| **ANTITRUST LITIGATION** | : | **Case No: 08-md-02002** |
| | : | |
| | : | |
| ***THIS DOCUMENT APPLIES TO*** | : | |
| **DIRECT ACTION PLAINTIFFS** | : | |
| | : | |

### ROSE ACRE FARMS, INC.'S POST-CONFERENCE MEMORANDUM

It is well acknowledged that "[d]enial of [a prevailing party's] costs is akin to a penalty." *Reger v. Nemours Found., Inc.*, 599 F.3d 285, 288 (3rd Cir. 2010). Yet, that is exactly what DAPs seek to do here.

**I.       Charges for Demonstrative Exhibits and In-Court Technician**

Rose Acre seeks taxation of $137,693.24 for the creation/preparation of demonstrative exhibits (visual aids) by Anthony Valerio ($85,873.75) and for the in-court technician services and deposition video and exhibit preparation by Kevin Cranford ($51,819.49). DAPs argue that the Third Circuit disallows all of these costs and that Rose Acre's legal support is inapplicable because it did not cite "a single decision in this Circuit post-*Race Tires* that taxes the cost of preparing demonstratives." DAPs are wrong on all counts.

After *Race Tires*, courts within the Third Circuit have held that costs for preparing demonstrative exhibits are taxable.[1] *See, e.g., Arlington Indus. v. Bridgeport Fittings, Inc.*, No.

---

[1] The same holds true for courts outside the Third Circuit post-*Race Tires*. *See, e.g., Deere & Co. v. Duroc LLC*, 650 Fed. Appx. 779, 783 (Fed. Cir. 2016); *Innovation Sciences, LLC, v. Amazon.com, Inc.*, No. 4:18-cv-474, 2021 U.S. Dist. LEXIS 97502, at *12 (E.D. Tex. May 24, 2021) (taxing over $76,000 for "trial graphics"); *TCL Communications Technology Holdings, Ltd. v. Telefonaktiebolaget LM*, No. CV 15-02370, 2018 U.S. Dist. LEXIS 242591, at *2–3 (C.D. Cal. Feb. 22, 2018); *The Medicines Co. v. Mylan Inc.*, No. 11-cv-1285, 2017 U.S. Dist. LEXIS 179107, at *31 (N.D. Ill. Oct. 30, 2017).

3:02-CV-0134, 2016 U.S. Dist. LEXIS 83493, at *46 (M.D. Pa. June 28, 2016) (taxing $84,503.36 relating to "fees for *preparing* demonstratives, animations, graphics, slides, and other visual aides [sic] for the two day hearing as well as the costs of on-site assistance by RLM's trial director") (emphasis added); *Savidge v. Donahoe*, No. 3:08-CV-02123, 2015 U.S. Dist. LEXIS 71875, at *3 (M.D. PA June 3, 2015); *Intellectual Ventures I LLC v. Symantec Corp.*, No. 10-1067-LPS, 2019 U.S. Dist. LEXIS 49043, at *10 (D. Del Mar. 25, 2019) (granting "$77,111.20 for its share of the costs of *preparation* of a technology tutorial for the Court and presentation slides for the claim construction hearing.") (emphasis added).  In contrast, DAPs' support is based primarily on unpublished clerk opinions that were not reviewed by any court[2] and decisions of non-EDPA districts that were based on a Local Rule that is not applicable here.[3]

True, when taxing for demonstrative exhibits, some courts disallow fees that relate to "intellectual efforts," but these efforts relate to activities such as jury consultation, mock trial, research for material to use in the exhibit, expert fees, and attorneys' fees. *See, e.g.*, *Romero v. Pomona*, 883 F.2d 1418, 1428 (9th Cir. 1989) (overruled on other grounds by *Townsend v. Holman Consulting Corp.*, 914 F.2d 1136, 1141 (9th Cir. 1990)); *Shum v. Intel Corp.*, 682 F. Supp. 2d  992, 1000 (N.D. Cal. 2009); *Rembrandt Diagnostics, LP v. Alere, Inc.*, No. 16-CV-698-CAB-NLS, 2019 U.S. Dist. LEXIS 94519, at *6–7 (S.D. Cal. June 5, 2019).  Rose Acre, however, submitted only costs relating to the *creation* and *production* of visual, demonstrative aids (and poster boards), which do not fall under that banner. *Walker Digital, LLC v. Google,*

