IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSLVANIA

| | |
|---|---|
| IN RE: PROCESSED EGG PRODUCTS ANTITRUST LITIGATION<br><br>THIS DOCUMENT APPLIES TO:<br><br>ALL DIRECT ACTION PLAINTIFF CASES | Docket No: 2:08-md-02002-GEKP<br>MDL No. 2002 |

**DIRECT ACTION PLAINTIFFS' POST-CONFERENCE MEMORANDUM IN FURTHER SUPPORT OF DAPS' OBJECTION TO ROSE ACRE'S *REVISED* BILL OF COSTS**

At the January 27, 2022 conference regarding Rose Acre's Revised Bill of Costs (ECF 2158), Rose Acre admitted to the Court that it is not entitled under Third Circuit law to recover a number of the expenses reflected in its bill of costs. As a result, DAPs expected Rose Acre to reduce its bill of costs in its post-conference memorandum. Instead, Rose Acre has backtracked entirely on its concessions, and it continues to seek the full amount of its revised bill of costs: ***$566,484.68***.

This is Rose Acre's *third* attempt to submit a bill of costs that complies with the law, and it has failed to do so, again. Denying costs that are not taxable under § 1920 or that were not necessarily incurred in the litigation of this case is not a "penalty" – it is the law. By asking this Court to award the full $566,484.68 sought on its revised bill of costs, Rose Acre is asking the Court to ignore § 1920 and the law of this Circuit.

A.  **WITNESS COSTS - $22,204.08**

Rose Acre seeks to recover $22,204.08 in costs for the travel, accommodations, and meals for six witnesses under § 1920: Marcus Rust; Greg Hinton; David Hurd; Greg Marshall; Jonathan Walker; and Jesse David. (ECF 2158 at 2.) Now that Rose Acre has submitted a breakdown of these charges, it is clear that Rose Acre seeks to recover costs that far exceed what it is legally entitled to recover – including costs in excess of the *per diem* rates set by the GSA and for meals

and other costs incurred by individuals who were not witnesses in the case (*e.g.,* a spouse).

Recoverable costs for travel, lodging, and meals for witnesses who attend federal court are governed by 28 U.S.C. § 1821:

> (c)(1)   A witness who travels by common carrier shall be paid for the actual expenses of travel on the basis of the means of transportation reasonably utilized . . . Such a witness shall utilize a common carrier at **the most economical rate reasonably available.  A receipt or other evidence of actual cost shall be furnished.**
>
> (2)   A subsistence allowance for a witness shall be paid in **an amount not to exceed the maximum per diem allowance** prescribed by the Administrator of General Services . . .

28 U.S.C. § 1821 (emphasis added); *Jama Corp. v. Gupta,* Nos. 3:99-CV-01624, 3:99-CV-1574, 2008 WL 108671, at \*\*9-10 (M.D. Pa. Jan. 4, 2008) (limiting the witness costs recoverable under § 1920 to the *per diem* costs allowed by the GSA, pursuant to § 1821); *see also Selective Way Ins. Co. v. ServPro of King of Prussia,* No. 99-956, 2006 WL 8461147, at \*3 (E.D. Pa. June 5, 2006).  The GSA *per diem* rates for lodging and meals in Philadelphia during late 2019 were:

| | |
|---|---|
| Lodging | $196 plus taxes ($226.38 using tax rate of 15.5%) (Oct./Nov. 2019) |
| | $149 plus taxes ($172.10 using tax rate of 15.5%) (Dec. 2019) |
| Meals | $14 (breakfast), $16 (lunch), $26 (dinner) |

**Ex. A** (GSA *per diem* rates for lodging and meals), **Ex. B** (tax rate).

<u>First</u>, Rose Acre's request does not comply with these *per diem* rates or § 1821's documentation requirements.  DAPs have identified, and object to, a host of instances where Rose Acre seeks to recover lodging rates and meal charges in excess of the GSA maximum allowed amounts.  *See* **Ex. C**.

