IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: PROCESSED EGG PRODUCTS ANTITRUST LITIGATION | : MULTIDISTRICT : LITIGATION : : : |
| *THIS DOCUMENT APPLIES TO:* ALL DIRECT ACTION PLAINTIFFS | : No. 08-md-2002 : |

### MEMORANDUM

PRATTER, J.                                                           JULY ___, 2022

No matter what a party thinks a statute *should* say or what policy *would* be best, a court's role is much more circumscribed: it must follow what the statute *actually* says

The parties here dispute whether one defendant's costs for creating demonstratives during the course of this lengthy litigation are properly taxable as costs for "exemplification" under 28 U.S.C. § 1920(4). The Court finds that they are not.

#### BACKGROUND

This case stretches back more than a decade. Various groups of plaintiffs sued defendant egg producers and marketers for alleged antitrust violations, all of which were consolidated in a multidistrict litigation case over which this Court presided. As relevant here, after a 26-day trial involving one group of plaintiffs, the Direct Action Plaintiffs (occasionally referred to as "DAPs"), a jury found in favor of the defendants, and the Court accordingly entered judgment.[1] After that trial, one of the defendants, Rose Acre Farms, Inc., submitted its bills of costs for certain expenses that it sought to tax to the DAPs. The Court held an on-the-record oral argument related to Rose

---

[1] The Direct Action Plaintiffs appealed this Court's judgment, which the Court of Appeals for the Third Circuit affirmed. *In re Processed Egg Products Antitrust Litigation*, 850 F. App'x 142 (3d Cir. 2021). That is not at issue at this stage.

1

Acre's bill of costs on January 27, 2022, and thereafter issued an order resolving certain of the disputed costs. The parties, however, were unable to reach a settlement as to the remaining costs, necessitating the Court's resolution of another category of costs, namely, those for "exemplification."

Rose Acre asserts that $137,693.15 spent preparing demonstrative exhibits is properly taxable to the DAPs for "exemplification," including the cost of labor for certain consultants and technicians.

In response, the DAPs argue that *none* of Rose Acre's claimed $137,693.15 is properly taxable based on the appellate ruling in *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 674 F.3d 158 (2012).

Having been fully briefed and argued, the issue is ripe for the Court's resolution.

## DISCUSSION

The prevailing party may recover certain "costs—other than attorney's fees" "[u]nless a federal statute, these rules, or a court order provides otherwise." Fed. R. Civ. P. 54(d)(1). Taxable "costs" are established in 28 U.S.C. § 1920 as:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

2

A court may not shift costs beyond those in this statute and in 28 U.S.C. § 1821 (for witness travel fees and expenses) without express statutory authorization. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 444–45 (1987).

The Court of Appeals for the Third Circuit has explained that "there is a 'strong presumption' that costs are to be awarded to the prevailing party." *Reger v. The Nemours Found., Inc.*, 599 F.3d 285, 288 (3d Cir. 2010) (quoting *In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 462 (3d Cir. 2000)). That is because "denial of such costs is akin to a penalty." *Id.* Still, in passing § 1920, "Congress undertook to standardize the costs allowable in federal litigation." *Race Tires Am., Inc.*, 674 F.3d at 164 (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 255 (1975)). Thus, § 1920 "defines the full extent of a federal court's power to shift litigation costs absent express statutory authority." *Id.* (quoting *W. Va. Univ. Hosps., Inc. v. Casey*, 499 U.S. 83, 86 (1991)). As such, "whether a particular expense falls within the purview of section 1920, and thus may be taxed in the first place, is an issue of statutory construction." *Id.* at 164 (quoting *In re Ricoh Co. Patent Litig.*, 661 F.3d 1361, 1364 (Fed. Cir. 2011)). In other words, courts may not "invoke equitable concerns . . . to justify an award of costs for services that Congress has not made taxable." *Id.* at 170. Stated simply, a court must first decide, based on statutory interpretation, *if* a cost is taxable before then determining, in its discretion, whether that cost *should* be taxed.

Here, then, before awarding costs to Rose Acre Farms as the prevailing party, the Court must satisfy itself that the costs Rose Acre seeks are permitted under § 1920. As more fully explained below, the Court finds that the costs at issue here that Rose Acre seeks to tax to the DAPs are not "exemplification" costs within the meaning of 28 U.S.C. § 1920(4).