---

[2]  *Supernus Pharm., Inc. v. TWI Pharm., Inc.*, No. 15-369, 2018 WL 2175765, at *17 (D.N.J. May 11, 2018); *Prometheus Labs., Inc. v. Roxane Labs., Inc.*, Nos. 11-230, 11-1241, 2016 WL 1559144, *12–14 (D.N.J. Apr. 18, 2016); *Purdue Pharm. Prods. v. Actavis*, No. 12-5311, 2016 WL 345-8-0, at *14 (D.N.J. 2016).
[3]  *Honeywell Int'l, Inc. v. Hamilton Sunstrand Corp.*, No. 99-309, 2009 U.S. Dist. LEXIS 93395 (D. Del. Sept. 30, 2009); *Cordance Corp. v. Amazon.com, Inc.*, 855 F. Supp. 2d 244 (D. Del. 2012).

*Inc.*, No. 11-318-LPS, 2016 U.S. Dist. LEXIS 54569, at *13–14 (D. Del. Apr. 12, 2016) (taxing demonstrative costs where costs are not "for counsel's intellectual effort, but rather the cost of reducing counsel's intellectual effort to the requested DVD format and submitting it to the court"); *Thabault v. Chait*, No. 85-2441, 2009 U.S. Dist. LEXIS 576, at *44–47 (D.N.J. Jan. 7. 2009) ("[C]osts to prepare demonstratives represent ordinary litigation expenses reasonably incurred in the prosecution of this massive, complex litigation, and were not merely for counsel's convenience"; *Motorola Solutions, Inc., v. Hytera Communications Corporation*, No. 1:17-cv-01973, 2021 U.S. Dist. LEXIS 149264, at *31–32 (N.D. Ill. Aug. 6, 2021) (taxing over $436,000 for costs that cover "time spent *preparing* the demonstratives, exhibits, or other visual aids") (internal citation omitted) (emphasis added).

When faced with a similar argument, the Central District of California taxed $54,000 in demonstrative *preparation* costs, describing a process akin to the one Rose Acre explained at the September 27 court conference: "TCL did not employ Fulcrum for any trial consulting work, and that most often TCL's attorneys directed Fulcrum on how the slides should look and what they should contain." *TCL*, 2018 U.S. Dist. LEXIS 242591 at *4. In fact, in another case, the Central District of California awarded costs for preparing the very same type of demonstrative exhibits, created by the very same person, Anthony Valerio, that Rose Acre seeks here. *SPEX Technologies, Inc. v. Apricorn, Inc.*, No. 16-7349, 2020 U.S. Dist. LEXIS 193349, at *3 (C.D. Cal. Sept. 30, 2020) (awarding $41,144.29 in fees for preparing demonstrative trial exhibits, including overtime costs). DAPs point to *Race Tires*' reliance on the *Romero* dichotomy between intellectual effort and physical preparation to argue that Mr. Valerio's costs should not be taxed, but the *SPEX* court taxed for Mr. Valerio's **based on *Romero***. DAPs provide no legal or factual support to depart from that here.

Likewise, even after *Race Tires*, courts in this Circuit have taxed costs relating to in-court technicians.[4] *See, e.g., Arlington,* 2016 U.S. Dist. LEXIS 83493 at *46; *Intellectual Ventures I LLC*, 2019 U.S. Dist. LEXIS 49043 at *10.[5] In large, complex cases these are standard costs that must be incurred to present evidence and testimony through the Court's built-in technology in an efficient way. The necessity of the cost in this case is best demonstrated by the fact that both sides used an in-court technician.

To date, DAPs have challenged costs for demonstrative exhibits and trial presentation on a blanket basis. Should DAPs now raise new issues or challenge specific costs, Rose Acre requests an evidentiary hearing or an opportunity to submit an affidavit in response.

**II.     Printing Costs**

DAPs challenge over half of Rose Acre's request for $40,413.32 in printing costs. DAPs ask the Court to reduce Rose Acre's actual costs for three unavailing reasons: (1) the rates requested are higher than allowed in this Circuit; (2) printer rental costs are not recoverable; and (3) Rose Acre's actual costs should be reduced by one-third because Rose Acre allegedly provides insufficient detail. With respect to the rate per page, there is no absolute maximum as DAPs suggest. Moreover, DAP's case support goes back to 2005. If 10 to 15 cents/page were reasonable in 2005, certainly 18 cents/page is reasonable today (in fact, adjusted for inflation, .15/page would be .22/page today). With respect to printer rental, DAPs are simply wrong. *See,*

---

[4] DAPs' in-court vs. out-of-court distinction is meaningless. Some of what in-court technicians do is literally out of court by necessity. For example, Kevin Cranford, Rose Acre's in-court technician, did not prepare demonstrative exhibits, but he did stamp exhibits and cross-examination exhibits and prepare highlights and call-outs prior to court in order to ensure efficient presentation of the evidence while the witnesses were on the stand.