<u>Second</u>, Rose Acre wants DAPs to pay for meals and other expenses for people who were not witnesses in this case and were not listed as witnesses in Rose Acre's bill of costs.  (*E.g.,* ECF 2158-7 at 211, 213 (meals including "M. Whittington").)  Notably, Rosa Acre has submitted (i) a $116.74 meal charge for witness Greg Hinton which includes two meals and (ii) receipts for two $30.00 excess baggage costs, both clearly identifying the passenger as "HINTON/CYNTHIA." (ECF

2

2158-7 at 95, 96.) *Cynthia* Hinton was not a witness in this case, and DAPs should not have to pay any of her expenses. DAPs object to these costs. *See* **Ex. C**.

*Third*, Rose Acre seeks to recover witness costs that: (a) exceed the number of days that witness was in attendance; (b) are unsupported by receipts reflecting the *actual* charges; and (c) combine different types of expenses). These costs are not recoverable under § 1920.

(a) Although Mr. Hurd is listed in Rose Acre's bill of costs as being in attendance for *4 days*, Rose Acre seeks to recover costs for **28 days of airport parking** and **32 cab rides over 26 days**. (*See* **Exs. C** & **D**; ECFs 2158-7 at 172, 2166-1 at 2-3).

(b) Absent evidence of the *actual* costs for an economy airline ticket, DAPs cannot determine if the requested travel costs ($3,724.16 for "Travel to Philadelphia" & $1,564.29 for Airfare) comply with § 1821.[1] (ECF 2158-8 at 15, 27); *see Farley v. Cessna Aircraft Co.,* No. 93-6948, 1997 WL 537406, at *4 (E.D. Pa. Aug. 1, 1997) (denying airfare costs absent receipts showing that fare was the most economical rate reasonably available).

(c) Without receipts, by combining Dr. Walker's costs – *e.g.,* $98.96 for "meals & taxi" – Rose Acre has made it impossible to determine if the meal costs exceed the GSA *per diem* amount. (ECF 2158-8 at 3.)

Once these improper and unsupported charges are eliminated, Rose Acre's taxable witness costs are reduced from $22,204.08 to $12,529.79. *See* **Ex. C**.

B. **"HARDCOPY" COSTS - $14,558.45**

Rose Acre's submission confirms the admission it made during the January 27th conference – that it "misidentified" $13,803.06 of costs for copying documents as $14,558.45. (ECF 2166 at 5-6). Yet, Rose Acre still fails to provide any documentation for the lower amount, and it continues to seek the **full** "misidentified" amount of $14,558.45 with no deduction for its admitted error. *Id.*

---

[1] DAPs raised this issue in its December 9, 2021 objection. (ECF 2160 at 16.)

3

at 10 ("request[ing] that the Court tax the full amount of its Bill of Costs, $566,484.68").

Rose Acre has admitted that one amount is wrong and the other is unsupported, so the Court should reject both amounts and award $0.00 for "hard copy costs."

C.   **"ESI PROCESSING" COSTS - $28,260.75**

The only electronic processing costs that are recoverable in this Circuit are those that are the equivalent of copying paper documents, *i.e.,* "scanning of documents" and "conversion of native files to TIFF." *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.,* 674 F.3d 158, 167 (3d Cir.), *cert. denied*, 133 S.Ct. 233 (2012) (explaining that ESI processing covers a number of electronic services, of which only those that are the equivalent of making copies are recoverable). Confronted with this law and the vague "ESI Processing" description on its vendor's invoices, Rose Acre now asserts that the term "ESI Processing" on the invoices it submitted does not actually mean "traditional 'ESI processing'" but means the type of conversion and copy costs permitted under *Race Tires*. (ECF 2166 at 6.)

Rose Acre's argument in 2022 regarding what a litigation support vendor (elumicor) meant when it used the term "ESI Processing" on its invoices from 2012 and 2013 is, at best, suspect; it is also contrary to details included on the invoices themselves. For example, in the invoice supporting $9,212.50 in "ESI Processing," the charge appears on the invoice as follows:

| Date | Item | Description | Qty | Units | Rate | Amount |
|---|---|---|---|---|---|---|
| 8/31/2012 | ESI Processing | Processing Electronically Stored Information - August **Transfer of information from Culling Database.** Credit of $75 per GB, savings of $2,763.75 | 36.85 | Per GB | 250.00 | 9,212.50 |

(ECF 2158-6 at 9.) "Transfer of information from Culling Database" is exactly the kind of ESI processing costs that are not recoverable under *Race Tires*. *See Race Tires,* 674 F.3d 158 at 167. The Court should reject Rose Acre's recharacterization of these 2012 and 2013 invoices.