The word "exemplification" is not a word used in everyday lingo, even everyday legal lingo. Black's Law Dictionary defines "exemplification" as "[a]n official transcript of a public

3

record, authenticated as a true copy for use as evidence." *Exemplification*, *Black's Law Dictionary* (11th ed. 2019). Similarly, the Oxford English Dictionary defines it as "[a] certified copy or transcript of a legal document." *Exemplification* (def. I.1(a)), *Oxford English Dictionary* (3d ed. 2016). But the Oxford English Dictionary also provides an alternate definition: "an illustrative example," or the "act of citing an example as evidence or for the purpose of illustration." *Id.* (def. II.3(a)). Thus, the dispute here is whether the narrow legal definition or the broader general definition applies.

The United States Supreme Court has not yet decided this issue and various federal courts of appeals have found both dictionary definitions to be reasonable interpretations of the meaning of "exemplification" in § 1920(4). The Federal Circuit, applying the law of the Sixth Circuit, along with the Eleventh Circuit, have interpreted "exemplification" in its narrow legal sense. *Kohus v. Cosco, Inc.*, 282 F.3d 1355, 1359 (Fed. Cir. 2002); *Arcadian Fertilizer, L.P. v. MPW Indus. Servs., Inc.*, 249 F.3d 1293, 1297 (11th Cir. 2001). On the other hand, the Seventh Circuit has interpreted it to mean the broader general definition. *Cefalu v. Vill. of Elk Grove*, 211 F.3d 416, 427–28 (7th Cir. 2000). Other circuit courts of appeals have yet to weigh in.[2]

The Court of Appeals for the Third Circuit discussed the meaning of "exemplification" and noted the split amongst federal courts of appeals, though it did not define "exemplification" because it was not necessary to the resolution of the particular case then before it. *Race Tires Am., Inc.*, 674 F.3d at 166. Nonetheless, the Court addressed the meaning of "making copies" within the same subsection of § 1920 and narrowly defined that term as the actual photocopying of

---

[2] For example, the Court of Appeals for the Fourth Circuit has recognized this split, but not weighed in. *Country Vintner of N.C., LLC v. E. & J. Gallo Winery, Inc.*, 718 F.3d 249, 261–62 (4th Cir. 2013). The Court of Appeals for the Second Circuit has held that the costs of transcribing a flight recorder tape and similar tapes, including research and analysis for its preparation, constituted "exemplification" costs within the meaning of § 1920(4). *In re Air Crash Disaster at John F. Kennedy Int'l Airport on June 24, 1975*, 687 F.2d 626, 631 (2d Cir. 1982); *but see Endo Pharm., Inc. v. Amneal Pharm., LLC*, 331 F.R.D. 575, 580–81 (S.D.N.Y. 2019) (engaging in textual analysis and suggesting that taxable costs for "exemplification" are much narrower).

4

documents to produce a duplicate, or the digital equivalent thereof (such as copying an electronic document into the preferred file format for ESI). *Id.* at 166–67.

Thus, without controlling precedent from either the United States Supreme Court or the Court of Appeals for the Third Circuit or a clear pattern from other sister circuits, this Court is left to interpret the meaning of "exemplification" based on the text and non-binding precedent.

Statutes contain different types of terms, broadly categorized as common, technical, legal, and trade or commercial terms. 2A Norman Singer & Shambie Singer, *Sutherland Statutes and Statutory Construction* § 47:27 (7th ed. 2021 update). Ordinarily a court reads language in a statute as using a technical, legal, or trade term "only when the language was used in that way at the time of the statute's adoption." *Yellen v. Confederated Tribes of Cehalis Rsrv.*, 141 S. Ct. 2434, 2445 (2021). Here, however, the statutory history and historical meaning of "exemplification" do not resolve the dispute. The current § 1920 is the modern codification of the Fee Act of 1853, ch. 80, 10 Stat. 161–69 (1853). *Race Tires Am., Inc.*, 674 F.3d at 164. And, as the Court of Appeals for the Fourth Circuit elucidated in reliance on period dictionaries, this same split between a broad general meaning and a narrow legal definition existed in 1853 as it does now, almost 190 years later. *Country Vintner of N.C., LLC v. E. & J. Gallo Winery, Inc.*, 718 F.3d 249, 261–62 & nn. 23, 24 (4th Cir. 2013) (quoting dictionaries from 1850 to 1879). Thus, statutory history does not resolve the issue of which definition applies.

Still, a court has other tools in its statutory construction toolbox to interpret and define a statute. There is, for example, the statutory interpretation canon of "*noscitur a sociis*—a word is known by the company it keeps—to 'avoid ascribing to one word a meaning so broad that it is inconsistent with its accompanying words, thus giving unintended breadth to the Acts of Congress.'" *Yates v. United States*, 574 U.S. 528, 543 (2015) (quoting *Gustafson v. Alloyd Co.*,

5

*Inc.*, 513 U.S. 561, 575 (1995)). Here, the word "exemplification" is paired with the "costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4). Informed by the "company it keeps," "exemplification" is best understood in its narrow legal definition, to mean a *particular type* of copy, an official transcript of a public record.