[5] Courts in other Circuits have ruled similarly. *See also*, *Deere & Co.,* 650 Fed. Appx. at 783; *Segner v. Ruthven Oil & Gas, LLC*, No. 3:12-CV-1318-B, 2020 U.S. Dist. LEXIS 8101, at *11 (N.D. Tex. Jan. 14, 2020); *The Medicines*, 2017 U.S. Dist. LEXIS 179107 at *33; *Golden Bridge Tech. v. Apple, Inc.*, No. 5:12-cv-04882-PSG, 2015 U.S. Dist. LEXIS 170424, *8 (N.D. Cal. Dec. 21, 2015).

*e.g., Salem Fin., Inc. v. United States*, 134 Fed. Cl. 544, 549 (Ct. Cl. 2017); *RLIS, Inc. v. Cerner Corp.*, No. 3:12-CV-209, 2015 U.S. Dist. LEXIS 85444, at *11–12 (S.D. Tex. July 1, 2015); *Abbott Point of Care, Inc. v. Epocal, Inc.*, No. CV-08-S-543-NE, 2012 U.S. Dist. LEXIS 159042, at *16–17 (N.D. Ala. Nov. 5, 2012).

Finally, Rose Acre provided more than enough detail for the Court and the DAPs to assess the necessity of the taxable printing costs. Rose Acre incurred tens (if not hundreds) of thousands of dollars in printing costs over the life of this case, which began in 2010. Because of the difficulty of swearing to printing costs that happened almost a decade ago, Rose Acre limited its request for printing costs to those incurred in the two months leading up to trial and during trial, thus ensuring that the printing costs it sought were necessary and not for the convenience of counsel. Moreover, Rose Acre submitted an affidavit of one of its trial attorneys explaining that much of the printing expenses requested related to DAPs' numerous, late-identified summary exhibits (which underwent several versions each and included 22,663 pages of supporting documents). Carter Aff. at ¶ 50.

### III. Witness Expenses

To be transparent, Rose Acre submitted all of the documentation included in the expense submissions that covered the witness-related expenses it was seeking, even if that documentation included other expenses that Rose Acre was not seeking. As promised to the Court during the status conference, Exhibit A itemizes precisely which costs Rose Acre seeks, the invoice to which it relates, and the page on Carter Aff. Exhibit E where the receipt can be found.

### IV. Copying and Discovery Costs

Rose Acre incurred expenses in electronically scanning (as opposed to physical copying) 399,385 pages of "hardcopy" documents identified by DAPs' in response to their request for documents. Rose Acre misidentified these costs as $14,558.45. While Rose Acre does not

5

possess the actual invoice for these scanning costs, a disbursement entry matching the date of the scanning indicates an expense for $13,803.06. There is no reason to deny taxing these costs.[6]

DAPs agree that, under *Race Tires*, e-discovery costs that are analogous to hardcopy copying, such as conversion, are taxable. Yet, DAPs quibble with Rose Acre's request for $28,260.75 in conversion costs because the invoices describe these costs as "ESI processing." "ESI Processing" is nothing more than a two-word description for the technical process of taking raw, unstructured, electronically-stored information and converting it into human-readable file types, in this case TIFFs—the ESI equivalent of pressing the button on a copier. If the court desires, at an evidentiary hearing or otherwise, Rose Acre can present testimony evidence that these costs related to allowable conversion activities, as opposed to traditional "ESI processing."

With respect to the request for $166,329.96 in traditional ESI-related activities, Rose Acre has always conceded that these costs are not allowable under *Race Tires*, which is why Rose Acre separated these costs in its petition. Nevertheless, this issue should be re-visited given the ubiquitous nature of e-discovery in modern-day litigation and evolving technology. Indeed, courts outside of the Third Circuit have deemed some or all ESI-related expenses as taxable.[7]

## V.     Deposition Costs

The DAPs concede that $73,069.73 of Rose Acre's $103,460.22 itemized deposition costs are taxable. The challenged amounts—$12,132.32 in transcript costs for depositions taken

---

[6] A failure to produce original invoices for an otherwise-recoverable cost does not render the cost untaxable. In *Arlington Industries*, the court found that sufficient records were produced to demonstrate the recoverable costs for a trial technician, even when the original invoices were not provided. *Arlington Indus.*, 2016 U.S. Dist. LEXIS 83493 at *46. In *U.S. Futures Exchange*, costs for 19 transcripts were allowed without an invoice because the costs of the depositions were known to the party. *U.S. Futures Exch., LLC v. Bd. of Trade of City of Chi.*, No. 04 C 6756, 2022 U.S. Dist. LEXIS 2717, at *9–10 (N.D. Ill. Jan. 6, 2022).