D.   **"ESI DISCOVERY" COSTS - $166,329.96**

Rose Acre conceded at the January 27th hearing that the $166,329.96 it seeks for a host

of ESI-related expenses are **not recoverable** under *Race Tires*. Nonetheless, Rose Acre continues to seek these costs and cites to cases from other circuits as support. (ECF 2166 at 6, 10.) The Court should reject the $166,329.96 in ESI-related costs and Rose Acre's invitation to ignore binding Third Circuit law. (*See* ECF 2160 at 6 (addressing *Race Tires*).)

E. **CONSULTANT CHARGES - $137,693.15**

Rose Acre seeks $137,693.15 in "exemplification" costs under § 1920(4) for the time that consultants spent (i) preparing demonstratives and other materials ($85,873.75) and (ii) presentation consulting (in- and out-of-court) and preparing deposition videos ($51,819.49). (ECF 2166 at 1; ECF 2160 at 7 (breakdown).)

*First*, the $85,873.75 in hourly consultant charges (up to $442/hour) for preparing demonstratives, graphics, and other presentation materials is the type of cost that courts in this Circuit routinely deem ***not*** recoverable:

> Material that is "essentially explanatory and argumentative" does not qualify as taxable exemplification.... Visual aids used in counsel's arguments and in the testimony of expert witnesses are not taxable.... **Nor are the costs for preparation of exhibits and demonstrative aids.**

*Alzheimer's Institute of Am., Inc. v. Avid Radiopharm.,* Civ. No. 10-6908, 2016 WL 1161349, at *1 (E.D. Pa. Mar. 23, 2016) (emphasis added); *see also* ECF 2160 at 8-10 (citing other cases). Once again, Rose Acre ignores *Alzheimer's* and argues that, even after *Race Tires*, courts within the Third Circuit have held that such costs are taxable. (ECF 2166 at 1-2.) Rose Acre mistakenly cites to three cases in this Circuit as support.[2]

In *Arlington Indus. v. Bridgeport Fittings, Inc.,* No. 3:02-CV-0134, 2016 U.S. Dist. LEXIS 83493 (M.D. Pa. June 28, 2016) (*see* ECF 2166 at 1-2), Arlington moved for attorneys' fees and costs, including consultant costs, incurred in connection with a ***contempt*** hearing that resulted

---

[2] Rose Acre continues to cite to cases from other Circuits that apply § 1920 less restrictively than the Third Circuit. (ECF 2166 at 2, 3.) Rose Acre also continues to rely on *Thabault v. Chait,* No. 85-2441, 2009 WL 69332 (D.N.J. Jan. 7, 2009), which pre-dates *Taniguchi* and *Race Tires*.

5

from Bridgeport's alleged breach of the parties' settlement agreement. *See id.* at *2-3. However, Arlington's motion and the subsequent cost award were premised on the court's discretionary authority to award reasonable expenses, costs, and fees to a prevailing petitioner, not § 1920. *See id.* at *42-43 (citing *Lichtenstein v. Lichtenstein,* 425 F.2d 1111, 1113-14 (3d Cir. 1970)). In fact, the *Arlington* court did not consider § 1920, and its discretionary award of costs is inapposite to *Alzheimer's* prohibition on the recovery of consultant costs under § 1920.

In *Savidge v. Donahoe,* No. 3:08-CV-02123, 2015 U.S. Dist. LEXIS 71875 (M.D. Pa. June 3, 2015) (*see* ECF 2166 at 2), the district court sustained defendant's objection to the Clerk of Court's previous denial of $213.60 in costs for "copies of trial exhibits." *Id.* at *2, 4. The $213.60 in "reimbursement for **photocopying** expenses" was the only issue before the district court. *Id.* at *3-4 (emphasis added). There is no discussion of a consultant's preparation of demonstratives. Thus, *Savidge* offers no support for Rose Acre's claim that it is entitled to $85,873.75 in consulting costs for preparing demonstratives and visual aids.