Likewise, the canon of *ejusdem generis* counsels that "where general words follow specific words in a statutory enumeration, the general words are usually construed to embrace only objects similar in nature to those objects enumerated by the preceding specific words." *Yates*, 574 U.S. at 545 (quoting *Wa. State Dep't of Soc. and Health Servs. v. Guardianship Estate of Keffeler*, 537 U.S. 371, 384 (2003)). Reading "exemplification" to mean a specific type of copy ensures that "making copies," the more general term that follows, is "construed to embrace only objects similar in nature" to the objects of "exemplification," namely, the costs associated with making copies. Interpreting "exemplification" broadly to permit recovery for designing demonstratives would be incongruous.

Moreover, the Court's interpretation aligns with the general statutory scheme and the Third Circuit's narrow interpretation of "making copies." First, all costs taxable under § 1920 are administrative costs, such as fees for the clerk and marshal, the cost of transcripts, certain witness fees, docket fees, and compensation for certain other court-appointed tasks. *See* 28 U.S.C. § 1920. Interpreting "exemplification" as broadly as Rose Acre contends to include fees for certain consultants is far afield from these standard costs. Second, "[c]ivil litigation in the federal courts is often an expensive affair, and each party, win or lose, generally bears many of its own litigation expenses." *City of San Antonio v. Hotels.com, L.P.*, 141 S. Ct. 1628, 1631 (2021). Indeed, "[t]axable costs are a fraction of the nontaxable expenses borne by litigants for attorneys, experts, consultants, and investigators." *Taniguchi v. Kan Pac. Sapian, Ltd.*, 566 U.S. 560, 573

6

(2012); *see also Race Tires Am., Inc.*, 674 F.3d at 170 ("costs recoverable . . . are circumscribed." (internal quotation marks omitted)). A narrow definition of "exemplification" is in accord with that overarching scheme. Third, The Court of Appeals for the Third Circuit has already narrowly defined "making copies" in § 1920(4). *Race Tires Am., Inc.*, 674 F.3d at 166–67. Thus, it would be a strange result to find the "exemplification" language permits taxation of a vast variety of costs while the "making copies" language is far more restrictive. Such an interpretation could lead parties to simply to recategorize certain costs, such as experts' fees, attorneys' fees, or, as here, consultants' fees, as among the costs for "exemplification." This would transform "exemplification" into the proverbial elephant hiding in a mouse hole.

Finally, courts are supposed to read a statute as it is written, not how it might have been written or should be written. *United States v. Safehouse*, 985 F.3d 225, 230 (3d Cir. 2021) ("[O]ur focus is on what Congress has done, not what it should do."). Updating or amending § 1920 to permit taxation of demonstratives and to allow for greater use of new technology may make good sense. *See Cefalu*, 211 F.3d at 428. But that is a job for Congress, not this Court. *See Arcadian Fertilizer, L.P.*, 249 F.3d at 1297–98 ("Until Congress sees fit to amend the language of § 1920 to include the innovative technologies currently used in the production of demonstrative exhibits, computer animations and videotape exhibits are not taxable because there is no statutory authority.").

In sum, the Court finds that "exemplification" in 28 U.S.C. § 1920(4) is best understood to mean "[a]n official transcript of a public record, authenticated as a true copy for use as evidence."[3] *Exemplification, Black's Law Dictionary*.

---

[3] The parties cite several cases in support of their respective arguments. Many are from district courts outside of this District, which, given the circuit split mentioned above and the Third Circuit's recent decision narrowly interpreting § 1920, do not provide any reliable aid in solving this particular problem. The few cases the parties cite

7

Having defined "exemplification" in § 1920(4), application of that definition to the facts of this particular dispute is straightforward. Rose Acre seeks to tax costs for certain consultants' fees, production studio fees, syncing of certain audio and visual representations, and the cost of a disc drive. None of these are the costs of "exemplification" within the meaning of § 1920(4), and thus the Court denies them in full.

## CONCLUSION

For the foregoing reasons, the Court denies Rose Acre Farm's claimed costs for "exemplification" in full. An appropriate order follows.

BY THE COURT:

*/s/ Gene E.K. Pratter*

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

---

from within this District do not call into question or alter this Court's textual analysis. Plus, none of the cases Rose Acre cites directly support its position. Therefore, the Court will not address this case law.

8