[7] *See Deere & Co.*, 650 Fed. Appx. at 782–83; *Colosi v. Jones Lang LaSalle Ams., Inc.*, 781 F.3d 293, 297–98 (6th Cir. 2015); *see also U.S. Futures Exch.*, 2022 U.S. Dist. LEXIS 2717, at *3–8; *Motorola Solutions,* 2021 U.S. Dist. LEXIS 149264, at *35–46.

in the Kansas state court case, $9,931.82 in costs for depositions in the related IPP litigation, and $8,326.35 in costs for non-contested depositions that DAPs allege were not directly related to production of the physical transcript—are equally taxable.

Deposition transcripts need not be used at trial or even cited in a brief for their costs to be recoverable. *See, e.g., Advanced Fluid Sys. v. Huber*, No. 1:13-CV-3087, 2021 U.S. Dist. LEXIS 21034, at *17–18 (M.D. Pa. Feb. 4, 2021). The taxability of such costs is based on whether, at the time the deposition was taken, the transcripts appeared reasonably necessary to Rose Acre's defense of the case. *See id.* at *17.  That is definitely the case here. At the time of these depositions, Rose Acre was actively involved in the pending DAP litigation and anticipated that the depositions would aid them in defending the DAP case. The Kansas case involved all of the same claims and the deponents were alleged coconspirators in both sets of litigation and likely to be witnesses in the DAP. (Carter Aff. at ¶¶ 35–36.) The IPP depositions were the only depositions of consumers in this litigation, and appeared at the time to be central to Rose Acre's customer demand defense. Importantly, Rose Acre does not request taxation of all depositions arising from the Kansas and IPP litigation, but merely those that it reasonably anticipated would be used at the DAP trial. (*Id.*)

DAPs argue they should not bear the costs of these deposition transcripts because they did not attend those depositions and the transcripts were not read or played at trial. But, as shown above and previously, counsel's presence or involvement is not the applicable standard. *Thabault*, 2009 U.S. Dist. LEXIS 576, at *28. Moreover, the Court permitted use of a Kansas deposition in the MDL proceedings, demonstrating the relevance of such depositions even if the deposition was not taken in the DAP case. (ECF 1332 & 2024.)

As for the depositions that DAPs do not contest, DAPs challenge the taxation of costs for exhibit digitization, Realtime fees, and CD package costs, amounting to $8,326.35. DAPs rely

entirely on *Duchesneau* for their challenge. *Duchesneau v. Cornell Univ.*, No. 08-4856, 2015 U.S. Dist. LEXIS 18087 (E.D. Pa. Jan. 21, 2015). Even *Duchesneau,* however, acknowledges that if rough drafts, condensed transcripts, ASCII discs, Realtime technology and indices were necessary, such costs are taxable. *Id*. at 16 (citations omitted).[8] Rose Acre has explained the necessity of these services in this case. (Carter Aff. at ¶¶ 21–33.) DAPs have not presented any evidence contesting that necessity, but rest entirely on the false premise that prevailing parties may *never* recover such costs.  That is not true and DAPs' challenge is meritless.[9]

## VI. Trial and Hearing Transcript Costs

Of the $53,564.75 in costs Rose Acre seeks for trial and hearing transcripts, DAPs challenge $32,818.20 relating to certain costs associated with trial transcripts—ASCII, Realtime, and AM and PM delivery costs.  DAPs cite no support for their challenge because there is none. Courts in the Third Circuit have held that such services are "indispensable" in complex litigation cases, such as this one. *Otsuka Pharm. Co. Ltd. v. Sandoz, Inc.*, No. 07-1000, 2015 U.S. Dist. LEXIS 137886, at *22–23 (D.N.J. Oct. 9, 2015) (awarding ASCII and Realtime transcript costs as "essential to the smooth functioning of the trial").