Finally, in *Intellectual Ventures I LLC v. Symantec Corp.,* No. 10-1067-LPS, 2019 U.S. Dist. LEXIS 49043 (D. Del. Mar. 25, 2019) (*see* ECF 2166 at 2), Symantec submitted a bill of costs that included $77,111.20 for its share of the costs in connection with a technology tutorial that **the court required** for the claim construction hearing. *See id.* at *2-3, 10-11. The Court here did not *require* Rose Acre to prepare demonstratives, much less $85,873.75 worth of them.

<u>Second</u>, courts in this Circuit have routinely denied the taxation of costs for trial technicians and courtroom support as not authorized under § 1920. *See, e.g., Immunex Corp. v. Sandoz, Inc.*, No. 16-1118, 2021 WL 3144846, at *16 (D.N.J. July 23, 2021) (denying over $142,000 in costs for trial technicians); *Mylan Inc. v. SmithKline Beecham Corp.,* No. 10-4809, 2015 WL 1931139, at *16 (D.N.J. April 16, 2015) (denying costs for courtroom support); *Honeywell Int'l Inc. v. Nokia Corp.,* No. 04-1337, 2014 WL 2568041, at *11 (D. Del. May 30, 2014), *vac. on other grounds,* 615 Fed. Appx. 688 (Fed. Cir. 2015) (denying courtroom support costs). Nevertheless,

Rose Acre cites to two post-*Race Tires* cases where Rose Acre asserts that such costs were taxed under § 1920 – *Arlington Indus.,* 2016 U.S. Dist. LEXIS 83493 at *46, and *Intellectual Ventures I,* 2019 U.S. Dist. LEXIS 49043 at *10 (ECF at 4).  Once again, *Arlington* did not concern a bill of costs pursuant to § 1920 and therefore is not instructive.  Similarly, *Intellectual Ventures* offers no utility as it makes **no mention** of awarding costs for courtroom technical support.  Accordingly, Rose Acre has offered no support that courtroom technical costs are recoverable in this Circuit.

<u>Third</u>, Rose Acre's post-conference submission does not address the $5,890.00 in costs it seeks for editing and synchronizing deposition videos.  DAPs provided the Court with several decisions in this Circuit in which such costs have been denied.  (ECF 2160 at 10.)  In the absence of any argument or case law from Rose Acre to the contrary, the Court should deny those costs.

Accordingly, the $137,693.15 Rose Acre requests in consultant costs should be rejected.

### F. PRINTING COSTS - $40,413.32

At most, Rose Acre is entitled to $19,753.32 in printing costs under § 1920(3), and not the $40,413.32 that Rose Acre seeks.  (*Compare* ECF 2160 at 11-14 *with* ECF 2166 at 4-5.)

<u>First</u>, DAPs have already cited in-Circuit case law from as recent as 2018 (contrary to Rose Acre's assertion) to support a photocopy cost of, at most, $0.15 per page.  (ECF 2160 at 12.)  Rose Acre cites no cases in support of its requested rate of $0.18 per page.  Instead, Rose Acre argues that it should get $0.18 per page for copies made in 2019 based on "inflation." (ECF 2166 at 4.)  Rose Acre has offered no evidence, however, as to its actual per page copy costs, whether higher or lower than $0.15.  Thus, the Court should deny Rose Acre's requested costs for black and white copies in excess of $0.15 per page.  (ECF 2160 at 12; ECF 2160-2.)

<u>Second</u>, Rose Acre still has not provided sufficient detail for the Court to determine whether the copies for which it seeks costs were necessary.  Instead, Rose Acre relies on the fact that it has not sought costs for copies it made a decade ago for other cases in the MDL.  This does not relieve Rose Acre of the burden to support the copy costs it *is* seeking now.  (ECF 2166

7

at 5.) It is noteworthy here that Rose Acre has not offered any evidentiary support (or even asserted) that the copy costs it seeks exclude non-recoverable costs (ECF 2166 at 5) despite the fact that the law in this Circuit prohibits the taxation of costs for copies made for counsel's or Rose Acre's own use (ECF 2160 at 13). Accordingly, DAPs' proposed one-third reduction in the volume of copies taxed is reasonable and consistent with the law in this Circuit. (ECF 2160 at 13 (citing cases); ECF 2160-2.)