Rose Acre has already explained the need for these services. *See* Carter Aff. at ¶¶ 41–47. While DAPs allege that three Realtime transcripts were superfluous, Rose Acre determined them necessary to (1) provide a copy to Rose Acre's in-trial representative; (2) track and mark the

---

[8]  Moreover, cases since *Duchesneau* was decided have held that digitization/OCR and Realtime transcripts for depositions are recoverable costs. *U.S. Futures Exch., LLC*, 2022 U.S. Dist. LEXIS 2717, at *6 (OCR taxable); *Motorola Sols., Inc.*, 2021 U.S. Dist. LEXIS 149264 at *15 (Realtime costs recoverable); *Press Ganey Assocs. v. Dye*, No. 3:12-cv-437-CAN, 2014 U.S. Dist. 64134, at *13 (N.D. Ind. May 8, 2014) (taxing Realtime costs); *Trading Techs. Int'l, Inc. v. eSpeed, Inc.*, 750 F. Supp. 2d 962, 975 (N.D. Ill. 2010) (expedited, daily, hourly, and real time transcripts are recoverable).
[9]  As promised during the September 27 conference, Rose Acre will send to chambers and to DAPs a native file of Exhibit A to Allen Carter's affidavit in support of the Bill of Costs.

8

limiting instructions the Court gave for each new piece of evidence – such as evidence admitted against one party but not another; and (3) allow the examining attorney to track the testimony.

**VII.   Alleged Double Recovery**

As explained during the September 27 conference, Rose Acre's costs discussion with DPPs proceeded informally and quickly, unlike with DAPs. To facilitate negotiations, Rose Acre assembled a very preliminary estimate of its costs from ready-at-hand invoices, ***which did not include*** expenses for witnesses, e-discovery costs, many of the costs for converting documents into TIFF, and included only the costs for depositions designated at the DPP trial.[10] Rose Acre's estimate was approximately $300,000, broken down roughly as follows:  (1) Trial transcripts ($50,000), (2) editing video depositions ($75,000), (3) demonstrative exhibits ($106,000), (4) trial copying costs ($24,000), (5) converting e-documents to TIFF ($14,000), (6) scanning hard copy documents ($13,000), and (7) deposition transcripts ($18,000).  Ultimately, the parties settled at $125,000.

DAPs' argument that $125,000 must be deducted from the amount the Court ultimately taxes here because the costs Rose Acre seeks here overlap with the costs Rose Acre was paid for in the DPP action is factually incorrect, illogical, and a blatant attempt to usurp DPPs' payment of costs as its own.  DPP-only expenses (categories 1–4) consisted of $255,000, which far exceeds the DPP payment.[11]  It therefore makes no sense to apply DPPs' payment towards any DAP obligation.

DAPs' claim that costs for demonstrative exhibits are not taxable is both legally wrong (as demonstrated above) and beside the point. It is wholly inappropriate to litigate Rose Acre's

---

[10]   These additional costs would total over $100,000, apart from costs related to traditional ESI activities.
[11]   This figure differs slightly from the figure in Rose Acre's brief in support of its Bill of Costs because Carter Aff. Exhibit F did not include the costs identified in category 4 ($24,000).

costs against **DPP**s in the **DAP** case. By DAPs' logic, they could challenge anything Rose Acre sought in the DPP case, which makes no sense and would hardly promote a judicial policy towards encouraging settlement. Thus, there is no reason to deduct any portion of the DPP payment from the costs Rose Acre seeks here.  Moreover, only categories 5 and 6 above overlap with the DAP case, totaling $27,000.  In addition, of the 45 depositions that Rose Acre included in its preliminary Bill of Costs to the DPPs, only 13 deposition transcripts overlapped with the transcripts Rose Acre seeks to recover now, totaling $6,058.30.

     *        *        *

Rose Acre respectfully requests that the Court tax the full amount of its Bill of Costs, $566,484.68.

DATED:  February 17, 2022        Respectfully Submitted,

/s/ Jay L. Levine
Jay L. Levine
Allen C. Carter
PORTER, WRIGHT, MORRIS & ARTHUR, LLP
2020 K Street, NW, Suite 600
Washington, DC 20006
Telephone: (202) 778-3021
Facsimile: (202) 778-3063
jlevine@porterwright.com

41 S. High Street, Suite 3100
Columbus, OH 43215-6194
Telephone: (614) 227-2000
Facsimile:  (614) 227-2100
acarter@porterwright.com

**Counsel for Defendant Rose Acre Farms, Inc.**

10

## **CERTIFICATE OF SERVICE**

I certify that on February 17, 2022, I caused a true and correct copy of the foregoing document to be filed and served via ECF on counsel for the parties.

By: */s/ Allen T. Carter*
　　Allen T. Carter