*Third*, equipment rental charges are not taxable under § 1920. (ECF 2160 at 14) (collecting cases). Rose Acre, however, ignores this Circuit's law and continues to insist that the $3,500 rental charge for a photocopier during trial is recoverable. In support, Rose Acre cites to contrary law from other jurisdictions. (ECF 2166 at 4-5.) The Court should follow the law in this Circuit and reject Rose Acre's request.

*Fourth*, Rose Acre's submission is silent on the $5,543.14 it seeks for binders and tabs. DAPs cited case law in this Circuit clearly holding that such costs are not recoverable under § 1920. (ECF 2160 at 14.) During the January 27th conference, Rose Acre told the Court that it was no longer seeking to recover those costs. Nonetheless, Rose Acre has not reduced its requested costs by that amount. Rose Acre should be held to its word – and the law – and the Court should deny its request for $5,543.14 for binders and tabs.

### G.     DEPOSITION COSTS - $103,460.22

Rose Acre requests $103,460.22 in deposition-related costs. DAPs object to: (1) costs associated with depositions taken in *other* cases in which DAPs were not parties; (2) recovery of non-taxable deposition-related costs; and (3) Rose Acre obtaining a double recovery.

*First*, DAPs object to paying $22,064.14 in costs associated with **43 depositions** from the *AWG* Case and the Indirect Consumer Class case. (ECF 2160 at 16-18.) DAPs were not parties to the *AWG* Case and were precluded from participating in these depositions. Moreover, Rose Acre did present any *AWG* deposition transcripts or call any of the 19 *AWG* witnesses at trial in

8

this case. Likewise, DAPs should not have to pay for the depositions of 24 class representatives from the Indirect Consumer Class case. None of those witnesses were deposed in DAPs' action, counsel for DAPs did not attend those depositions, none of those witnesses were on any witness list or called as witnesses in DAPs' trial, and none of those depositions were presented at DAPs' trial. The Court should deny the $22,064.14 in costs from these 43 depositions in other cases.

*Second*, Rose Acre seeks $8,326.35 in non-taxable costs, including for linked exhibits, scanned/OCR exhibits, Realtime, and CDs.[3] (ECF 2160 at 18-19.) Rose Acre has not shown why those charges were necessary, and they should be denied. *See Duchesneau v. Cornell Univ.*, No. 08-4856, 2015 WL 619609, at *6 (E.D. Pa. Feb. 11, 2015) (Realtime, ASCII discs, digitization services are not recoverable absent showing of necessity).

*Third*, Rose Acre seeks to recover from DAPs many of the same costs that it already recovered in a separate case brought by the DPPs. Rose Acre does not deny that a host of pretrial activities in DPPs' case overlapped significantly with those in this case, and Rose Acre further admits that it settled its costs with DPPs for $125,000. (ECF 2158-11 at 17.) Despite DAPs' request that Rose Acre submit the costs that it presented to DPPs when it reached that $125,000 settlement (ECF 2152 at 5-7, 15), Rose Acre has refused to do so. This is unsurprising as the costs that Rose Acre presented as incurred "solely" for the DPPs' case were largely not recoverable under § 1920 and cannot justify more than $29,907.59 of the $125,000 costs settlement in the DPPs' case. (ECF 2160 at 21-22; ECFs 2160-7, -8.) The remainder of the $125,000 payment from DPPs ($95,092.41) is attributable to deposition and other taxable costs that overlapped with DAPs' case – and that Rose Acre now seeks to recover, again.

Accordingly, at a minimum, Rose Acre's request for $103,460.22 in deposition-related costs

---

[3] If the Court does not deduct the costs for the 43 *AWG* and Indirect Consumer Class depositions, it should deduct an additional $1,464.00 for specific non-taxable charges related to those depositions. (*See* ECF 2160-3 (amounts for Exhibits Scanned OCR, Real Time Services).)

9

should be reduced by $22,064.14 for costs associated with 43 depositions from the *AWG* and Indirect Consumer Class cases, and $8,326.35 for non-taxable services. This results in a taxable amount of $73,069.73, before accounting for Rose Acre's double recovery, which should eliminate, or at least substantially reduce, Rose Acre's recovery of deposition costs.

H.    **TRIAL AND HEARING TRANSCRIPTS - $53,564.75**

Rose Acre continues to overreach in its bill of costs for trial transcripts ($51,673.74). DAPs previously explained that they do not object to the cost of hourly trial transcripts but do object to the added costs of ASCII, ***three*** Realtime feeds, and AM and PM delivery, as not "necessary" and for the convenience of counsel. (ECF 2160 at 19-20.) Rose Acre's explanation for these costs shows that they were for Rose Acre's and its counsel's convenience and therefore are not taxable.

With respect to the four hearing transcripts, Rose Acre previously advised DAPs in writing that it no longer sought $629.18 for the *Daubert* hearing transcript. (ECF 2160-5 (email).) DAPs are surprised to see that Rose Acre has not deducted this amount from its requested costs.

Accordingly, DAPs do not object to taxation of $18,855.54 in trial transcripts and $1,261.83 in hearing transcripts (collectively, $20,117.37), but DAPs do object to the remaining $33,447.38 in trial transcripts that Rose Acre seeks. (ECF 2160 at 19-20.)

## CONCLUSION

DAPs respectfully submit that only the costs below are properly taxable under § 1920:

| Category | Revised BOC | Taxable |
|---|---|---|
| Transcripts (deposition, trial and hearing) | $ 157,024.97 | $ 93,187.10 |
| Printing | $ 40,413.32 | $ 19,753.32 |
| Witnesses | $ 22,204.08 | $ 12,529.79 |
| Exemplification and copy costs | $ 346,842.31 | $ 0.00 |
| **Sub-Total** | **$ 566,484.68** | **$ 125,470.21** |
| Less DPP double recovery |  | -  $ 95,092.41 |
| **TAXABLE TOTAL** |  | **$ 30,377.80** |

10

Dated: March 3, 2022

Richard Alan Arnold, Esquire
William J. Blechman, Esquire
Douglas H. Patton, Esquire
KENNY NACHWALTER, P.A.
1441 Brickell Avenue
Suite 1100
Miami, Florida  33131
Tel:  (305) 373-1000
Fax:  (305) 372-1861
E-mail:  rarnold@knpa.com
         wblechman@knpa.com
         dpatton@knpa.com

By: s/ *Douglas H. Patton*

**Counsel for Plaintiffs The Kroger Co., Safeway Inc., Roundy's Supermarkets, Inc., Walgreen Co., Hy-Vee, Inc., Albertsons LLC, The Great Atlantic & Pacific Tea Company, Inc. and H.E. Butt Grocery Company**

Respectfully,

Paul E. Slater, Esquire
Joseph M. Vanek, Esquire
David P. Germaine, Esquire
SPERLING & SLATER, P.C.
55 West Monroe Street
Suite 3200
Chicago, Illinois  60603
Tel:  (312) 641-3200
Fax:  (312) 641-6492
E-mail:  pes@sperling-law.com
         jvanek@sperling-law.com
         dgermaine@sperling-law.com

By: s/ *David P. Germaine*

**Counsel for Plaintiffs Supervalu Inc. and Publix Supermarkets, Inc.**

Bernard D. Marcus, Esquire
Moira Cain-Mannix, Esquire
Brian C. Hill, Esquire
MARCUS & SHAPIRA LLP
301 Grant Street
One Oxford Center, 35th Floor
Pittsburgh, PA  15219
Tel:  (412) 471-3490
Fax:  (412) 391-2315
E-mail:  marcus@marcus-shapira.com
         cain-mannix@marcus-shapira.com
         hill@marcus-shapira.com

By: s/ *Brian C. Hill*

**Counsel for Plaintiff Giant Eagle, Inc.**

Patrick J. Ahern, Esquire
AHERN AND ASSOCIATES, P.C.
8 South Michigan Avenue
Suite 3600
Chicago, Illinois  60603
Tel:  (312) 404-3760
E-mail: patrick.ahern@ahernandassociatespc.com


By: s/ *Patrick J. Ahern*

**Counsel for Plaintiff Winn-Dixie Stores, Inc.**

11